1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   Candace S. Bertoldi (SBN. 254725)
7  E-mail: cbertoldi@seyfarth.com
   333 South Hope Street, Suite 3900
8  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
9  Facsimile: (213) 270-9601

10  Attorneys for Defendant
    WALGREEN CO.

11

*ORIGINAL FILED JUN 14 2011 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*MEJ*

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  GEORGE WILSON, TANARICA      CASE NO. CV 11 2930
    MARTIN, individually and on behalf of
15  all other similarly situated,       DEFENDANT'S NOTICE OF
                                        REMOVAL
16          Plaintiffs,
                                        [CLASS ACTION FAIRNESS ACT
17       v.                             OF 2005, 28 U.S.C. § 1332(D)(2)
                                        AND 1441]
18  WALGREEN CO. and DOES 1 through
    100, inclusive,                     [San Francisco Superior Court Case
19                                      No. CGC-11-510950]
            Defendants.
20                                      *[Filed concurrently with Certificate of
                                        Interested Parties, Civil Cover Sheet
21                                      and Disclosure Statement Pursuant to
                                        Fed. R. Civ. Proc. 7.1]*
22
                                        Complaint filed: May 13, 2011
23

24      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

25  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

26  OF RECORD:

27      PLEASE TAKE NOTICE that Defendant Walgreen Co. ("Walgreens" or

28  "Defendant") hereby removes the above-referenced action from the Superior Court

                            1
                    NOTICE OF REMOVAL

13445887v.1

1   of the State of California for the County of San Francisco, to the United States

2   District Court for the Northern District of California, asserting original jurisdiction

3   under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")),

4   and removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446, and states that

5   removal is proper for the following reasons.

6   **BACKGROUND**

7         1.     Plaintiffs George Wilson and Tanarica Martin (collectively referred to

8   as "Plaintiffs") filed this action against Walgreens on May 13, 2011 in the Superior

9   Court for the County of San Francisco, case entitled: *George Wilson, Tanarica*

10   *Martin, et al. v. Walgreen Co., et al*, Case No. CGC-11-510950 (the "Complaint").

11   A true and correct copy of the Summons and Complaint and Civil Case Cover

12   Sheet in this action are attached hereto as Exhibit A.

13         2.     In their Complaint, Plaintiffs purport to bring claims on behalf of

14   themselves and a putative class of Walgreens non-exempt retail store employees in

15   California who were (1) purportedly required, as a result of security searches or

16   otherwise, to remain at work, under the control of Walgreens, after completion of

17   these workers' ordinary duties, for which they were not compensated, and/or

18   (2) unlawfully denied full meal and/or rest periods and who were not compensated

19   for them.  Exh. A, Complaint ¶ 1.

20         3.     Plaintiffs assert putative class claims for violation of California Labor

21   Code §§ 226.7 and 512 (First Cause of Action), unlawful failure to pay wages in

22   violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194 and 1198

23   (Second Cause of Action), failure to provide accurate itemized wage statements as

24   required by California Labor Code §§ 226 and 1174 (Third Cause of Action), and

25   unfair business practices under the Unfair Competition Act under California

26   Business & Professions Code §§ 17200-17208 (Fourth Cause of Action).

27

28

1       4.     On May 13, 2011, the Court served its "Notice to Plaintiff" of a Case

2  Management Conference being scheduled for October 14, 2011. A true and

3  correct copy of the Court's "Notice to Plaintiff" is attached hereto as Exhibit "B."

4       5.     On May 16, 2011, Plaintiffs served the Summons and Complaint on

5  Defendant's agent. A true and correct copy of Plaintiffs' Notice of Service of

6  Process dated May 16, 2011 is attached hereto as Exhibit "C."

7       6.     Exhibits A, B and C constitute all pleadings, process and orders

8  served on or by Defendant in this action.

9               **CLASS ACTION FAIRNESS ACT ("CAFA")**

10                **PUTATIVE CALIFORNIA CLASS**

11       7.     This Court has original jurisdiction of this action under CAFA,

12  codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this action

13  is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court

14  has original jurisdiction over the action, because the aggregated amount in

15  controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a

16  class action in which at least one class member is a citizen of a state different from

17  that of Walgreens. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of

18  California putative class members is greater than 100. See Declaration of June

19  Rosenberg ("Rosenberg Dec.") ¶ 2, attached hereto as Exh. D; 28 U.S.C. §

20  1332(d)(5)(B). Further, based on information and belief, Plaintiff and a number of

21  the putative California members are citizens of California.

22       A.    **Citizenship of the Parties**

23       8.     **Plaintiffs' Citizenship**. Plaintiffs George Wilson and Tanarica Martin

24  are residents of California. Complaint ¶ 12. Based on information and belief

25  Plaintiffs are citizens of California. Residence is *prima facie* evidence of domicile.

26  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

27       9.     **Walgreens' Citizenship**. Pursuant to 28 U.S.C. Section 1332(c), "a

28  corporation shall be deemed to be a citizen of any State by which it has been

13445887v.1

1   incorporated and of the State where it has its principal place of business."

2   Walgreens is now, and ever since this action commenced has been, incorporated

3   under the laws of the State of Illinois, with its principal place of business in

4   Illinois.  See Exh. E, John Mann Declaration ("Mann Dec.") ¶ 2.  Walgreens'

5   principal place of business is Deerfield, Illinois under the "nerve center" test.

6   *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  As Deerfield, Illinois is the

7   site of Walgreens' corporate headquarters and executive offices, where Walgreens'

8   high level officers direct, control, and coordinate the Company's activities,

9   Walgreens' "nerve center" is in Illinois. Exh. E, Mann Dec. ¶ 3.  Accordingly,

10  Walgreens is, and has been at all times since this action commenced, a citizen of

11  the State of Illinois.  As a result, Walgreens is <u>not</u> now, and was <u>not</u> at the time of

12  the filing of the Complaint, a citizen of the state of California for removal

13  purposes.

14          10.     **Doe Defendants.**  Pursuant to 28 U.S.C. §1441(a), the residence of

15  fictitious and unknown defendants should be disregarded for purposes of

16  establishing removal jurisdiction under 28 U.S.C. §1332.  *Fristos v. Reynolds*

17  *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

18  required to join in a removal petition).  Thus, the existence of Doe defendants one

19  through one hundred, does not deprive this Court of jurisdiction.

20          **B.      <u>Amount in Controversy Exceeds $5,000,000.</u>**

21          11.     The claims of the individual members in a class action are aggregated

22  to determine if the amount in controversy exceeds the sum or value of $5,000,000,

23  even when considering the state law claims only.  28 U.S.C. § 1332(d)(6).  In

24  addition, Congress intended for federal jurisdiction to be appropriate under CAFA

25  "if the value of the matter in litigation exceeds $5,000,000 either from the

26  viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

27  type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."

28  Senate Judiciary Committee Report, S. REP. 109-14, at 49.  Moreover, the Senate

13445887v.1

1   Judiciary Committee's Report on the final version of CAFA makes clear that any

2   doubts regarding the maintenance of interstate class actions in state or federal court

3   should be resolved in favor of federal jurisdiction.  S. REP. 109-14, at 49("[I]f a

4   federal court is uncertain about whether 'all matters in controversy' in a purported

5   class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the

6   court should err in favor of exercising jurisdiction over the case . . . .  Overall, new

7   section 1332(d) is intended to expand substantially federal court jurisdiction over

8   class actions.  Its provisions should be read broadly, with a strong preference that

9   interstate class actions should be heard in a federal court if properly removed by

10   any defendant").

11        12.    Although Plaintiffs have not alleged the amount of their individual

12   damages, or alleged the damages of the putative class in their Complaint, it is clear

13   that the alleged amount in controversy in this putative class action exceeds, in the

14   aggregate, $5,000,000.  The Complaint alleges a California putative class of

15   "thousands" of Walgreens' California non-exempt retail store employees during

16   the four-year period preceding the filing of the Complaint, from May 13, 2007,

17   through and including the date of the trial  (hereinafter referred to as the "Hourly

18   Store Employee Class").  Exh. A, Complaint ¶¶ 1, 3, 5, 22.[1]

19        13.    During the period of May 13, 2007 through June 1, 2011, Walgreens

20   employed well in excess of 20,000 persons in its stores in California that fit the

21   description of the proposed Hourly Store Employee Class in Plaintiffs' Complaint.

22   Exh. A, Complaint ¶¶ 1, 3, 22; Exh. D, Rosenberg Dec. ¶ 2(a).  These employees

23

24   [1] Plaintiffs also seek to represent a proposed class of non-exempt Assistant
     Managers employed by Walgreens in California during this period ("Assistant
25   Manager Class").  Complaint ¶ 22.  Plaintiffs assert each of their claims in the
     Complaint as to both the proposed Assistant Manager Class and the broader
26   Hourly Store Employee Class.  See Complaint ¶¶ 25-27, 32, 38, 40-42, 47, 49, 55,
     56, Prayer.  Because the proposed Assistant Manager Class is a subclass of the
27   proposed Hourly Store Employee Class, Defendant's calculations as to the amount
     in controversy set forth herein are based on the proposed broader Hourly Store
28   Employee Class.

13445887v.1

1    worked well in excess of 1,000,000 workweeks (in the aggregate) during the

2    period of May 13, 2007 through June 1, 2011.  Exh. D, Rosenberg Dec. ¶ 2(b).

3         14.    The lowest hourly rate of pay that Walgreens paid to any member of

4    the proposed Hourly Store Employee Class during the putative class periods was

5    $7.50 per hour.  Exh. D, Rosenberg Dec. ¶ 4.  Notwithstanding, the vast majority

6    of Walgreens' employees who fit the description of the proposed Hourly Store

7    Employee Class were paid a much higher hourly rate of pay during the putative

8    class period.  Exh. D, Rosenberg Dec. ¶ 4.

9         15.    As set forth below, even based on conservative estimates, and

10   assuming that each member of the proposed Hourly Store Employee Class was

11   paid the minimum $7.50 per hour (hourly-rate of pay) with regard to Plaintiffs'

12   claims in the Complaint, the amount in controversy implicated by the class-wide

13   allegations exceeds $5,000,000.

14        16.    Walgreens denies that Plaintiffs or the putative classes are entitled to

15   anything by the Complaint, as Plaintiffs' claims rest on faulty assumptions and

16   erroneous legal conclusions.  Nevertheless, the amount in controversy is dictated

17   by Plaintiffs' claims in the Complaint, not the merits.  Plaintiffs allege multiple

18   sources of state law potential remedies and penalties in the Complaint:

19   (1) allegedly unpaid overtime wages; (2) meal and rest break premium pay;

20   (3) waiting time penalties; and (4) wage statement penalties.  Exh. A, Complaint ¶

21   1, 27, 38, 49, 55, Prayer ¶¶ 2, 3, 6, 7.  In addition, Plaintiffs seek compensatory

22   damages, restitution, injunctive relief, declaratory relief,  interest, costs and

23   attorney's fees. Exh. A, Complaint ¶¶ 1, 38, 49, 55, 57, Prayer ¶¶ 4, 8 -2.

24        17.    Throughout the putative class period (from May 13, 2007 through

25   June 1, 2011), Walgreens has employed well in excess of 20,000 non-exempt

26   employees in its California stores that fit the definition of the proposed Hourly

27   Store Employee Class.  Exh. D, Rosenberg Dec. ¶ 2(a).  These employees worked

28   well in excess of 1,000,000 workweeks per year during the period of May 13, 2007

13445887v.1

1  through June 1, 2011 (the alleged putative class period applicable to Plaintiff's

2  overtime claims under Cal. Labor Code §§ 1194, 510 and 1198, and meal and rest

3  period claims under Cal. Labor Code §§ 226.7 and 512, through June 1, 2011).

4  Exh. D, Rosenberg Dec. ¶ 2(b).

5       18.    Based on the number of putative class members in the proposed

6  "Hourly Store Employee Class," the number of workweeks and pay periods

7  worked by the putative class members of the proposed Hourly Store Employee

8  Class during the respective putative class periods, the number of separated putative

9  class members of the Hourly Store Employee Class" and Plaintiffs' claims, the

10  amount in controversy for unpaid wages, missed meal and rest breaks, deficient

11  wage statements, and waiting time penalties as alleged in the Complaint, exceeds

12  $5,000,000.  As Plaintiffs have not alleged their particular damages, reasonable

13  estimates of the alleged amount in controversy are appropriate.  See *Abrego v. The*

14  *Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of

15  evidence standard applies where a plaintiff "seeks no specific amount in damages,"

16  and a court will consider facts in the removal petition to determine whether the

17  jurisdictional requirements are met).

18      **C.**    **Labor Code §226(e)**

19      19.    The Complaint alleges that Walgreens failed to provide the putative

20  class members who fit the definition of the proposed Hourly Store Employee Class

21  with accurate itemized wage statements, in violation of California Labor Code §

22  226(a).  Exh. A, Complaint ¶¶ 4, 26, 54.  Plaintiffs allege that under Labor Code §

23  226(e) they and the putative class members may recover penalties in the amount of

24  $50 for the initial pay period in which the violation occurred, and $100 for each

25  violation in a subsequent pay period pursuant to Labor Code §226, according to

26  proof, up to $4,000.00.  Exh. A, Complaint ¶¶ 52, 55.  The statute of limitations for

27  recovery of penalties under Labor Code § 226 is one year.  Cal. Civ. Proc. Code §

28  340(a).

13445887v.1

20.     Walgreens employed well in excess of 10,000 persons that fit the definition of the Hourly Store Employee Class for each pay period during the period of May 13, 2010 through June 1, 2011. Exh. D, Rosenberg Dec. ¶ 2(c). Each of these employees worked 36 pay periods (pay periods are every other week) during the period of May 13, 2010, through June 1, 2011 (the putative class period applicable to Plaintiff's claims for penalties for deficient wage statements under Cal. Labor Code §226, through June 1, 2011). See Exh. D, Rosenberg Dec. ¶ 3.

21.     Based on Cal. Labor Code § 226(e) (which provides that damages are the greater of all actual damages or $50 for the first violation and $100 for every violation thereafter, per employee, up to $4,000) and Plaintiffs' allegation, the money allegedly owed (assuming 10,000 employees) would equal 10,000 (employees within the definition of the proposed Hourly Store Employee Class employed for each pay period from May 13, 2010 through June 2, 2011) x $50 (first pay period) = $500,000 + 10,000 (employees within the definition of the proposed Hourly Store Employee Class employed for each pay period from May 13, 2010 through June 2, 2011) x 35 (pay periods) x $100 = $35,500,000.

22.     Notwithstanding, Courts have assumed a 100% violation rate in calculating the amount in controversy for removal purposes when the complaint does not allege a more precise calculation. See, e.g., *Coleman v. Estes Express Lines, Inc.*, 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D. Cal. 2007) (concluding that plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought"). *Id.* at 13.

23.     Assuming the maximum recoverable penalties in the amount of $4,000 per employee under Labor Code § 226, then the money allegedly owed would exceed $40,000,000 ($4,000 x 10,000 employees within the definition of the proposed Hourly Store Employee class) employed from May 13, 2010 through June 2, 2011).   Thus, based on this claim alone, it is more likely than not that the amount in controversy exceeds $5,000,000.

### D.     Labor Code §203 (Waiting Time Penalties)

24.     In addition, Plaintiffs seek waiting-time penalties under California Labor Code § 203 for each separated employee within the definition of the proposed Hourly Store Employee Class of up to 30 days' pay for failure to pay all wages due at termination. Exh. A, Complaint ¶¶ 4, 25, 27. Plaintiffs allege that Walgreens did not pay Plaintiffs or employees within the definition of the proposed Hourly Store Employee Class wages due for missed meal and rest periods and overtime. Exh. A, Complaint ¶¶ 1, 25. Therefore, per the allegations in the Complaint, Plaintiffs seeks 30 days' wages for each person within the definition of the proposed Hourly Store Employee Class whose employment separated their employment prior to the filing of the Complaint.

25.     There is a three-year statute of limitations for claims seeking waiting time penalties for unpaid wages under Cal. Labor Code §203. See Cal. Lab. Code §203 and Cal. Code Civ. Proc. § 338.

26.     From May 13, 2008 through May 13, 2011 (the putative class period applicable to Plaintiff's claims for waiting time penalties under Cal. Labor Code §§ 201-203), there are well in excess of 5,000 employees who fit the definition of the proposed Hourly Store Employee Class who separated their employment with Walgreens. Exh. D, Rosenberg Dec., ¶ 2(d).  The minimum hourly rate of pay Walgreens paid to any employee within the definition of the proposed Hourly Store Employee Class is $7.50. Exh. D, Rosenberg Dec. ¶ 4. Thus, even assuming all 5,000 separated employees within the definition of the proposed Hourly Store

9

13445887v.1

1    Employee Class were paid the minimum hourly rate of pay of $7.50 at the time of

2    termination, the penalties sought under section 203 would be $9,000,000 (based on

3    a calculation of average hourly rate ($7.50) x (8 hours per day) x (30 days of wages

4    x 5,000 (# of separated employees).

5        27.    Plaintiffs further seek additional damages for alleged failure to

6    provide meal and rest breaks in violation of Labor Code §226.7, failure to pay

7    overtime, plus an undisclosed amount for interest, costs and attorney's fees.

8        **E.**    **Unpaid Overtime Compensation**

9        28.    Plaintiffs allege that "[d]uring the Class Period, Defendant has had a

10   consistent policy of … (1) requiring its non-exempt employees, including Plaintiffs

11   and Class Members, to remain at work, under the control of Walgreen, after

12   completion of these workers' ordinary duties, without paying these employees

13   wages (including overtime wages) for all compensable time…." Exh. A,

14   Complaint ¶ 4. Plaintiffs further allege that during the putative class period they

15   and the putative class members "performed work for Walgreen, oftentimes in

16   excess of eight hours in a workday and/or forty hours in a workweek" and that

17   "Defendant refused to compensate the Plaintiffs and Class Members for all of the

18   wages earned, in violation of the applicable IWC Wage Order and provisions of

19   the California Labor Code." Exh. A, Complaint ¶ 41. Even using a conservative

20   estimate of one hour of unpaid overtime compensation per week and assuming the

21   minimum hourly rate of pay of $7.50 per hour, the amount in controversy would be

22   in excess of  $11,250,000 (based on 1,000,000 workweeks during the period of

23   May 13, 2007 through June 1, 2011) x  (one overtime hour/week) x ($7.50

24   minimum hourly wage) x (1.5 overtime premium multiplier).

25       **F.**    **Unpaid Meal/Rest Break Compensation**

26       29.    Plaintiffs further seek separate payments for 1) denial of meal periods

27   and 2) denial of rest breaks. Exh. A, Complaint ¶¶ 29-32. Plaintiffs allege that

28   "[d]uring the Class Period, Defendant has had a consistent policy of … willfully

13445887v.1

1   failing to provide meal periods and/or rest periods to Plaintiffs and/or Class

2   Members. Exh. A, Complaint ¶ 4. Plaintiffs further allege that "[b]y failing to

3   consistently provide uninterrupted and unrestricted meal and rest periods to Class

4   Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and

5   §§ 11 and 12 of the IWC Wage Order 7." Exh. A., Complaint ¶¶ 32. Plaintiffs

6   further alleges that "the Industrial Welfare Commission Order and California

7   *Labor Code* §§ 226.7 and 512(a) were applicable to Plaintiffs and the other class

8   members' employment by Defendants." Exh. A., Complaint ¶ 40.

9        30.    The applicable Industrial Welfare Commission ("IWC") Wage Order

10   provides in pertinent part with regard to meal periods that "[n]o employer shall

11   employ any person for a work period of more than five (5) hours without a meal

12   period of not less than 30 minutes …[and] [i]f an employer fails to provide an

13   employee with a meal period in accordance with the applicable provisions of this

14   order, the employer shall pay the employee one (1) hour of pay at the employee's

15   regular rate of compensation for each workday that the meal period is not

16   provided." Wage Order 7, § 11. The applicable IWC Wage Order further

17   provides in pertinent part as to rest periods that "[e]very employer shall authorize

18   and permit all employees to take rest periods" and "[t]he authorized rest period

19   time shall be based on the total hours worked daily at the rate of ten (10) minutes

20   net rest time per four (4) hours or major fraction thereof." *Id.* at § 12.

21       31.    The money owed for a meal period or rest break that is not provided

22   is one hour of pay. Cal. Labor Code §226.7. Plaintiffs allege the "Defendants

23   routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs and

24   the Class Members meal breaks. *Id.* at ¶ 43. Plaintiffs further alleges that putative

25   class members are entitled to one hour of pay at the regular rate for each meal

26   period missed and one hour of pay at the regular rate for each rest period missed.

27   Exh. A, Complaint ¶ 44. Based on these allegations, even assuming conservatively

28   that Plaintiffs allege just one missed meal period per week to Plaintiffs and the

13445887v.1

1    putative class members, the amount in controversy for the alleged denial of meal

2    periods would be in excess of $7,500,000 (based on 1,000,000 workweeks during

3    the period of May 13, 2007 through June 1, 2011 x ($7.50 minimum hourly wage).

4          32.     Based on Plaintiffs' allegation that members of the proposed Hourly

5    Store Employee Class are entitled to premium pay for missed rest breaks, based on

6    a conservative estimate that the putative class members missed only one of ten rest

7    periods per week, the calculation would be the same for one missed rest period per

8    week: $7,500,000.

9         **G.**     **Attorney's Fees**

10        33.     Although the foregoing alone establishes by a preponderance of the

11    evidence that the amount in controversy exceeds $5 million, attorney's fees are

12    also recoverable for Plaintiffs' wage claims, and therefore, must also be taken into

13    account in ascertaining the amount in controversy. See *Galt G/S v. JSS*

14    *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's

15    fees to be included in amount in controversy, regardless of whether award is

16    discretionary or mandatory). Fees could be as much as thirty percent of the

17    judgment. See *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d

18    Cir. 2005) (noting study done by the Federal Judicial Center that found a median

19    percentage recovery range of 27-30% for all class actions resolved or settled over a

20    four-year period).

21        34.     Because diversity of citizenship exists, the Plaintiffs being citizens of

22    the State of California and the Defendant being a citizen of the State of Illinois, the

23    number of putative class members is over 100, and the amount in controversy

24    exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28

25    U.S.C. § 1332(d). This action is therefore a proper one for removal to this Court.

26                            **VENUE**

27        35.     Venue lies in the Northern District of this Court pursuant to 28 U.S.C.

28    §§ 1441 and 1446(a). This action is being removed from the Superior Court of the

NOTICE OF REMOVAL

13445887v.1

1   State of California, County of San Francisco. See Exh. A, Complaint. Defendant

2   believes that this action should be removed to the United States District Court for

3   the Northern District of California.

## TIMELINESS OF REMOVAL

5       36.    Plaintiffs served Walgreens with the Summons and Complaint on

6   May 16, 2011. Exh. C.

7       37.    This Notice of Removal is timely as it is filed within thirty (30) days

8   of the purported service on Walgreens of a copy of the Summons and Complaint.

9   28 U.S.C. §1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

10  344, 354 (1999).

## NOTICE OF REMOVAL

12      38.    This Notice of Removal will be promptly served on Plaintiffs and

13  filed with the Clerk of the Superior Court of the State of California in and for the

14  County of Riverside.

15      39.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all

16  "process, pleadings, and orders served" upon or by Defendant in the action are

17  attached hereto as Exhibits A through C.

18      WHEREFORE, Walgreens requests that the above action pending before the

19  Superior Court of the State of California for the County of San Francisco be

20  removed to the United States District Court for the Northern District of California.

21  DATED: June 14, 2011          SEYFARTH SHAW LLP

22

23                                By _____
                                      Diana Tabacopoulos
24                                    Attorneys for Defendant
                                      WALGREEN CO.
25

26

27

28

13445887v.1

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Walgreen Co., and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

George Wilson and Tanarica Martin, individually and on behalf of all
others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Superior Court | CASE NUMBER: *(Número del Caso)* CGC 11-510950 |
| --- | --- |

Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Edward Cole, Esq., Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor Oakland, CA 94612

| DATE: *(Fecha)* MAY 1 3 2011 | CLERK OF THE COURT | Clerk, by *(Secretaria)* P. NATT | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Walgreen Co.
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
        [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED
FILED
San Francisco County Superior Court

MAY 1 8 2011

CLERK OF THE COURT
BY: PARAM NATT
Deputy Clerk

1  Scott Edward Cole, Esq. (S.B. # 160744)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Stephen Noel Ilg, Esq. (S.B. #275599)
   SCOTT COLE & ASSOCIATES, APC
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone:    (510) 891-9800
   Facsimile:    (510) 891-7030
5  Email:        scole@scalaw.com
   Email:        mdesario@scalaw.com
6  Email:        silg@scalaw.com
   Web:          www.scalaw.com
7
8  Attorneys for Representative Plaintiffs
   and the Plaintiff Class(es)
9

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              IN AND FOR THE COUNTY OF SAN FRANCISCO

12

13  GEORGE   WILSON,   TANARICA        Case No. C G C - 1 1 - 5 1 0 9 5 0
    MARTIN, individually and on behalf of
14  all other similarly situated,            CLASS ACTION

15                    Plaintiffs             COMPLAINT FOR DAMAGES,
                                             INJUNCTIVE RELIEF, AND RESTITUTION
16  vs.
                                             [Jury Trial Demanded]
17  WALGREEN CO., and DOES 1 through
    100, inclusive,
18
19                    Defendants.

20

21  Representative Plaintiffs allege as follows:

22                      PRELIMINARY STATEMENT

23          1.    This is a class action seeking unpaid wages, including meal and rest period

24  compensation, interest thereon, and other penalties, injunctive and other equitable relief, and

25  reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive,

26  226, 226.7, 510, 512, 1174, 1194, 1197 and/or 1198, California Business and Professions Code §§

27  17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiffs George Wilson and

28  Tanarica Martin ("Plaintiffs") brings this action on behalf of themselves and all other persons

1  similarly situated ("Class Members" and/or the "Plaintiffs Class") who are or have been employed

2  by defendants Walgreen Co. and/or Does 1 through 100, inclusive (collectively "Defendant" and/or

3  "Walgreen") as non-exempt retail store employees within the State of California at any time after

4  May 13, 2007.

5      2.    Specifically, Plaintiffs represent (1) non-exempt retail employees who were

6  required, as a result of security searches or otherwise, to remain at work, under the control of the

7  Walgreen's, after completion of these workers' ordinary duties, for which they were not

8  compensated, and/or (2) all non-exempt retail employees unlawfully denied full meal and/or rest

9  periods and who were not compensated therefor.

10     3.    The "Class Period" is designated as the time from May 13, 2007 through the date of

11 trial and is based upon the allegation that Defendant's violations of California's wage and hour laws,

12 as described more fully below, have been ongoing during that time.

13     4.    During the Class Period, Defendant has had a consistent policy of, *inter alia*, (1)

14 requiring its non-exempt retail store employees, including Plaintiffs and Class Members, to remain at

15 work, under the control of Walgreen, after completion of these workers' ordinary duties, without

16 paying these employees' wages (including overtime wages) for all compensable time, (2) requiring

17 its non-exempt retail store employees, including Plaintiffs and Class Members, to submit to

18 mandatory security checks of their persons and/or belongings without paying them compensation

19 (including unpaid overtime and/or compensation for working through paid and/or unpaid meal

20 and/or rest periods), (3) willfully failing to pay compensation owing in a prompt and timely manner

21 to Plaintiffs and/or Class Members whose employment with Walgreen was terminated, (4) willfully

22 failing to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of

23 the total number of hours each of them worked, the applicable deductions and the applicable hourly

24 rates in effect during the pay period, and (5) willfully failing to provide meal periods and/or rest

25 periods to Plaintiffs and/or Class Members.

26 ///

27 ///

28 ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## INTRODUCTION

5.      Plaintiffs are informed and believe and, based thereon, allege that, within the Class Period, defendant Walgreen operated numerous retail establishments across the State of California. In doing so, Walgreen has employed thousands of individuals as non-exempt retail employees in recent years alone to work at locations within the State of California, employment positions which enjoy an entitlement to full, uninterrupted and statutorily-mandated meal and rest periods, as well as other benefits of employment as set forth herein.

6.      Despite actual knowledge of these facts and legal mandates, Walgreen has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to sufficiently offer meal and rest periods to its California non-exempt retail employees, by not providing them all regular and/or overtime pay (as a result thereof) when due and/or when certain Class Members' employment with Walgreen terminated, and by willfully failing to provide Plaintiffs and Class Members with accurate semi-monthly itemized wage statements.

7.      Plaintiffs are informed and believe and, based thereon, allege that officers of Walgreen knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

8.      Despite Walgreen's knowledge of Plaintiffs and Class Members' entitlement to these benefits of employment, Walgreen failed to provide same, for all applicable work periods, in violation of California state statutes, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the Representative Plaintiffs' and Class Members' claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*, Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, inclusive, 226, 226.7, 510, 512, 1174, 1194 and/or 1198, and California Code of Civil Procedure § 1021.5.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWN CENTER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

10.     This Court also has jurisdiction over the Representative Plaintiffs' and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

11.     Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant Walgreen maintains locations within San Francisco County, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiffs and those similarly situated within the State of California and County of San Francisco. Defendant operates facilities and has employed numerous Class Members in the County of San Francisco, as well as within other counties across the State of California.

## PLAINTIFFS

12.     Plaintiffs are natural persons and were, during the relevant time period identified herein, employed by Defendant Walgreen as non-exempt Assistant Managers at one or more of Defendant's California retail stores. Specifically, Plaintiffs George Wilson and Tanarica Martin work and/or worked as non-exempt Assistant Managers for Defendant Walgreen, retail locations, in the State of California.

13.     At all times herein relevant, Plaintiffs were and are now persons within the Class of persons further described and defined herein.

14.     As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Class" refers to the named Plaintiffs herein as well as each and every person eligible for membership in the class of persons further described and defined herein.

15.     At all times herein relevant, Plaintiffs are/were persons within the class(es) of persons further described and defined herein.

16.     Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-

**DEFENDANTS**

1

2   17.   At all times herein relevant, Defendant Walgreen Co. was/is a corporation and/or

3   other form of business entity, duly licensed, located and doing business in, but not limited to, the

4   County of San Francisco, in the State of California.

5   18.   Plaintiffs are informed and believe and, based thereon, allege that Defendant

6   Walgreen directly or indirectly employs and, since May 13, 2007, has employed and/or exercised

7   control over the wages, hours and working conditions of Plaintiffs and Class Members within

8   various California counties, including, but not limited to, the County of San Francisco.

9   19.   Those Defendants identified as Does 1 through 100, inclusive, are and were, at all

10  relevant times herein-mentioned, business affiliates, successors- and/or predecessors-in-interest,

11  officers, directors, partners, and/or managing agents of some or each of the remaining defendants.

12  Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-

13  mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or

14  exercised control over the wages, hours, and/or working conditions of Plaintiffs and Class Members

15  at various California locations, as identified in the preceding paragraph.

16  20.   Plaintiffs are unaware of the true names and capacities of those defendants sued

17  herein as Does 1 through 100, inclusive and, therefore, sue these Defendants by such fictitious

18  names. Plaintiffs will seek leave of court to amend this Complaint when such names are ascertained.

19  Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named

20  defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the

21  conduct herein-alleged and that Plaintiffs' and Class Members' damages, as herein-alleged, were

22  proximately caused thereby.

23  21.   Plaintiffs are informed and believe and, on that basis, allege that, at all relevant

24  times herein-mentioned, each of the defendants was the agent and/or employee of each of the

25  remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of

26  such agency and/or employment.

27  ///

28  ///

-5-

Complaint for Damages Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1
## CLASS ACTION ALLEGATIONS

2    22.   Plaintiffs bring this action on behalf of themselves and as a class action on behalf of

3  the following Plaintiff Classes:

4  **Assistant Manager Class:**

5    *All persons who are and/or were employed as non-exempt Assistant Managers by*

6  *Walgreen Co., in one or more of Walgreen's California retail stores between May 13, 2007 and the present.*

7  **Security Check Class:**

8    *All persons who are and/or were employed as non-exempt retail employees by*

9  *Walgreen Co., in one or more of Walgreen's California retail stores between May 13, 2007 and the present.*

10    23.   Defendants and their officers and directors are excluded from the Plaintiff Classes.

11    24.   This action has been brought and may properly be maintained as a class action

12  under California Code of Civil Procedure § 382 because there is a well-defined community of

13  interest in the litigation and the proposed Classes are easily ascertainable.

14    a.   Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff

15  Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Plaintiffs are informed and believe and, on that

16  basis, allege that the total number of Class Members is, at least, in the thousands of individuals. Membership in the Classes will be determined by

17  and upon analysis of employee and payroll records, among other records maintained by Walgreen.

18

19    b.   Commonality: Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and

20  law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

21    1)   Whether defendant Walgreen violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal

22  and/or rest periods to its non-exempt retail employees;

23    2)   Whether defendant Walgreen violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all (including

24  overtime) compensation to its non-exempt retail employees who worked in excess of forty hours per week and/or eight hours per day;

25

26    3)   Whether defendant Walgreen violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

27    4)   Whether defendant Walgreen violated California Labor Code §§ 201-204 by failing to pay all wages due and owed during the pendency of

28  employment and/or at the time of the termination of employment with Defendant of Plaintiffs and/or Class Members;

-6-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE VICTORIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5)   Whether defendant Walgreen violated California Labor Code § 226 by failing to provide Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

6)   Whether Walgreen violated Business and Professions Code §§ 17200, et seq. by engaging in unfair, unlawful and/or fraudulent business practices.

c.   Typicality: Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.   Adequacy of Representation: Plaintiffs in this class action are adequate representatives of the Plaintiff Classes in that Plaintiffs' claims are typical of those of the Plaintiff Classes and the Plaintiffs have the same interest in the litigation of this case as the Class Members. Plaintiffs are committed to vigorous prosecution of this case and have retained competent counsel who is experienced in conducting litigation of this nature. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiffs anticipate no management difficulties in this litigation.

e.   Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

25.   Defendant Walgreen has, for years, knowingly failed to properly compensate the Plaintiff Classes for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods). Moreover, Defendant has failed to provide the Plaintiff Classes with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding five hours. Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of

-7-

Complaint for Damages Injunctive Relief and Restitution

1  California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain Class

2  Members have left Defendant's employ.

3      26.     Defendant also failed to provide Plaintiffs and Class Members with accurate

4  semimonthly itemized statements of the total number of hours worked by each, and all applicable

5  hourly rates in effect during each pay period, in violation of California Labor Code § 226. In doing

6  so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until

7  now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing

8  the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

9      27.     As a direct and proximate result of Defendant's unlawful conduct, as set forth

10  herein, Plaintiffs and Class Members have sustained damages, as described above, including loss of

11  earnings for uncompensated hours worked, missed meal periods, and missed rest periods, in an

12  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

13  conduct, as set forth herein, Plaintiffs and Class Members are entitled to recover penalties/wages

14  (pursuant to California Labor Code §§ 201-204) for failure to provide semimonthly itemized wage

15  statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226)

16  in an amount to be established at trial. As a further direct and proximate result of Defendant's

17  unlawful conduct, as set forth herein, Plaintiffs and Class Members are also entitled to recover

18  attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

19

20              **FIRST CAUSE OF ACTION**
                **FAILURE TO PROVIDE MEAL AND REST PERIODS**
21                (California Labor Code §§ 226.7 and 512)

22      28.     Plaintiffs incorporate in this cause of action each and every allegation of the

23  preceding paragraphs, with the same force and effect as though fully set forth herein.

24      29.     At all relevant times, Defendant was aware of and was under a duty to comply with

25  California Labor Code §§ 226.7 and 512.

26      30.     California Labor Code §226.7 provides:

27      (a)     No employer shall require any employee to work during any meal or rest
                period mandated by an applicable order of the Industrial Welfare
28              Commission.

1   (b)   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

2

3

4   31.   Moreover, California Labor Code § 512 provides:

5   An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

6

7

8

9

10   32.   By failing to consistently provide uninterrupted and unrestricted meal and rest

11   periods to Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§

12   11 and 12 of the IWC Wage Order No. 7.

13   33.   Section 11 of this Wage Order provides:

14   (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes ....

15

16   (B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

17

18   (C)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

19

20   34.   Moreover, Section 12 of this Wage Order provides:

21   (A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

22

23

24   (B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

25

26

27   ///

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-9-

35.     By failing to consistently provide (1) meal breaks within the first five hours of a work shift, (2) uninterrupted thirty-minute meal periods, and/or (3) ten-minute rest periods to Class Members, Defendant violated California Labor Code and IWC Wage Order provisions.

36.     Even where Defendant's records specifically illustrate that no meal and/or rest periods were provided to Plaintiffs and Class Members, Walgreen refuses to properly compensate these employees with one hour of compensation for these respective violations as mandated by California law.

37.     Plaintiffs are informed and believe and, on that basis, allege that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

38.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

## SECOND CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY WAGES
(Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)

39.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.     During the Class Period and continuing through the present, the Plaintiffs and Class Members performed work for Walgreen, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

41.     During the Class Period, Defendant refused to compensate the Plaintiffs and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

///

-10-

42.     Moreover, during the Class Period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Walgreen, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Walgreen.

43.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the wage (including overtime wage) provisions of the California Labor Code including, but not limited to, California Labor Code §§ 200-204, 510, 1194 and 1198.

44.     California Labor Code § 510, in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ...

45.     California Labor Code § 1194, in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.     Finally, California Labor Code § 1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

47.     Numerous Class Members were employed by Walgreen during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Walgreen.

48.     More than thirty days has elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

49.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Classes have sustained damages, including loss of earnings for hours of overtime worked on behalf of Walgreen, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Classes are entitled to recover penalties (including "waiting time" penalties of up to thirty days' wages, pursuant to California Labor Code § 203) in amounts to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226 and 1174)

50.   Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51.   California Labor Code § 226(a) provides:

Each employer shall semi-monthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

52.   Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

53.   Finally, California Labor Code § 1174(d) provides:

Every person employing labor in this state shall ... Keep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

54.     Defendant has failed to provide timely, accurate itemized wage statements to the Plaintiffs and Class Members in accordance with California Labor Code § 226. Plaintiffs are informed and believe and, on that basis, allege that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class Member.

55.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Classes are entitled to recover penalties, in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
#### (California Business & Professions Code §§ 17200-17208)

56.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

57..    Plaintiffs further bring this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

58.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

59.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Walgreen, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

60.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Plaintiffs and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible

2  competitors and as set forth in legislation and the judicial record.

3

4                    **RELIEF SOUGHT**

5       WHEREFORE, the Representative Plaintiffs, on behalf of themselves and the proposed

6  Plaintiff Classes, pray for judgment and the following specific relief against Defendants, and each of

7  them, jointly and separately, as follows:

8       1.    That the Court declare, adjudge, and decree that this action is a proper class action

9  and certify the proposed Class and/or any other appropriate subclasses pursuant to California Code

10 of Civil Procedure § 382;

11      2.    That the Court make an award to Plaintiffs and Class Members of one hour of wages

12 at each employee's regular rate of compensation for each meal period that was not provided;

13      3.    That the Court make an award to Plaintiffs and Class Members of one hour of wages

14 at each employee's regular rate of compensation for each workday that a rest period was not

15 provided;

16      4.    That the Court declare, adjudge, and decree that Defendants violated the wage

17 (including overtime wage) provisions of the California Labor Code and the applicable California

18 Industrial Welfare Commission Wage Order as to the Plaintiffs and Class Members;

19      5.    That the Court declare, adjudge, and decree that Plaintiffs and Class Members were,

20 at all times relevant herein, and are still, entitled to be paid overtime for work beyond eight hours in

21 a day and forty hours in a week;

22      6.    That the Court make an award to the Plaintiffs and Class Members of damages and/or

23 restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties

24 in an amount to be proven at trial;

25      7.    That the Court order Defendant to pay restitution to Plaintiffs and Class Members due

26 to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-

27 17208;

28 ///

-14-
Complaint for Damages Injunctive Relief and Restitution

8.   That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

9.   For all other Orders, findings and determinations identified and sought in this Complaint;

10.   For interest on the amount of any and all economic losses, at the prevailing legal rate;

11.   For reasonable attorneys' fees, pursuant to California Labor Code §§1194 and/or California Code of Civil Procedure § 1021.5; and,

12.   For costs of suit and any and all other such relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs and the Plaintiff Classes hereby demand trial by jury of all issues triable as of right by jury.

Dated: May 13, 2011

SCOTT COLE & ASSOCIATES, APC

By:  _[signature]_
Stephen Noel Ilg, Esq.
Attorneys for Representative Plaintiffs and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER, 14TH FLOOR
1970 BROADWAY, FIFTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott Edward Cole, Esq. (S.B. # 160744)<br>Molly A. DeSario, Esq. (S.B. #230763)<br>Stephen Noel Ilg, Esq. (S.B. #275599)<br>Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor, Oakland, CA 94612<br>TELEPHONE NO.: (510) 891-9800    FAX NO.: (510) 891-7030<br>ATTORNEY FOR (Name): George Wilson, Tamarica Martin, et al. | **ENDORSED**<br>**FILED**<br>San Francisco County Superior Court<br><br>MAY 1 3 2011<br><br>**CLERK OF THE COURT**<br>PARAM NATT<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Wilson, et. al. v. Walgreen Co.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C G C - 1 1 - 5 1 0 9 5 0 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties         d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Four (4)
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 13, 2011
Stephen Noel Ilg, Esq.
_____            ▶ _____
         (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

CASE NUMBER: CGC-11-510950  GEORGE WILSON, et al VS. WALGREEN CO. et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **OCT-14-2011** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# EXHIBIT C



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

SBR / ALL
Transmittal Number: 8736132
Date Processed: 05/16/2011

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co. |
| **Title of Action:** | George Wilson vs. Walgreen Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | San Francisco County Superior Court, California |
| **Case/Reference No:** | CGC-11-510950 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/16/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Stephen Noel LLg<br>510-891-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT D

# DECLARATION OF JUNE ROSENBERG

I, June Rosenberg, declare as follows:

1.      I am employed by Walgreen Co. ("Walgreens") in the position of Manager of Employee Services. I have held this position since approximately 2004. I have personal knowledge of the following facts and could and would testify competently if called to do so.

2.      In my capacity as Manager of Employee Services, I have regular access to, and am familiar with, Walgreens' data records relating to its employees. I have carefully reviewed reports derived from the Walgreens' employee data records for individuals who held non-exempt job positions in Walgreens' California stores during the period May 13, 2007 to June 1, 2011. These reports include information relating to the number of employees holding non-exempt store positions and the number of work weeks that each employee worked in the non-exempt store position during the relevant time period (from May 13, 2007 to June 1, 2011), all of which is maintained by Walgreens in the ordinary course of business. Based on my review of these reports, I have determined the following:

   (a)    Walgreens employed well in excess of 20,000 non-exempt store employees in California during the period May 13, 2007, through June 1, 2011.

   (b)    Walgreens non-exempt California store employees worked well in excess of 1,000,000 workweeks (in the aggregate) during the period of May 13, 2007, through June 1, 2011.

   (c)    Walgreens employed at least 10,000 non-exempt store employees in California for each pay period during the period May 13, 2010, through June 1, 2011.

DECLARATION OF JUNE ROSENBERG ISO OF DEFENDANT'S NOTICE OF REMOVAL
13462754v.1

1    (d)    During the period of May 13, 2008, through May 13, 2011, well in

2    excess of 5,000 of Walgreens' California non-exempt store employees

3    were separated from their employment.

4    3.    During the period of May 13, 2007, though the present, Walgreens has

5 paid its non-exempt store employees in California every other week (twenty-six

6 times per year).

7    4.    The minimum hourly rate paid by Walgreens to any non-exempt

8 California store employee during the period f May 13, 2007 to June 1, 2011, is

9 $7.50 per hour. Notwithstanding, the majority of Walgreens' non-exempt

10 California store employees have been paid hourly rates in excess of $7.50 per hour

11 during this period.

12    I declare under the penalty of perjury under the laws of the United States of

13 America and the State of California that the foregoing is true and correct.

14 Executed this 14 th day of June, 2011, at Deerfield, Illinois.

15

16                                                                      _June Rosenberg_

17                                                                   JUNE ROSENBERG

18

19

20

21

22

23

24

25

26

27

28                                           -2-

DECLARATION OF JUNE ROSENBERG ISO OF DEFENDANT'S NOTICE
OF REMOVAL

13462754v.1

# EXHIBIT E

## DECLARATION OF JOHN MANN

I, John Mann, declare and state as follows:

1.      I am currently employed by Walgreen Co. ("Walgreens") as the Assistant Corporate Secretary and Director of Corporate Tax.  In my capacity as Assistant Corporate Secretary and Director of Corporate Tax, I am familiar with Walgreens' corporate structure, operations and place of incorporation.  I make this declaration in support of Walgreens Notice of Removal in the action of *George Wilson, Tanarica Martin v. Walgreen Co., et al.*, filed in the San Francisco Court (the "Action").  I have personal, first-hand knowledge of the matters set forth below, and, if called upon to testify, I could and would do so competently.

2.      Walgreens is now, and ever since this Action commenced, has been, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

3.      Walgreens' corporate headquarters are located in Deerfield, Illinois where Walgreens' high level officers, including its Chief Executive Officer, direct, control, and coordinate Walgreens' activities.  Walgreens' executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.

I declare under penalty of perjury under the laws of the State of Illinois and the United States of America that the foregoing is true and correct.

Executed this 13th day of June 2011 in Deerfield, Illinois.

JOHN MANN