United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE WILSON, *et al.*,

    Plaintiffs,

    v.

WALGREEN CO.,

    Defendant.

No. C-11-2930 EMC

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

**(Docket No. 22)**

    Plaintiffs George Wilson and Tanarica Martin have filed a class action against their employer Defendant Walgreen Co.,[1] asserting claims for various violations of the California Labor Code. Currently pending before the Court is Walgreens's motion to transfer venue. Walgreens asks for a transfer from the Northern District of California to the Central District of California. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to transfer.

## I.   FACTUAL & PROCEDURAL BACKGROUND

    Plaintiffs initiated this class action in state court in May 2011. Walgreens subsequently removed the case to federal court. In their first amended complaint, Plaintiffs allege, *inter alia*, that, in violation of the California Labor Code, Walgreens has failed to provide certain of its employees meal and rest periods and further has failed to compensate fully certain employees, including but not

---

[1] In their complaint, Plaintiffs have named the defendant as "Walgreen Co." However, because the defendant refers to itself in its own papers as "Walgreens," the Court shall hereinafter use that name instead.

limited to for time spent at work undergoing security searches. Plaintiffs seek to represent the following subclasses: (1) all persons who are and/or were employed by Walgreens as nonexempt Assistant Store Managers and/or MGTs in one of its retail stores (between May 13, 2007, and the present) and (2) all persons who are and/or were employed by Walgreens as nonexempt retail employees in one of its retail stores (between the same time period). *See* FAC ¶ 22.

Walgreens has submitted evidence that Plaintiffs are currently employed by Walgreens as nonexempt managers in a store located in Los Angeles, which is located in the Central District of California. *See* Leu Decl. ¶ 9. Although Plaintiffs have worked at other Walgreens stores, all are located in Los Angeles County. *See id.* ¶¶ 10-11. Plaintiffs have never worked for Walgreens in Northern California. In addition, Plaintiffs have never been supervised by a Walgreens manager located in Northern California. *See id.* Of all the Walgreens employees Plaintiffs have worked with – both current and former – only three reside at present in the Northern California area. *See id.* ¶ 15.

In addition to the above, Walgreens has submitted evidence indicating that it has 612 stores throughout California. Each of these stores is part of a larger district. There is a total of 18 districts in California. Eight of the 18 districts are located in Southern California. The remaining districts are essentially located in or in close proximity to Northern California. *See* Sesto Decl. ¶ 4. Walgreens is headquartered in Illinois. *See id.* ¶ 1.

## II.   **DISCUSSION**

A.   Legal Standard

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the instant case, Walgreens seeks a transfer to the Central District of California. Plaintiffs do not dispute that the Central District of California is a district where their action might have been brought. Accordingly, the only question is whether this Court should transfer the action for the convenience of parties and witnesses.

As to this issue, a district court has discretion in deciding whether or not to transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (stating that a "district court's decision to change venue is reviewed for abuse of discretion"; adding that "'[w]eighing of the

2

factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge'"). The Ninth Circuit has noted that, in making the decision, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" . . . .

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (discussing private and public factors affecting the convenience of a forum).

Consistent with the above, courts in this District have commonly articulated the relevant factors as follows:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (Illston, J.).

B.   <u>Neutral Factors</u>

Some of the above factors are essentially neutral – either because no evidence or argument has been offered by either party, because the factors essentially do not weigh in favor of either side, or because the factors weigh at best only marginally in favor of one side. For example, neither party has offered evidence about the relative court congestion and time of trial in the Northern District compared to that in the Central District. Nor has either party argued that one forum has more familiarity than the other does with respect to the applicable law. As another example, the "local interest" factor does not really weigh in favor of either side because Walgreens has stores in both fora. Likewise, the factor of party convenience weighs only slightly in favor of the Central District because, even though Plaintiffs do not reside in this District and reside instead in the Central

1  District, they chose to bring the suit in this District.  *See Roling v. E*Trade Sec., LLC*, 756 F. Supp.
2  2d 1179, 2010 U.S. Dist. LEXIS 123714, at *12 (N.D. Cal. N.D. Cal. 2010) (characterizing as
3  irrelevant defendant's argument that transfer would be more convenient for one of the named
4  plaintiffs, who lived outside California, because that plaintiff chose to pursue the lawsuit in
5  California and opposed the defendant's motion to transfer).  Finally, ease of access to evidence
6  weighs at best only marginally in favor of the Central District.  Even if documents relevant to
7  Plaintiffs' individual claims are not stored electronically and are locally maintained, *see* Reply at 8-
8  9; Leu Decl. ¶ 8, there is nothing to indicate that "transporting records or reducing them to electronic
9  form would cause [Walgreens] significant hardship."  *Van Slyke v. Capital One Bank*, 503 F. Supp.
10 2d 1353, 1362 (N.D. Cal. 2007) (Alsup, J.).

11      Thus, the above factors weigh slightly in favor of the Central District.  Ultimately, however,
12 the critical factors in the instant case are Plaintiffs' choice of forum and the convenience of the
13 witnesses.

14 C.     Plaintiffs' Choice of Forum and Convenience of Witnesses

15      As a general matter, a plaintiff's choice of forum should be afforded deference when the
16 district court is considering a motion to transfer.  *See Decker*, 805 F.2d at 843.  However, the weight
17 typically accorded to a plaintiff's choice of forum is less in cases where the action is brought as a
18 class action.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (stating that, "[a]lthough great
19 weight is generally accorded to a plaintiff's choice of forum, when an individual brings a derivative
20 suit or represents a class, the named plaintiff's choice of forum is given less weight"); *Bennett v. Bed
21 Bath & Beyond, Inc.*, No. C-11-22220-CRB, 2011 U.S. Dist. LEXIS 79973, at *7 (N.D. Cal. July 22,
22 2011) (noting that a putative class representative's choice of forum "is not entitled to the same
23 degree of deference as an individual plaintiff pursuing her own claim on her own behalf").
24 Furthermore, "[t]he weight given to the plaintiff's choice of forum diminishes when the plaintiff
25 resides outside the chosen forum."  *Valadez Lopez v. Chertoff*, No. C-06-5000 RMW, 2007 U.S.
26 Dist. LEXIS 56041, at *6 (N.D. Cal. July 20, 2007); *see also Gemini Capital Group v. Yap Fishing
27 Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998) (stating that "the district court correctly acted on Ninth
28 Circuit authority in granting Plaintiffs' choice of Hawaii as a forum less deference" where, *inter*

4

*alia*, none of them were Hawaii residents); *Forrand v. Federal Exp. Corp.*, No. C 07-4674 TEH, 2008 U.S. Dist. LEXIS 10858, at *7 (N.D. Cal. Jan. 31, 2008) (noting that "none of the named plaintiffs resides in the Northern District of California, and the deference owed to such nonresident plaintiffs' choice of forum is 'substantially reduced'"). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001);

In the instant case, Plaintiffs have brought a class action, and they have filed their complaint in a district where they do not reside. Moreover, while this forum does have a connection with the subject matter of the case – *i.e.*, because Walgreens maintains stores in Northern California – that connection is not any more significant than the connection that the Central District has; indeed, in view of the fact that the named Plaintiffs have no connection to the Northern District and the facts pertinent to Plaintiffs' individual circumstances are centered in the Central District, the connection to the Central District is stronger. Given these circumstances, the Court affords Plaintiffs' choice of forum reduced deference. *See Lucas v. Daiichi Sankyo Co.*, No. C 11-0772 CW, 2011 U.S. Dist. LEXIS 55169, at *8 (N.D. Cal. May 24, 2011) (stating that plaintiff's "choice of forum in this action is entitled to reduced deference because he seeks to represent a class and he has filed his complaint in a district outside of the district in which he is domiciled"); *see also Roling v. E*Trade Securities, LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010) (stating that, "[i]n part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside in the district"); *cf. Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) (noting that "the plaintiff's choice of venue should not be lightly disturbed[,] . . . particularly . . . when the forum chosen is not only the plaintiff's domicile but also has a significant connection with the subject matter of the case").

As for the convenience of the witnesses, Plaintiffs argue that this factor cannot weigh strongly in Walgreens's favor or at least is neutral because "there will certainly be numerous putative Class Members who live and work in or around San Francisco given the many stores in the

5

area." Opp'n at 4. But Plaintiffs' position is problematic because there is no indication that putative class members other than themselves would be needed to testify as witnesses or would want to actively participate in the litigation. *See Johns v. Panera Bread Co.*, No. 08-1071 SC, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008) (noting that, because court did not have "any indication of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be," it would not base the decision to transfer "on speculation as to the relevance of potential, but unnamed witnesses") (internal quotation marks omitted); *Flint v. UGS Corp.*, No. C07-04640 MJJ, 2007 U.S. Dist. LEXIS 94643, at *8-9 (N.D. Cal. Dec. 12, 2007) (noting that "[d]efendant fails to demonstrate to the Court that these potential class members will actively participate in the case and thereby benefit from a closer courtroom"; thus, "[o]n this record, the Court declines to find the speculative location of potential class members to weigh towards transfer"); *see also Gates Learject Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (stating that "the district court improperly focused on the number of witnesses in each location" and that " the court should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum"). *Compare Evancho v. Sanofi-Aventis U.S., Inc.*, No. C 07-00098 SI, 2007 U.S. Dist. LEXIS 35500 (N.D. Cal. May 3, 2007) (taking into account that "more putative class members of the FLSA action work on the east coast than on the west coast" and that "[b]oth parties appear to agree that a significant number of class members will be called as witnesses").

The record before the Court indicates that the principal witnesses in this case will be Plaintiffs and their local managers and co-workers who mostly reside in the Central District; plausibly, managers working at Walgreens's headquarters in Illinois may be involved. *See Young v. Wells Fargo & Co.*, No. C 08-3735 SI, 2008 U.S. Dist. LEXIS 103955, at *12 (N.D. Cal. Dec. 17, 2008) (noting that, even if many class members reside in California, "that fact does not weigh against transfer because the relevant inquiry is the convenience of the named parties and principal witnesses likely to be deposed or testify at trial"); *Ruiz v. Affinity Logistics Corp.*, No. C 05-02015 JSW, 2005 U.S. Dist. LEXIS 45203, at *7 (N.D. Cal. Nov. 7, 2005) (noting that "the initial analysis of proper venue, even for a purported class action, is the location of the residence, employment and

6

evidence of the named plaintiff"). For persons working in Illinois, there is essentially no difference between the Northern District and the Central District. In contrast, Plaintiffs reside in the Central District. More importantly, the remaining witnesses, *i.e.*, Plaintiffs' managers and co-workers, largely reside in the Central District. Thus the Central District is a more convenient forum for likely witnesses in this case. With respect to these witnesses, the Court also notes that they are beyond the subpoena range of this District; for trial, live testimony is as a general matter preferable over deposition excerpts. *See In re Funeral Consumers Antitrust Litig.*, Nos. C 05-01804 WHA, C 05-02501 WHA, C 05-02502 WHA, C 05-02792 WHA, C 05-03124 WHA, C 05-03305 WHA, C 05-02806 WHA, 2005 WL 2334362, at *5 (N.D. Cal. Sept. 23, 2005). While Walgreens could likely procure the attendance of some of these witnesses as a practical matter because they are current employees (*see id.*), there appears to be a significant number of witnesses who are *former* employees. *See* Leu Decl. ¶ 14. As former employees, Walgreens may not have the ability to procure their testimony absent subpoena.

Finally, the Court notes that, to the extent Plaintiffs argue that the convenience factor weighs in favor of this District because that is where their counsel is located, case law – particularly in this District – is largely to the contrary. Judges in this District have repeatedly stated that "the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer."[2] *Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 U.S. Dist. LEXIS 136510, at *9 (N.D. Cal. Dec. 15, 2010); *see also, e.g.*, *Pralinsky v. Mut. of Omaha Ins.*, No. C 08-03191 MHP, 2008 U.S. Dist. LEXIS 79346, at *6-7 (N.D. Cal. Oct. 9, 2008) (stating that "[t]he person for whom the northern California forum is particularly convenient is the plaintiff's current attorney, but convenience of counsel is not considered in ruling on a section 1404(a) transfer motion"); *Bibo v. Federal Express, Inc.*, No. C07-2505 TEH, 2007 WL 2972948, at *3 (N.D. Cal. Oct. 10, 2007) (noting that, "[w]hile it may be more convenient for FedEx to litigate in the Central District because

---

[2] The case on which Plaintiffs rely, *Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068 (C.D. Cal. 2008), is from outside this District. Furthermore, the case is distinguishable because, ultimately, the court's decision was driven by the fact the two fora at issue were only a modest distance from one another so that the convenience of the parties and witnesses did not strongly favor one forum over another. *See id.* at 1072.

1  defense counsel is located there, 'convenience of counsel is not a consideration in determining
2  whether to transfer an action'"); *Panetta v. SAP Am., Inc.*, No. C-05-01696 RMW, 2005 U.S. Dist.
3  LEXIS 36813, at *16 (N.D. Cal. July 26, 2005) (stating that "the location of plaintiffs counsel is
4  immaterial to a determination of the convenience and justice of a particular forum"); *Lupiani v.
5  Wal-Mart Stores, Inc.*, No. C-03-2614 SC, 2003 U.S. Dist. LEXIS 18804, at *10 (N.D. Cal. Oct. 20,
6  2003) (stating that "courts have consistently held that the convenience of plaintiff's counsel is not a
7  factor to be considered in determining whether a particular locale is a convenient forum"). *Accord
8  In re Horseshoe Ent't*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Continental Am. Life Ins. Co.*,
9  472 F.2d 1043, 1047 (3d Cir. 1973). *But see Flint*, 2007 U.S. Dist. LEXIS 94643, at *11 ("find[ing]
10 the location of Plaintiff's counsel relevant in its inquiry to the extent that counsel's location affects
11 the relative costs of litigating in each District"). Furthermore, even outside of this District, the
12 "great majority of cases" have deemed the location of counsel an irrelevant or improper factor or
13 one that is deserving of little weight – presumably because "the convenience of counsel is not a
14 factor identified in Section 1404(a), many lawyers today practice on a national basis, . . . and local
15 counsel usually is available to be present in court." Wright, *et al.*, 15 Fed. Prac. & Proc. Juris. §
16 3850 (3d ed.). Judge Alsup of this District has identified yet another reason to discount the location
17 of counsel – namely, "it would be easy to manipulate venue simply by obtaining counsel in the
18 venue of choice." *In re Funeral Consumers Antitrust Litig.*, 2005 WL 2334362, at *4.

19 Even to the extent the Court considers the convenience of counsel indirectly – *i.e.*, because
20 of "the financial burdens on the litigants and their interest in using their established counsel,"
21 Wright, *et al.*, Fed. Prac. & Proc. Juris. § 3850 – that does not tip the scales in Plaintiffs' favor.
22 There is no evidence that Plaintiffs themselves (as opposed to their counsel) will directly incur costs.
23 Finally, the Court notes Mr. Wilson hired counsel located in the Central District to represent
24 him in another employment lawsuit filed against Walgreens in the Central District. *See* Def.'s RJN,
25 Ex. A (complaint). Evidently, Mr. Wilson has no particular problem in prosecuting litigation in the
26 Central District. If this fact does not raise the specter of forum shopping in the instant case, at the
27 very least, it demonstrates the Central District is a convenient forum for him.
28

The Court concludes that a transfer of this case to the Central District is appropriate. In so holding, the Court acknowledges that, under Ninth Circuit precedent, a defendant must, as a general matter, "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker*, 805 F.2d at 843. But that showing has been established here, particularly because Plaintiffs' choice of forum is entitled to reduced deference and because the convenience of the witnesses (as presented in the record before the Court) strongly favor the Central District.

### III. CONCLUSION

For the foregoing reasons, Walgreens's motion to transfer is hereby granted. The Clerk of the Court is directed to transfer the case to the Central District of California.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: September 14, 2011

_____
EDWARD M. CHEN
United States District Judge

9