O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#57

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | March 26, 2012 |
|---|---|---|---|
| Title | George Wilson, et al. v. Walgreen Co. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                               Not Present

**Proceedings:**     (In Chambers) Order DENYING Defendant's Ex Parte Application for a Protective Order

Before the Court is Defendant Walgreen Co.'s ("Defendant") ex parte application for a protective order. Dkt. # 57. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the application.

I.     Background

In May 2011, Plaintiffs George Wilson and Tanarica Martin ("Plaintiffs") filed this putative class action. *Compl.* ¶ 1. Plaintiffs are former employees of Defendant who seek, inter alia, unpaid wages. *Compl.* ¶¶ 1, 12. In June 2011, Plaintiffs' counsel Scott Cole placed information on his firm's website concerning this case. *DeSario Decl.* ¶ 3. Plaintiffs' counsel also placed an internet ad on the website Facebook regarding this case. *Id.* Defendant's counsel "recently" became aware of the Facebook ad. *Tabacopoulos Decl.* ¶ 6. Defendant's counsel is silent as to when they became aware of the statement on Plaintiff's counsel's website.

On March 1, 2012, Defendant sent Plaintiff's counsel a letter demanding, inter alia, that he remove the information from his website and cease to utilize Facebook to advertise this case. *Tabacopoulos Decl.*, Ex. D. Before Plaintiff's counsel received the cease and desist letter, he removed the ads from Facebook. *DeSario Decl.* ¶ 3. On March 15, 2012, Defendant's counsel informed Plaintiffs' counsel that Defendant would be moving ex parte for a protective order regarding the statements on the website and the Facebook ads. *Tabacopoulos Decl.* ¶ 8. In the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#57

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | March 26, 2012 |
|---|---|---|---|
| Title | George Wilson, et al. v. Walgreen Co. | | |

afternoon of Friday March 16, Defendant filed an ex parte application for a protective order and sanctions.  Dkt. # 57.  Defendant contends this matter must be heard ex parte "because if heard on regular notice, Walgreens will suffer immediate and irreparable harm before any hearing on Walgreens' motion for protective order could be heard."  *Tabacopoulos Decl.* ¶ 2.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit.  In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

As an initial matter, Plaintiffs' counsel avers the Facebook ads were removed prior to Defendant sending its cease and desist letter.  *DeSario Decl.* ¶ 3.  Thus, there does not appear to be any necessity for ex parte relief regarding the Facebook ads.

The sole issue thus becomes whether Defendant is entitled to ex parte relief regarding the statements on Plaintiffs' counsel's website.  On this issue, Defendant's ex parte application fails because Defendant has not shown it is without fault in creating the crisis requiring ex parte relief.  The statements were placed on the website approximately nine months ago in June 2011.  *DeSario Decl.* ¶ 3.  While Defendant's counsel represents it "recently" learned of the Facebook ad, Defendant's counsel is conspicuously silent as to when it learned of the allegedly misleading information on Plaintiffs' counsel's website.  *Tabacopoulos Decl.* ¶ 6.  An ex parte application must "establish[] that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *See Mission Power*, 883 F. Supp. at 492.  By omitting any mention of when Defendant learned of statements placed on Plaintiffs' counsel's website in June 2011, Defendant has not demonstrated why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  *Id.*  For the same reasons, Defendant has failed to demonstrate why the Court should not benefit from the fundamental purpose of the adversary system (i.e., "the best possible presentation of the merits and demerits of the case on each side") rather than be forced to consider an opposition drawn together over a weekend after Defendant filed its ex parte motion on a Friday afternoon.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#57

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | March 26, 2012 |
|---|---|---|---|
| Title | George Wilson, et al. v. Walgreen Co. | | |

*See id.* at 491. Accordingly, Defendant has not demonstrated entitlement to ex parte relief.

IV.   Conclusion

Based on the foregoing, the Court DENIES Defendant's ex parte application for a protective order.

**IT IS SO ORDERED.**