SEYFARTH SHAW LLP
Diana Tabacopoulos (SBN 128238)
E-mail: dtabacopoulos@seyfarth.com
Jill Porcaro (SBN 190412)
E-mail: jporcaro@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

SEYFARTH SHAW LLP
Candace Bertoldi (SBN. 254725)
E-mail: cbertoldi@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071-1406
Telephone: (213) 270-9600
Facsimile:  (213) 270-9601
Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILSON, TANARICA MARTIN, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO. and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.  CV 11-7664 PSG (FFMx) <br><br> CLASS ACTION <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT** <br><br> [FED. R. CIV. P. 12(b)(6), 12(f)] <br><br> [Filed concurrently with Notice of Motion; Request for Judicial Notice, Appendix of Non-Published Authorities; and [Proposed] Order] <br><br> Hearing Date:      June 4, 2012 <br> Time:                    1:30 p.m. <br><br> Complaint filed:  5/13/11 <br> First Amended Complaint filed: 7/22/11 <br> Second Amended Complaint filed: 3/21/12 |

1
2

# **TABLE OF CONTENTS**

3   SUMMARY OF ARGUMENT ..................................................................1

4   PROCEDURAL HISTORY ...................................................................3

5   I.   The *Kelly* Class Action and Settlement Agreement ............................3

6   II.   Plaintiffs File A Copycat Action With Cole & Associates - The
7        Same Counsel As The *Kelly* Case ..................................................5

8   LEGAL ARGUMENT.........................................................................8

9   I.   Plaintiffs' Individual And Class Claims Are Barred, In Part, By
        The Doctrine Of *Res Judicata* ......................................................8

10       A.   Plaintiffs Cannot Represent A Sub-Class Of "Assistant
             Managers" That Include MGT And AMN Employees
11           Whose Claims Are Barred By The *Kelly* Agreement ...............8

12       B.   Plaintiffs Were Members Of The *Kelly* Plaintiff Class
             And Released Their Individual Claims Through May 6,
13           2010..................................................................................10

14   II.   Plaintiffs' SAC Fails To Meet The Federal Pleading
         Requirements ........................................................................11

15       A.   Pleading Standard Under Rule 8(a), *Twombly*, and *Iqbal* ........11

16       B.   Plaintiffs Fail To Meet The Pleading Standards Under
17           Rule 8 ............................................................................13

18           1.   Plaintiffs' First Claim Fails To Aver Facts to Show
                  that Defendant Failed to Make Meal and Rest
19                Breaks Available.......................................................13

20           2.   Plaintiffs' Second Claim For Relief (For Failure
                  To Pay Wages) Fails On Multiple Grounds And
21                Should Be Dismissed ..................................................14

22           3.   Plaintiffs' Third Claim (For Failure To Provide
                  Accurate Itemized Wage Statements) Should Be
23                Dismissed Because It Is Derivative Of The Other
                  Claims And Fails To State a Section 226 Claim...........16
24
25           4.   Plaintiffs' Fourth and Fifth Claims Under
                  California's UCL And PAGA Must Be Dismissed
26                Because They Are Derivative Of The Other
                  Defective Claims .......................................................17

27
28

-ii-

## <u>TABLE OF CONTENTS (Cont'd)</u>

C.    Plaintiffs' Conclusory Allegations Of Class-Wide Harm Are Insufficient To Plead Viable Class-Wide Claims Under Rule 23 ........................................................................18

    1.    Plaintiffs' Purported "Classes" Are Not Ascertainable ..............................................................18

    2.    The Proposed Non-Exempt Employee/Security-Check Sub-Class Is An Inappropriate Failsafe Class ........................................................................22

    3.    Plaintiffs Fail To Aver Facts Showing Putative Class Members Have Common Claims Or That Plaintiffs' Claims Are Typical ......................................24

CONCLUSION ........................................................................25

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adams v. California Department of Health Services*
  487 F.3d 684 (9th Cir. 2007)............................................................8

*Allen v. Chicago Transit Authority*
  2000 U.S. Dist. LEXIS 11043 (N.D. Ill. July 28, 2000) ..................20

*Allen v. McCurry,*
  449 U.S. 90, 94 (1980)............................................................... 8-9

*Anderson v. Blockbuster Inc.*
  2010 WL 1797249 (E.D. Cal. May 4, 2010) ............................. 12, 14

*Ashcroft v. Iqbal*
  2009 WL 1361536, 129 S. Ct. 1937 (2009)............................passim

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........passim

*Brown v. Federal Express Corp.*
  249 F.R.D. 580 (C.D. Cal. 2008) ...............................................13

*Consolidated Rail Corp. v. Town of Hyde Park*
  47 F.3d 473 (2nd Cir. 1995).......................................................22

*Cruz v. Dollar Tree Stores, Inc.*
  2011 WL 2682967 (N.D. Cal 2011) ............................................21

*Deirmenjian v. Deutsche Bank, A.G.*
  526 F. Supp. 2d 1068 (C.D. Cal. 2007) .......................................11

*Deleon v. Time Warner Cable*
  2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009)....................... 12, 21

*Doe I v. Wal-Mart Stores, Inc.*
  572 F.3d 677 (9th Cir. 2009).....................................................21

*Dunn v. Midwest Business, Inc.*
  94 F.R.D. 170 (E.D. Ark. 1982) .................................................23

*Edwards v. McCormick*
  196 F.R.D. 487 (S.D. Ohio 2000) ..............................................19

*Eisen v. Carlisle & Jacquelin*
  417 U.S. 156 (1974)..................................................................22

*Elliot v. Spherion Pacific Work, LLC*
  572 F. Supp. 2d 1169 (C.D. Cal. 2008) ...................................16-17

*Gabriella v. Wells Fargo Financial, Inc.*
  2008 WL 3200190 (N.D. Cal. August 4, 2008)............................13

-iv-

## <u>TABLE OF AUTHORITIES (Cont'd)</u>

*Hagen v. City of Winnemucca*
  108 F.R.D. 61 (D. Nev. 1985)......................................................................23

*In re Tetracycline Cases*
  107 F.R.D. 719 (W.D. Mo. 1985) .............................................................19

*Indiana State Employees Ass'n, Inc. v. Indiana State Highway Comm'n*
  78 F.R.D. 724 (S.D. Ind. 1978) ...............................................................23

*Kenny v. Supercuts*
  252 F.R.D. 641 (N.D. Cal. 2008) .............................................................13

*Mauro v. Federal Express Corp.,*
  2009 WL 1905036 (C.D. Cal. June 18, 2009) ..........................................10

*Metcalf v. Edelman*
  64 F.R.D. 407 (N.D. Ill. 1974) ................................................................23

*Murray v. Sears, Roebuck and Co.*
  2010 WL 2898291 (N.D. Cal. July 21, 2010)...........................................10

*Nicholas v. CMRE Financial Services, Inc.*
  2009 WL 1652275 (D.N.J. June 11, 2009).................................................12

*Nottingham Partners v. Trans-Lux Corp.*
  925 F.2d 29 (1st Cir. 1991) ........................................................................8

*O'Connor v. Boeing N. Am., Inc.*
  197 F.R.D. 404 (C.D. Cal. 2000) .............................................................19

*Perez v. Safety-Kleen Sys., Inc.*
  253 F.R.D. 508 (N.D. Cal. 2008) .............................................................13

*Riley v. Compucom Systems, Inc.*
  2000 U.S. Dist. LEXIS 4096 (N.D. Texas April 3, 2000)........................20

*Salazar v. Avis Budget Group*
  251 F.R.D. 529 (S.D. Cal. 2008) .............................................................13

*Sanders v. Apple Inc.*
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .....................................................12

*Taylor v. Sturgell*
  553 U.S. 880, 121 S. Ct. 2161 (2008) ......................................................10

*Waisbein v. UBS Fin. Servs., Inc.*
  2007 WL 4287334 (N.D. Cal. 2007).........................................................12

*Wal-Mart Stores, Inc. v. Dukes*
  2011 U.S. LEXIS 4567, 131 S. Ct. 2541 (Ord. pub. June 20, 2011).................20

-v-

# TABLE OF AUTHORITIES (Cont'd)

*Washington v. Joe's Crabshack*
  271 F.R.D. 629 (N.D. Cal. 2010) ..................................................................20

*Weigele v. FedEx Ground Package Sys., Inc.*
  2010 WL 4723673 (S.D. Cal., November 15, 2010) .......................................21

*White v. Starbucks*
  497 F. Supp. 2d 1080 (N.D. Cal. 2007) ........................................................13

*Zephyr Aviation v. Aviation v. Key Tech Limited,* 2008 WL 759095 (N.D. Fl
  March 20, 2008).............................................................................................9

*Zinser v. Accufix Research Inst., Inc.*
  253 F.3d 1180 (9th Cir. 2001).....................................................................18

**CALIFORNIA CASES**

*Ingels v. Westwood One Broadcasting Services, Inc.*
  129 Cal. App. 4th 1050 (2005).....................................................................17

*Jaimez v. Daiohs USA, Inc.*
  181 Cal. App. 4th 1286 (2010).....................................................................16

*Lazar v. Hertz Corp.*
  69 Cal. App. 4th 1494 (1999)........................................................................17

*Price v. Starbucks*
  192 Cal. App. 4th 1136 (2011)..................................................................16-17

**FEDERAL STATUTES**

28 U.S.C.
  Section 1441(a)..............................................................................................5
  Section 1446 ..................................................................................................5
  Section 1332(d)(2) ........................................................................................5

**FEDERAL RULES**

FED. R. CIV. P.
  Rule 8 ...................................................................................................passim
  Rule 12(b)(6) .........................................................................................11, 21
  Rule 23 ................................................................................................passim

**CALIFORNIA STATUTES**

Cal. Bus. and Prof. Code,
  Sections 17200 *et seq.* ..................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

# TABLE OF AUTHORITIES (Cont'd)

Cal. Labor Code
  Section 200 ............................................................................................8
  Section 201 ......................................................................................8, 15
  Section 202 ......................................................................................8, 15
  Section 203 ..........................................................................................15
  Section 204 ......................................................................................8, 15
  Section 226 ..............................................................................8, 9, 16
  Section 510 ............................................................................................8
  Section 512 ..........................................................................................13
  Section 558 ............................................................................................8
  Section 1174 ......................................................................................8, 9
  Section 1194 ..........................................................................................8
  Section 1198 ..........................................................................................8
  Sections 2698, *et seq.*..........................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

## **SUMMARY OF ARGUMENT**

This is the second putative class action lawsuit filed against Walgreen Co. ("Defendant" or "Walgreens") by Scott Cole & Associates, APC ("Cole & Associates"), alleging claims for unlawful meal and rest break policies, failure to pay wages, and related claims.  In the first action, entitled *Kelly, et al. v. Walgreen Co.* (hereinafter "*Kelly*"), Cole & Associates brought an action on behalf of a putative class of certain non-exempt, front-end managers employed in California, specifically, Management Trainees ("MGTs") and Assistant Manager Non-Registered ("AMNs").  That action was resolved when the parties reached a settlement and release of the individual and class claims, effective May 6, 2010.

In this action, Cole & Associates now seeks to represent Plaintiffs George Wilson ("Wilson") and Tanarica Martin ("Martin") (collectively, "Plaintiffs") — both of whom work for Walgreens as MGTs — and both of whom are members of the *Kelly* settlement class.  Plaintiffs further seek to represent a putative class of Walgreens' nonexempt employees (dating back to May 13, 2007) including other MGTs and AMNs who were also members of the settlement class in *Kelly*.  As in *Kelly*, here too, Plaintiffs assert putative class claims for alleged violations of California's meal and rest break requirements, for failure to pay wages for all hours worked including work allegedly performed off-the-clock, for failure to provide accurate, itemized wage statements, for waiting-time penalties, for violation of California's Unfair Competition Law ("UCL"), and for violation of California's Private Attorney General Act ("PAGA").[1]

Plaintiffs' individual claims preceding May 6, 2010, are not only barred by the release in *Kelly* but so are the claims of the MGTs and AMNs they seek to

---

[1] This time around, however, Cole & Associates purports to represent a much broader class of all non-exempt, retail employees employed by Walgreens during the relevant period.  (Second Amended Complaint ("SAC"), ¶¶ 1-3.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

represent.  Specifically, as part of a settlement reached in the *Kelly* action, Plaintiffs and the settlement class of MGTs and AMNs fully and forever released all claims that were or could have been raised in that prior action through May 6, 2010.[2]

Further, assuming *arguendo* that Plaintiffs' individual or class claims are not barred and/or released by the *Kelly* action, the SAC still must be dismissed because it fails to set forth facts sufficient to render the putative class claims plausible as required by Fed. Rules of Civ. Proc. ("FRCP") Rule 8 ("Rule 8") and by the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 2009 WL 1361536, 129 S. Ct. 1937 (2009).  The SAC fails to state facts to show how Plaintiffs, let alone *all* non-exempt, retail employees of Walgreens in California, in dozens of distinct job positions (including managerial, non-managerial, front-end and pharmacy positions) across 612 retail stores in California, were wronged.  Plaintiffs–who have worked only as MGTs during the relevant period and then only in a few stores–have not, nor could they, allege facts sufficient to show how they or any other number of non-exempt, retail employees were denied meal and rest breaks, were forced to work off-the-clock, or were injured in some other legally cognizable way.  Instead, they rely on nothing more than a formulaic recitation of the elements of the alleged claims, class certification requirements, and asserted legal conclusions.  Plaintiffs' claims are therefore defective and should be dismissed because they fall short of federal pleading requirements.  Additionally, Plaintiffs are current employees and therefore lack standing to claim waiting-time penalties.  The UCL and PAGA claims also fail as they are entirely derivative of Plaintiffs' other defective legal claims.

---

[2] *See,* RJN, Exh 3 (*Kelly* Agreement).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT
14311274v.1

Plaintiffs' SAC also fails to sufficiently plead the requirements for class certification under FRCP Rule 23 ("Rule 23") because the classes upon which they are based are unascertainable without individualized inquiry.  Plaintiffs' purported classes are "failsafe" classes that improperly premise class membership on resolution of issues central to the case.  They further lack standing to try to represent such amorphous classes and fail to show how they could, given their limited employment experiences.  The SAC fails to state facts to show how the experiences of Plaintiffs, who worked for Walgreens in a single front-end managerial position throughout the putative class period, are typical of all other: (1) non-exempt, front-end managerial positions, (2) non-exempt, managerial pharmacy positions, (3) non-exempt, non-managerial, front-end retail positions, or (4) non-exempt, non-managerial, pharmacy positions that make up the purported putative class.  Indeed, in many respects Plaintiffs' experiences as MGTs and their claims based on those experiences would likely conflict with non-managerial employee experiences.

Based on the overwhelming legal and factual deficiencies that plague Plaintiffs' SAC, the Court should dismiss the entire case or, in the alternative, strike the class and PAGA allegations.  To the extent the Court permits Plaintiffs to proceed at all, the putative class should be limited to the MGT position and claims arising after May 6, 2010.

## PROCEDURAL HISTORY

### I.      The *Kelly* Class Action and Settlement Agreement

On June 15, 2007, Plaintiffs' counsel, Cole & Associates, filed the *Kelly* class action against Walgreens in the San Francisco Superior Court, (San Francisco Superior Court Case No. CGC-07-464347).  The complaint was amended on

1    November 21, 2007 to clarify the putative class.[3]  The *Kelly* First Amended

2    Complaint ("*Kelly* FAC") alleged claims for rest and meal period violations,

3    unpaid wages and overtime, and related claims.[4]  The complaint later was amended

4    to include a claim under California's PAGA, Cal. Labor Code § 2698, *et al.*

5    ("*Kelly* Second Amended Complaint (" *Kelly* SAC)").[5]  In or around June 2009,

6    the parties agreed to settle the class claims alleged in *Kelly* and drafted a Class

7    Action Settlement Agreement and Stipulation ("*Kelly* Agreement").[6]  Pursuant to

8    the *Kelly* Agreement, the parties agreed to:

9            fully, finally, and forever settle, compromise, and discharge all
             disputes and claims that were raised in the Lawsuit or that relate to *or*
10           *reasonably could have arisen out of the same facts* alleged in the
             Lawsuit, including but not limited to requests for equitable relief and
11           requests for penalties and damages relating to the payment or manner
             of payment of wages for time worked (including but not limited to
12           payment of waiting-time penalties under California Labor Code §
             203), and the provision of meal and rest periods, that have been
13           asserted, *or could have reasonably been asserted*, by members of the
             Plaintiff Class during the Settlement Period.[7]

14   (Emphasis added).  The *Kelly* Agreement applies to all persons who were

15   employed by Walgreens as an MGT and/or AMN in California at any time during

16   the class period of June 15, 2003 through November 4, 2009, the date the Court

17   preliminarily approved the settlement ("*Kelly* Plaintiff Class").[8]  As MGTs during

18   the relevant period, **Plaintiffs were members of the *Kelly* Plaintiff Class** and

19   subject to the terms of the *Kelly* Agreement, including the release provisions set

20   forth in paragraphs 53 through 55.[9]

21

22

23   _____
     [3] *See* Request for Judicial Notice ("RJN"), filed concurrently herewith Exh. 1
     (*Kelly* FAC).
24   [4] *Id.*(*Kelly* FAC) at ¶ 1.
     [5] *Id.* RJN, Exh 2 (*Kelly* SAC) at ¶¶ 64-69.
25   [6] *Id.* RJN Exh. 3, (*Kelly* Agreement) at ¶ 12.
     [7] *Id.* (*Kelly* Agreement) at ¶ 13.
26   [8] *Id.* (*Kelly* Agreement) at ¶ 5; *see also* RJN, Exh 4 (*Kelly* Order granting
     preliminary approval of settlement agreement).
27   [9] *Id.* (*Kelly* Agreement) at ¶¶ 53-55.

28                                        -4-
     _____
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT
     14311274v.1

1

2

Paragraph 53 of the *Kelly* Agreement specifically states, in relevant part, that Plaintiffs and members of the Kelly Plaintiff Class have released:

> [A]ll non-FLSA individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or cases of action of whatever kind or nature, whether known or unknown that were alleged in the Lawsuit, or *that relate to or reasonably could have arisen out of the same facts alleged in the Lawsuit*, including but not limited to any claims under the federal (non-FLSA) and *state law for unpaid wages, unpaid overtime*, liquidated damages unlawful deductions from wages, conversion, *record-keeping violations, paycheck violations, meal period and rest period violations, and "waiting time" penalties*, during the period of June 15, 2003 up to and including the date of final approval by the Court.  This Release shall include without limitation, claims that were raised, or that reasonably could have been raised, under the applicable Wage Order and Labor Code sections 201, 202, 203, 212, 226, 226.3, 226.7, 510, 512, 558, 1194, 1198 as well as under Business and Professions Code section 17200 *et seq.* and/or Labor Code section 2698 *et seq.* based on alleged violations of these provisions.

(Emphasis added.)  The Court granted final approval of the *Kelly* Agreement on May 6, 2010, extending the release provisions set forth therein through that date.[10] Plaintiffs did not opt out of the *Kelly* Plaintiff Class, and Martin even submitted a settlement claim form.

## II.   Plaintiffs File A Copycat Action With Cole & Associates - The Same Counsel As The *Kelly* Case

On May 13, 2011, Cole & Associates filed the instant class action against Walgreens in the San Francisco Superior Court.  On June 14, 2011, Walgreens removed the case to the United States District Court for the Northern District pursuant to 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446. (Docket No. 1.)  On July 22, 2011, Plaintiffs filed the First Amended Complaint ("FAC"), which was essentially identical to the original Complaint.

---

[10] RJN, Exh 5 (*Kelly* Order granting final approval of settlement agreement).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

On August 8, 2011, Walgreens filed a Motion to Transfer the case to the Central District and a Motion to Dismiss First Amended Complaint or, in the Alternative, Strike Class Allegations. (Docket Nos. 22, 24.) Walgreens' motion to dismiss was fully briefed as of August 26, 2011. (Docket No. 31.) On September 14, 2011, the Northern District granted Walgreens' motion to transfer and, on September 16, 2011, the case was transferred to this Court. (Docket 38.) On October 27, 2011, the Court granted Walgreens' unopposed *Ex Parte* Application to Set Hearing Date for Walgreens' Previously-Filed and Fully Briefed Motion to Dismiss, and set a hearing date for December 19, 2011. (Docket No. 47.) On December 15, 2011, the Court took Walgreens' Motion to Dismiss under submission. (Docket No. 53.)

Three months later, Plaintiffs sought to amend the FAC to add a PAGA claim. On March 21, 2012, the Court granted Plaintiffs' unopposed Motion for Leave to File Second Amended Complaint and Plaintiffs' SAC—which added only PAGA allegations—became the operative complaint in this case. (Docket No. 60.) Indeed, despite having the benefit of Walgreens' Motion to Dismiss the FAC for more than seven months, Plaintiffs' SAC is identical to the deficient FAC in all respects except for the PAGA claim. In the SAC, which also is virtually identical to the *Kelly* SAC, Plaintiffs seek to represent two employee sub-classes: (1) all "Assistant Store Managers" employed by Walgreens in California between May 13, 2007 and the present ("assistant manager sub-class") and/or (2) all non-exempt retail employees who were "required, as a result of security searches or otherwise, to remain at work, under the control of Walgreens, after completion of these workers' ordinary duties, for which they were not compensated" between May 13, 2007 and the present ("non-exempt retail employee/security-check sub-class"). (SAC ¶ 2.) Plaintiffs seek to represent these individuals on a class-wide basis under Rule 23 and on a representative basis under PAGA.

-6-

1    Walgreens now resubmits this Motion to Dismiss or Strike Plaintiffs' SAC

2  on the grounds that it fails to state any legally or factually cognizable claim on an

3  individual or class-wide or representative basis.[11]

4    As an initial matter, Plaintiffs' purported class definitions are vague,

5  ambiguous, not readily ascertainable and should be stricken as discussed in Section

6  II(C)(1) below.  Further, because Plaintiffs fail to distinguish which causes of

7  action they assert on behalf of each sub-class, Walgreens must assume that

8  Plaintiffs have brought claims for failure to provide meal and rest periods, failure

9  to pay wages, and related claims on behalf of all non-exempt, retail employees,

10  including non-exempt front-end managers, non-exempt pharmacy managers, non-

11  exempt pharmacy employees, and other non-exempt, front-end retail employees

12  employed by Walgreens in California since May 13, 2007.

13    Regardless of how Plaintiffs have defined the putative class or putative sub-

14  classes, this case largely regurgitates class claims asserted in *Kelly.*  A chart

15  compares the two actions.

| Putative Class | *Wilson/ Martin* | Non-exempt "Assistant Managers" **and** all non-exempt retail employees in California. |
|---|---|---|
| | *Kelly* | Non-exempt MGTs and AMNs in California |
| Parties | *Wilson/ Martin* | Wilson (MGT), Martin (MGT) and Walgreens |
| | *Kelly* | Kelly (MGT) and Walgreens |
| Class Period | *Wilson/ Martin* | May 13, 2007-present |
| | *Kelly* | June 15, 2003-November 4, 2009 (release period of June 15, 2003-May 6, 2010) |

[11] Walgreens resubmits this motion in response to the Court's minute order "mooting" the previously filed and fully briefed motion.  (Docket 62.)  This motion is substantially the same as the Motion to Dismiss First Amended Complaint or, in the Alternative, Strike Class Allegations that Walgreens filed more than eight months ago.

-7-

| Claims Asserted | Wilson/ Martin | Meal and rest period violations of Labor Code §§ 226.7 & 512, failure to pay wages and waiting-time violations of Labor Code §§ 200-204, overtime violations of Labor Code § 510, 1194, 1197 and 1198; wage statement violations of Labor Code § 226 & 1174; unfair business practice violations of B&P Code §§ 17200 *et seq.* (UCL) and PAGA violations under Labor Code §§ 2689 *et seq.* |
|---|---|---|
| | *Kelly* | Meal and rest period violations of Labor Code §§ 226.7 &512, waiting-time violations of Labor Code §§ 200-204, overtime violations of Labor Code §§ 510, 558, 1194 & 1197; wage statement violations of Labor Code §§ 226 & 1174; unfair business practices in violation of B&P Code §§ 17200 *et seq.* (UCL) and PAGA violations under Labor Code §§ 2689 *et seq.* |

It is clear that Plaintiffs' individual and class claims are barred, in part, by the *Kelly* Agreement.  Plaintiffs' legally barred claims should be dismissed with prejudice.  Even if not barred, Plaintiffs' claims should be dismissed for failure to meet the federal pleading requirements under Rule 8.

## LEGAL ARGUMENT

I.    **Plaintiffs' Individual And Class Claims Are Barred, In Part, By The Doctrine Of *Res Judicata***

    A.    **Plaintiffs Cannot Represent A Sub-Class Of "Assistant Managers" That Include MGT And AMN Employees Whose Claims Are Barred By The *Kelly* Agreement**

"It is beyond cavil that a suit be barred by earlier settlement of another suit in either two ways:  *res judicata* or release."  *Nottingham Partners v. Trans-Lux Corp.,* 925 F.2d 29, 31-32 (1st Cir. 1991).  Here we have both.

The rule against duplicative litigation serves judicial economy and the "comprehensive disposition of litigation."  *Adams v. California Department of Health Services,* 487 F.3d 684 (9th Cir. 2007).  Moreover, "dismissal of a duplicative suit protects the parties from vexatious and expensive litigation and serves the societal interest in bringing an end to disputes."  *Id. citing Allen v.*

-8-

1   *McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* relieves parties of cost of multiple

2   lawsuits, conserves judicial resources, and encourages reliance on adjudication).

3   The relevant inquiry is (1) whether the case involves the same parties and their

4   privies, and (2) whether separate cases arise from a common nucleus of facts (i.e.,

5   transaction/series of transactions).  *Zephyr Aviation v. Aviation v. Key Tech*

6   *Limited,* 2008 WL 759095 (N.D. Fl March 20, 2008), at *2, *6.

7          Here, it is clear that the two actions share a common transactional nucleus of

8   facts.  The *Kelly* SAC alleged that Walgreens employed "hundreds, if not

9   thousands, of individuals in recent years as Assistant Managers in California retail

10  stores who where not fully compensated for all labor performed and/or for working

11  through statutorily mandated paid and/or unpaid meal and/or rest periods."[12]  The

12  *Kelly* SAC further alleged that "Walgreens has elect[ed] not to compensate its

13  Assistant Managers for (1) time spent submitting to its security checks and/or

14  waiting, under the control of their employer, after the conclusion of their work shift

15  and/or, (2) otherwise not providing them with full meal and/or rest periods."[13]

16  These same allegations are detailed in Plaintiffs' SAC.  (SAC ¶ 4.)  The present

17  complaint differs only in that it expands the putative class to include all non-

18  exempt managerial and non-managerial retail employees employed by Walgreens,

19  which class by definition would also include MGTs and AMNs.  (*Id.* ¶¶ 2, 4.)

20  Plaintiffs' two other claims — one under Labor Code §§ 226 and 1174 for failure

21  to provide compliant wage statements and one for violation of the UCL — are

22  identical to those asserted in *Kelly*.  All of these claims were settled on the record

23  before Judge John E. Munter of the San Francisco Superior Court on May 6,

24  2010.[14]  In agreeing to settle the *Kelly* action, Plaintiffs' counsel agreed to stipulate

25

26  [12] *See,* RJN, Exh 2 (*Kelly* SAC) ¶ 4.
27  [13] *Id.* (*Kelly* SAC) ¶ 5.
    [14] *See* RJN, Exh. 5 (*Kelly* Order granting final approval of settlement agreement).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

to a dismissal and release of all pending claims as well as a release of claims that could have reasonably been asserted based on the same facts and legal theories.[15] Accordingly, this Court should strike the assistant manager sub-class to the extent it includes MGT and AMN employees and claims arising prior to May 6, 2010 as barred by *res judicata.*

## B.   Plaintiffs Were Members Of The *Kelly* Plaintiff Class And Released Their Individual Claims Through May 6, 2010

Based on Plaintiffs' employment as MGTs, Plaintiffs are bound by the terms and conditions of the *Kelly* Agreement, including the release provisions of that Agreement which extend through May 6, 2010.[16]  Even though Plaintiffs did not sign the *Kelly* Agreement, they are in privity with the representative plaintiff in *Kelly.*  Plaintiffs cannot challenge privity here as they were not only members of the *Kelly* Plaintiff Class, but they also are represented by the same class counsel in *Kelly.  See Mauro v. Federal Express Corp.,* 2009 WL 1905036 (C.D. Cal. June 18, 2009) (plaintiffs and putative class members who were also putative class members in earlier action were in privity with plaintiffs from that action); *see generally Taylor v. Sturgell*, 553 U.S. 880, 121 S. Ct. 2161, 2171 (2008) ("In a class action . . . a person not named as a party may be bound by a judgment on the merits of the action, if she was adequately represented by a party who actively participated in the litigation"); *Murray v. Sears, Roebuck and Co.,* 2010 WL 2898291, at * 5 (N.D. Cal. July 21, 2010) ("That Plaintiff was not a named plaintiff, class representative, witness or deponent in the [prior action] is not significant because such is the case with virtually every member in every class action ... .  [The prior action's] lawyers furnished adequate representation to the

---

[15] *See,* RJN, Exh. 3 (*Kelly* Agreement) at ¶¶ 13, 53-55.
[16] *Id.* (*Kelly* Agreement) at ¶¶ 13, 53-55; RJN, Exh. 5 (*Kelly* Order granting final approval of settlement agreement).

-10-

14311274v.1

1    other members of the putative class.  That decision was not challenged on appeal

2    and is not seriously contested now").

3        Plaintiffs have clearly released their individual right to pursue the claims at

4    issue in this action and all such claims should be dismissed with prejudice.

5    Without an individual right of action, Plaintiffs class claims also fail for lack of

6    standing.

7    **II.    Plaintiffs' SAC Fails To Meet The Federal Pleading Requirements**

8        **A.    Pleading Standard Under Rule 8(a), _Twombly_, and _Iqbal_**

9        Dismissal is appropriate under FRCP Rule 12(b)(6) where there is either a

10   "lack of [a] cognizable legal theory" to support a claim for relief or an "absence of

11   sufficient facts alleged under a cognizable legal theory."  _Deirmenjian v. Deutsche_

12   _Bank, A.G._, 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007) (dismissing class action

13   claims that failed to state a claim for relief).  To determine whether a pleading

14   alleges "sufficient facts," a Court must look at Rule 8(a)(2).  Under Rule 8(a)(2), a

15   pleading must contain "a short and plain statement of claim _showing_ that the

16   pleader is entitled to relief." (Emphasis added.)

17       In _Twombly_, _supra_, the Supreme Court held that Rule 8 requires adequate

18   factual allegations to support the relief that is sought:  "a plaintiff's obligation to

19   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

20   conclusions, and a _**formulaic recitation of the elements of a cause of action will**_

21   _**not do**_."  550 U.S. at 555 (emphasis added).  A plaintiff's "bare averment that he

22   wants relief and is entitled to it" does not satisfy Rule 8(a)(2).  _Id._ at 556 n.3.

23   Rather, the complaint must aver "enough facts to raise a reasonable expectation

24   that discovery will reveal evidence of [the claim]."  _Id._  _See also Ashcroft v. Iqbal_,

25   2009 WL 1361536, 129 S. Ct. 1937, 1949-50 (2009) (applying _Twombly_, the court

26   held that "where the well-pleaded facts do not permit the court to infer more than

27   the mere possibility of misconduct, the complaint has alleged—but it has not

28

-11-

14311274v.1

1    show[n] that the pleader is entitled to relief").

2          Since *Twombly* and *Iqbal* were decided, courts have recognized that class

3    actions must comply with the same minimum pleading requirements under Rule

4    8(a) in order to proceed to class discovery.  *See Anderson v. Blockbuster Inc.*, 2010

5    WL 1797249, at *3 (E.D. Cal. May 4, 2010) (dismissing class allegations on

6    motion to dismiss).[17]  This analysis of the pleadings does not mean that a court is

7    engaged in a premature class-certification analysis.  Rather, this standard

8    recognizes that *all* allegations, including those related to class treatment, must

9    contain sufficient allegations for a court to determine that a plaintiff is entitled to

10   move forward and subject defendants to the rigors, burdens, and costs of the

11   discovery that necessarily transpires in a putative class action lawsuit, particularly

12   one with such overreaching allegations as this lawsuit.

13         Complaints containing Rule 23 class allegations that are phrased merely as

14   legal conclusions do not pass muster under *Twombly* and *Iqbal*, the same way that

15   a single-plaintiff complaint would fail for merely stating legal conclusions.  *See,*

16   *e.g., Nicholas v. CMRE Financial Services, Inc.*, 2009 WL 1652275, at *4 (D.N.J.

17   June 11, 2009) (granting a motion for more definite statement where plaintiffs

18   made formulaic allegations of the Rule 23 requirements).  For example, Plaintiff

19   must allege some facts—more than just overbroad, conclusory contentions and

20   legal conclusions—that suggest that other employees had the same working

21   experiences alleged by Plaintiffs.

22         Thus, a two-pronged analysis determines the sufficiency of factual

23   allegations of a class-action complaint: (1) disregard conclusory allegations that

24   ――――――――――――――――
25   [17] *See e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009)
     (dismissing class allegations where plaintiff failed to plead facts to show
     predominating common questions); *Deleon v. Time Warner Cable,* 2009 U.S. Dist.
26   LEXIS 74345, at *3 (C.D. Cal. 2009) (dismissing class-action complaint under
     *Twombly* and *Iqbal*; *Waisbein v. UBS Fin. Servs., Inc.*, 2007 WL 4287334, at *2-3
27   (N.D. Cal. 2007) (same).

28

-12-

are not entitled to a presumption of truth and (2) determine whether the remaining allegations present a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1950. Plaintiffs' SAC does not plead facts sufficient to render the class claims plausible as required by *Twombly* and *Iqbal*.

## B.   Plaintiffs Fail To Meet The Pleading Standards Under Rule 8

### 1.   Plaintiffs' First Claim Fails To Aver Facts to Show that Defendant Failed to Make Meal and Rest Breaks Available

The SAC fails to allege specific facts of any instance in which Plaintiffs or any putative class member did not receive meal and rest breaks as required by law, or were not compensated for a missed meal or rest break.  For example, the SAC fails to include any facts to support a plausible claim that Defendant failed to make breaks available and meet their legal obligations, as opposed to Plaintiffs or other putative class members waiving them.  Instead, Plaintiffs make only boilerplate allegations that Walgreens failed to "provide[18] (1) meal breaks within the first five

---

[18] Plaintiffs SAC allegations appear to concede that a California employer's duty is to "provide" a meal break for each work shift exceeding five hours and to "authorize and permit" a rest break for each work shift that is at least three and one-half hours.  *See* Lab. Code § 512(a) ("An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . .");  Federal district courts in California have held that while employers cannot prevent or dissuade employees from taking meal or rest breaks, they need only make those breaks available and need not ensure that employees take them.  *See, e.g.*, *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D. Cal. 2008) (granting motion for summary judgment in part, and denying class certification motion in part, applying the "make available" standard); *Kenny v. Supercuts*, 252 F.R.D. 641, 645-46 (N.D. Cal. 2008) (rejecting argument that employers must ensure that employees take breaks); *Salazar v. Avis Budget Group*, 251 F.R.D. 529 (S.D. Cal. 2008) (denying class certification motion because class members could not show they were forced to miss breaks); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 585-86 (C.D. Cal. 2008) (rejecting argument that employers must ensure that employees take breaks); *Gabriella v. Wells Fargo Financial, Inc.*, 2008 WL 3200190, at *3 (N.D. Cal. August 4, 2008) (denying motion for class certification while applying standard that employers need only make break periods available to employees);*White v. Starbucks*, 497 F. Supp. 2d 1080 (N.D. Cal. 2007) (granting motion for summary judgment for employer while holding that employers need not ensure that employees take breaks).

-13-

14311274v.1

hours of a work shift, (2) uninterrupted thirty-minute meal periods, and/or (3) ten-minute rest periods to Class Members" (SAC ¶ 36) and "refuses to compensate these employees with one hour of compensation" for missed meal and rest breaks. (SAC ¶ 37.)

Because breaks need only be made available and need not be guaranteed, and because they can be waived by the employee, Plaintiffs must allege something more than that they merely missed breaks in order to claim that Walgreens violated applicable rest and meal provisions.  Plaintiffs' bare allegations leave Walgreens and the Court to question how Defendant actually failed to provide putative class members with required breaks.  Clearly, this bare allegation does not meet the requirements set forth in *Twombly* and *Iqbal*.  As a result, the Court should grant Walgreens' motion and dismiss first cause of action.

## 2. Plaintiffs' Second Claim For Relief (For Failure To Pay Wages) Fails On Multiple Grounds And Should Be Dismissed

Plaintiffs' second claim for relief fails, like Plaintiffs' other claims, because Plaintiffs' conclusory allegations do not meet the minimum pleading requirements. Plaintiffs merely allege that, "Defendant refused to compensate Plaintiffs and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code."  (SAC ¶ 42.)  Plaintiffs further allege that Walgreens had a policy of "requiring its non-exempt retail store employees, including Plaintiffs and Class Members, to submit to mandatory security checks of their persons and/or belongings without paying them compensation . . . ."  (SAC ¶ 4.)  These lackluster allegations are the exact same allegations that Courts routinely find to be inadequate.[19]  Nowhere in the SAC do

---

[19] *See, e.g., Anderson v. Blockbuster*, 2010 WL 1797249 at *3.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT
14311274v.1

Plaintiffs allege specific facts of uncompensated off-the-clock work.  They provide no dates, no names of supervisors, store locations, or any other information that demonstrates that the legal conclusions they aver have a factual basis.  Because of Plaintiffs' abject failure to plead any facts to support their allegations, the SAC is deficient.

Plaintiffs also claim violation of Labor Code §§ 201-204 for failure to timely pay wages during employment and upon termination of employment.  These claims must also be dismissed as derivative claims.  Plaintiffs allege that final paychecks did not include all wages owed, including but not limited to, unpaid overtime, and meal and rest period premiums.  (SAC ¶¶ 38, 48.)  Thus, these specific claims are merely derivative of Plaintiffs' other claims in relating to breaks and wages.  Because the underlying claims fail, these claims necessarily fail as well.

Additionally, Plaintiffs also lack standing to bring a claim for waiting-time penalties per Labor Code Section 203.  Section 203 provides that when an employer fails to pay "any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the date thereof at the same rate until paid or until an action thereof is commenced."  Thus, under the plain language of the statute, an employee can accrue waiting-time penalties only *after* the end of his employment.  Plaintiffs are current Walgreens employees and have not accrued any waiting-time penalties.  As Plaintiffs have no individual right to waiting-time penalties, they lack standing to pursue Section 203 penalties on behalf of a purported class of former Walgreens employees.  Thus, this Court should strike Plaintiffs' Section 203 allegations.

For all these reasons, the Court should dismiss Plaintiffs' second claim for relief.

14311274v.1

### 3. Plaintiffs' Third Claim (For Failure To Provide Accurate Itemized Wage Statements) Should Be Dismissed Because It Is Derivative Of The Other Claims And Fails To State a Section 226 Claim

Plaintiffs allege violations of Labor Code § 226 for failure to provide accurate itemized wage statements.  Although unclear in the  SAC, which provides that "none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class Member" (SAC ¶ 55), Plaintiffs' claim appears to be derivative of the other claims. Insofar as the other claims fail, so does Plaintiffs' Section 226 claim.

The Section 226 claim also fails for the independent reason that Plaintiffs fail to allege any facts regarding how, if at all, they were damaged by their wage statements, or that any failure was "knowing and intentional."  Section 226(e) sets forth the remedies available for violations of Section 226(a), and plainly provides that damages and penalties are *not automatically* recoverable for a violation of Section 226(a).  Rather, a prerequisite to recovering is that the employees show they "suffer[ed] an injury" as a result of the employer's "knowing and intentional" violation of Section 226(a).

Simply saying that a wage statement was "inaccurate" or "incomplete" does not support a claim.  *See Price v. Starbucks*,  192 Cal. App. 4th 1136, 1142 (2011) ("The injury requirement in section 226, subdivision (e), cannot be satisfied simply if one of the nine itemized requirements in section 226, subdivision (a) is missing from a wage statement"); *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010) (explaining that section 226's use of the phrase "suffering injury" requires that an employee demonstrate ***an injury*** arising from missing wage-statement information; "[D]eprivation of that information is not a cognizable injury") (emphasis added);  *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d

14311274v.1

1169, 1181 (C.D. Cal. 2008) (same).

Plaintiffs fail to allege that they suffered any injury at all, let alone plead any facts to support that they experienced any injury.  Instead, Plaintiffs summarily state that "as a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Classes are entitled to recover penalties ..." (SAC ¶ 56.)  Clearly, Plaintiffs' allegations are insufficient to show *injury* or ***actual harm.***

Nor have Plaintiffs pled any facts to support a claim that Defendant acted "knowingly" or "intentionally."  Instead, Plaintiffs rely on conclusory statements, devoid of any facts, that Defendant "willfully fail[ed]to provide Plaintiffs and Class Members with accurate semimonthly itemized statements . . . ."  (SAC ¶ 4.) Plaintiffs' allegations are utterly insufficient and the third cause of action should be dismissed.

### 4. Plaintiffs' Fourth and Fifth Claims Under California's UCL And PAGA Must Be Dismissed Because They Are Derivative Of The Other Defective Claims

Where, as here, a violation of the UCL is premised on the allegation that a practice is "unlawful" under some other law, a defense to the underlying violation is a defense to the UCL claim.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505-06 (1999).  In other words, defeating the underlying claim also extinguishes a UCL claim.  *See Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (holding that if the underlying claim is dismissed, "then there is no unlawful act upon which to base the derivative Unfair Competition claim"). Accordingly, the fourth cause of action should be dismissed.

Likewise, Plaintiffs' fifth cause of action for violation of PAGA is also wholly derivative of Plaintiffs' other defective claims and thus also defective.  *See e.g., Price v. Starbucks*, 192 Cal. App. 4th 1136, 1147 (2011) (affirming dismissal

-17-

1    of PAGA claims that were derivative of failing claims).

2    C.    **Plaintiffs' Conclusory Allegations Of Class-Wide Harm Are**

3          **Insufficient To Plead Viable Class-Wide Claims Under Rule 23**

4          Even assuming, *arguendo*, that Plaintiffs' SAC is not legally barred on its

5    face and that it complies with Rule 8 with respect to each claim, Plaintiffs' class

6    claims are still fatally deficient under Rule 23.  A plaintiff seeking class

7    certification must satisfy Rule 23(a) threshold requirements and also certification

8    requirements under a subsection of Rule 23(b).  *See* FED. R. CIV. P. 23; *Zinser v.*

9    *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Rule 23(a)

10   requires a showing of (1) numerosity, (2) common questions of law or fact,

11   (3) typical claims or defenses of representative parties, and (4) that the class

12   representatives are adequate. FED. R. CIV. P. 23(a).  Plaintiffs have alleged these

13   requirements in a conclusory fashion.[20]

14        1.    **Plaintiffs' Purported "Classes" Are Not Ascertainable**

15        Plaintiffs purport to represent classes of "assistant manager employees" and

16   all "non-exempt, retail employees" of Walgreens in California from May 13, 2007

17   to the present.  (SAC ¶¶ 2-3.)  Specifically, they purport to represent all non-

18   exempt retail employees who were "required, as a result of security searches or

19   otherwise, to remain at work, under the control of Walgreens, after completion of

20

21   _____

     [20] *Compare* SAC ¶ 24(a) ("The members of the Plaintiff Classes are so numerous
22   that joinder of all members is impracticable") *with* FED. R. CIV. P. 23(a)(1) ("class
     is so numerous that joinder of all members is impracticable"); *compare* SAC ¶
23   24(b) ("there are numerous common questions and issues of fact and law which
     predominate over any questions and issues solely affecting individual members")
24   *with* FED. R. CIV. P. 23(a)(2) ("[T]here are questions of law or fact common to the
     class"); *compare* SAC ¶ 24(c) ("Plaintiffs' claims are typical of the claims of the
25   Plaintiff Classes") *with* FED. R. CIV. P. 23(a)(3) ("[T]he claims or defenses of the
     representative parties are typical of the claims or defenses of the class"); and
26   *compare* SAC ¶ 24(d) ("Plaintiffs in this class action are adequate representatives
     of the Plaintiff Classes . . . and are committed to vigorous prosecution of this
27   case") *with* FED. R. CIV. P. 23(a)(4) ("[T]he representative parties will fairly and
     adequately protect the interests of the class").

28

14311274v.1

1   these workers' ordinary duties, for which they were not compensated." *Id.*

2        In order to obtain class certification, the class definition must be "precise,

3   objective, and presently ascertainable." *O'Connor v. Boeing N. Am., Inc.,* 197

4   F.R.D. 404, 416 (C.D. Cal. 2000) (quoting Manual for Complex Litigation Third §

5   30.14 at 217 (1995)); *see also In re Tetracycline Cases,* 107 F.R.D. 719, 728

6   (W.D. Mo. 1985) (proposed class must not be amorphous, vague or indeterminate).

7   Plaintiffs must present a "*precisely defined class*" so that the Court can ascertain

8   who is in the class without an extensive factual inquiry. *Edwards v. McCormick*,

9   196 F.R.D. 487, 490-91 (S.D. Ohio 2000) (citations omitted).  The important

10  elements of defining a class include:  "(1) specifying a particular group at a

11  particular time frame and location who were harmed in a particular way; and

12  (2) defining the class such that a court can ascertain its membership in some

13  objective manner."  *Id.*  "Where named plaintiffs fail to define the class

14  adequately, the court need not proceed to a full Rule 23 analysis." *Id.* at 493.

15       A class of "assistant managers" and all "non-exempt, retail employees"

16  employed by Walgreens in California over more than four years is not precise, nor

17  is it objective or presently ascertainable.  The SAC does not define "assistant

18  managers" or "non-exempt retail employees," nor does it set forth Plaintiffs' job

19  titles or the specific employee positions or job titles within Walgreens that would

20  be included under these designations.  In reality, these putative "classes" could

21  include a wide array of employees:  from a service clerk to a manager to a

22  pharmacist.

23       In the absence of a clear and consistent class definition, the class is not

24  ascertainable, Walgreens is left to guess as to the scope of the intended class and

25  cannot meaningfully respond to the complaint or discovery in this matter, and the

26  Court will be unable to bind a definable category of persons or provide class-wide

27  notice or class-wide remedies if in theory any such class could be certified.  For

28

-19-

1  example, to determine who was "required, as a result of security searches or

2  otherwise, to remain at work, under the control of Walgreen [sic], after completion

3  of these workers' ordinary duties, for which they were not compensated," the

4  Court would have to engage in individualized inquiries of every non-exempt retail

5  employee employed in California from May 13, 2007 to the present.  Such claims

6  would then need to be supported by individualized proof.  Conflicting evidence

7  would have to be heard and assessed and credibility issues resolved before a class

8  member's entitlement could even be determined.  In sum, a full trial would have to

9  be held just to identify the members of the class.  Where individualized proof is

10  necessary, a class action is not an economical or efficient way of processing the

11  complaints of the proposed class.  *Riley v. Compucom Systems, Inc.*, 2000 U.S.

12  Dist. LEXIS 4096 at 8 (N.D. Texas April 3, 2000); *see Allen v. Chicago Transit*

13  *Authority*, 2000 U.S. Dist. LEXIS 11043 at 22-23 (N.D. Ill. July 28, 2000) (holding

14  that due to the individualized nature of each claim, even if the named plaintiff can

15  ultimately prove that the employer discriminated against him, plaintiff will not

16  have established the elements of any other class member's claims); *Accord*

17  *Washington v. Joe's Crabshack*, 271 F.R.D. 629, 640 (N.D. Cal. 2010) (finding

18  individualized inquiries would be necessary to determine whether employees

19  worked off the clock, which necessarily meant that a class action claim was not

20  viable).

21       In order to legitimately define the class, Plaintiffs must allege that this large

22  class of individuals shares similar objective characteristics and common

23  transactional facts that bind them all together such that they can properly constitute

24  a class.  *See Wal-Mart Stores, Inc. v. Dukes,* 2011 U.S. LEXIS 4567, 131 S. Ct.

25  2541 (Ord. pub. June 20, 2011) (Without evidence of an unlawful "company-wide

26  policy . . . implemented by managers through their discretionary decisions, or other

27  evidence of an [unlawful]company-wide practice, there is nothing to bind these . . .

28

claims together in a single action.").[21] Failure to plead sufficient facts necessary to meet the Rule 23 requirements renders the complaint defective and it must be dismissed. *See also, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (affirming motion to dismiss in a wage and hour class action; "plaintiff's general statement [of facts] is a conclusion, not a factual allegation stated with any specificity. We need not accept plaintiff's unwarranted conclusion in ruling on a motion to dismiss."); *Deleon*, 2009 U.S. Dist. LEXIS 74345 at *6 and *7 (Granting Rule 12(b)(6) motion in a wage and hour lawsuit because "Plaintiff simply parrots the statutory language . . . . If Plaintiff wishes to survive a motion to dismiss, Plaintiff must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by Plaintiff."). *Accord Weigele v. FedEx Ground Package Sys., Inc.*, 2010 WL 4723673 at *4 and *5 (S.D. Cal., November 15, 2010) (granting motion to dismiss based on conclusory allegations, such as "Defendant willfully failed and refused, and continues to fail and refuse to pay lawful overtime and compensation to each of the Plaintiffs;" "The allegations in the [complaint] are paradigmatic examples of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements; "If Plaintiff[s] wish[] to survive a motion to dismiss, Plaintiff[s] must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendant[] [is] liable for the claims alleged by Plaintiff[s]." The [complaint] does not plead sufficient factual content to put Defendant or the Court on notice of a basis of the added Plaintiffs' claims. As a result, Plaintiffs fail to state a claim upon which relief can be granted.").

---

[21] *See e.g., Cruz v. Dollar Tree Stores, Inc.*, 2011 WL 2682967, * 5 (N.D. Cal 2011) (holding certification was improper in class action for unpaid overtime and meal and rest period violations under the California Labor Code; "the United States Supreme Court's recent decision in Dukes provides a forceful affirmation of a class plaintiff's obligation to produce common proof of class-wide liability in order to justify class certification.").

Here, Plaintiffs allege *no facts* (much less common facts) regarding particular Walgreens employees who worked "without being compensated" or "were required to miss meal or rest periods." They even fail to define what they mean by the putative vague class of employees who "as a result of security searches *or otherwise*" (emphasis added) were allegedly made to remain at work without being paid. Moreover, Plaintiffs do not even mention any specific instances in which *they* were required to work overtime, miss a meal or rest break, or otherwise work without being justly compensated, and have not even pled what their positions were during the relevant time period or facts showing that they are similarly situated to the class of individuals they purport to represent.

Clearly, Plaintiffs have failed to plead common *facts* demonstrating that all Walgreens "non-exempt, retail employees," working in different locations, in varying capacities and with diverse job duties, share common questions of law and fact necessary to establish the required community of interest for class action purposes. All Plaintiffs have pled are legal conclusions; their failure to allege any specific facts in support of those conclusions is fatal.

**2.    The Proposed Non-Exempt Employee/Security-Check Sub-Class Is An Inappropriate Failsafe Class**

This Court should also strike Plaintiffs' class allegations relating to the Security-Check Sub-Class because class membership is premised on the resolution of liability. It is well-established that in order for a class to meet its ascertainability requirement, its definition must depend upon objectively verifiable characteristics. *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 484 (2nd Cir. 1995). Otherwise, class certification will effectively turn on a determination of merits, something the United States Supreme Court has rejected. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974) (rejecting a procedure that "gives a court any authority to conduct a preliminary inquiry into the merits of

1    a suit in order to determine whether it may be maintained as a class action").

2        Indeed, there is a virtually inexhaustible supply of published cases in which

3    class certification was denied to a "failsafe" class, *e.g.*, one that premises class

4    membership on the resolution of disputed issues.  *See Dunn v. Midwest Business,*

5    *Inc.,* 94 F.R.D. 170, 172 (E.D. Ark. 1982) (denying certification of class of "those

6    who have been actually discriminated against" because class has no limits until

7    conclusion of trial on the merits); *Hagen v. City of Winnemucca,* 108 F.R.D. 61, 63

8    (D. Nev. 1985) (finding certification inappropriate for class defined to consist of

9    "all persons whose constitutional rights had been violated"); *Indiana State*

10   *Employees Ass'n, Inc. v. Indiana State Highway Comm'n,* 78 F.R.D. 724, 725

11   (S.D. Ind. 1978) (denying certification of class consisting of three groups of

12   injured persons because the class definition was framed as a legal conclusion);

13   *Metcalf v. Edelman,* 64 F.R.D. 407, 409 (N.D. Ill. 1974) (finding that plaintiffs'

14   four proposed class definitions each called for a legal conclusion).

15       Here, Plaintiffs' proposed classes presuppose and rely on resolution of

16   ultimate issues of liability, and therefore cannot be certified.  A class of employees

17   who were "required, as a result of security searches or otherwise, to remain at

18   work, under the control of Walgreens, after completion of these workers' ordinary

19   duties, for which they were not compensated," is indefinite and can never be

20   ascertained without a trial on the merits of these legal assertions.  Because

21   Plaintiffs' "non-exempt employee/security-check sub-class" constitutes an

22   impermissible "failsafe" class and is framed in terms of legal conclusions and

23   cannot be ascertained absent a finding of fact on liability, it should be stricken

24   from the Complaint.

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1

### 3.   Plaintiffs Fail To Aver Facts Showing Putative Class Members Have Common Claims Or That Plaintiffs' Claims Are Typical

In addition to the numerous deficiencies even with their own individual claims as detailed above, Plaintiffs fail to plead facts sufficient to demonstrate that putative class members have common claims or that their claims are typical of the classes they purport to represent.  Plaintiffs have pled no facts to suggest that their experience as MGTs at a handful of stores located in Los Angeles was similar to: (a) other Walgreens retail stores in at which they worked (all of which are located in Los Angeles County); (b) other Walgreens retail stores in other locations at which Plaintiffs did not work; (c) other non-exempt employees in positions Plaintiffs never held at the locations at which they worked; or (d) other non-exempt employees in positions Plaintiffs never held at locations at which they never worked.

Likewise, Plaintiffs fail to allege any facts to even suggest that any other employees—much less those in other positions or at other locations—suffered similar injuries to those alleged by Plaintiffs, or that any common policy, practice, or other action by Defendant impacted employees the same way.  For example, Plaintiffs allege that Walgreens "knowingly failed to properly compensate the Plaintiff Classes for all wages earned and due."  (SAC ¶ 26.)  Not only is this allegation conclusory, but the allegation is only applicable to Plaintiffs' individual experiences within the single position in which they worked, during a particular time period, under the supervision of a couple of managers or supervisors.  Plaintiffs do not provide any facts to plausibly suggest that there is a common policy or practice that affects each of the multiple non-exempt positions, at the 600 plus retail stores in California, each of which are under separate supervision and management.  Even more telling is Plaintiffs failure to provide any facts as to how

-24-

1   their alleged experience is similar to those employees they seek to represent.

2   The idea that Plaintiffs — who worked only in a single position during the

3   putative class period — have claims "typical" of *each and every other* non-exempt

4   position at Walgreens' stores, is dubious and unsupported by any factual

5   allegations.  This is because Plaintiffs do not truly represent the broad classes of all

6   "non-exempt, retail employees" employed by Walgreens in California.  Plaintiffs

7   did not work in each position that conceivably falls under the definitions of "non-

8   exempt, retail employees" (or other positions that fall under "assistant manager"

9   for that matter).  Putative class members in this group of "non-exempt, retail

10  employees" have different job titles and responsibilities, work in different locations

11  and under different circumstances, and, in some cases, are subject to different

12  employment policies and practices.  Plaintiffs cannot purport to represent such a

13  large and diverse group of employees.

14  Therefore, at most, and to the extent Plaintiffs' claims are not barred by the

15  *Kelly* Agreement, the class should not extend beyond MGTs.

## CONCLUSION

17  For all the foregoing reasons, Walgreens requests that the Court grant its

18  motion to dismiss Plaintiffs' SAC or strike its class allegations.

DATED:  April 4, 2012          SEYFARTH SHAW LLP


                               By   /s/ Candace Bertoldi
                                    Diana Tabacopoulos
                                    Candace Bertoldi
                               Attorneys for Defendant WALGREEN CO.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

14311274v.1