1  **SEYFARTH SHAW LLP**
   Diana Tabacopoulos (SBN 128238)
2  Email: dtabacopoulos@seyfarth.com
   Jill Porcaro (SBN 190412)
3  Email: jporcaro@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California  90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  **SEYFARTH SHAW LLP**
   Candace S. Bertoldi (SBN 254725)
7  Email: cbertoldi@seyfarth.com
   333 South Hope Street, Suite 3900
8  Los Angeles, California 90071-1406
   Los Angeles, California  90067-3021
9  Telephone:   (213) 270-9600
   Facsimile:    (213) 270-9601
10
   Attorneys for Defendant
11 WALGREEN CO.

12 (Plaintiffs' counsel on following page)

13

14                  UNITED STATES DISTRICT COURT

15                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 GEORGE WILSON, TANARICA MARTIN, individually and on behalf of all other similarly situated, | Case No. CV11-7664 PSG (FFMx) |
| 17 | **JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26 AND LOCAL RULE 26** |
| 18          Plaintiffs, | |
| 19     v. | **Date:     October 1, 2012** **Time:      2:00 p.m.** |
| 20 WALGREEN CO. and DOES 1 to 50, inclusive, | **Courtroom:  880 - Roybal** **Judge: Hon. Philip s. Gutierrez** |
| 21          Defendant. | |
| 22 | |

23

24

25

26

27

28

**SCOTT COLE & ASSOCIATES, APC**
Scott Edward Cole, Esq. (SBN 160744)
Email: scole@scalaw.com
Matthew R. Bainer, Esq. (SBN 220972)
Email: mbainer@scalaw.com
Molly A. DeSario, Esq. (SBN 230763)
mdesario@scalaw.com
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone:  (510) 891-9800
Facsimile: (510) 891-7030

Attorneys for the Representative Plaintiffs
and the Plaintiff Classes

2

14866622v.1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local District Court Rule 26-1, and the Court's Order Setting the Scheduling Conference date, Plaintiffs Tanarica Martin ("Martin") and George Wilson ("Wilson") (collectively "Plaintiffs") and Defendant Walgreen Co. ("Defendant" or "Walgreens"), through their respective counsel of record, jointly submit their Joint Rule 26(f) Report, as follows:

## I.    SHORT STATEMENT OF THE CASE

On May 13, 2011, Plaintiffs filed the instant class action against Walgreens in the San Francisco Superior Court.  On June 14, 2011, Walgreens removed the case to the United States District Court for the Northern District pursuant to 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446.

On September 16, 2011, the case was transferred to this Court pursuant to Walgreens' Motion to Transfer.

Plaintiffs bring this action as a class action and a representative action for alleged violations of California's meal and rest break requirements, for failure to pay wages for all hours worked including work allegedly performed off-the-clock, for failure to provide accurate, itemized wage statements, for waiting-time penalties, for violation of California's Unfair Competition Law ("UCL"), and for violation of California's Private Attorney General Act ("PAGA").

In their Second Amended Complaint ("SAC"), Plaintiffs seek to represent two employee sub-classes: (1) all "Assistant Store Managers" employed by Walgreens in California between May 13, 2007 and the present ("assistant manager sub-class") and/or (2) all non-exempt retail employees who were "required, as a result of security searches or otherwise, to remain at work, under the control of Walgreens, after completion of these workers' ordinary duties, for which they were not compensated" between May 13, 2007 and the present ("non-exempt retail

3

14866622v.1

1   employee/security-check sub-class"). (SAC ¶ 2.) Plaintiffs seek to represent these

2   individuals on a class-wide basis under Rule 23 and on a representative basis under

3   PAGA.

4       Defendant denies Plaintiffs' allegations and further asserts that it has

5   complied with the applicable provisions of California Wage Order 7-2001, and the

6   California Labor Code.

7       Defendant further contends that PAGA is unconstitutional because it violates

8   the separation of powers doctrine because in that it allows private attorneys to

9   prosecute public claims in violation of their ethical duty of neutrality, materially

10  impairing the judiciary's role in regulating attorney conduct. Defendant further

11  contends that PAGA is unconstitutional as applied to this action because it provides

12  for the imposition of penalties that are arbitrary, capricious and disproportionate to

13  the alleged harm.

14      Defendant further asserts that Plaintiffs' proposed class is overly broad in

15  scope in that Plaintiffs worked only in a few stores in Los Angeles County and then

16  only in the position of MGT during the putative class period. As such, Plaintiffs

17  cannot represent the interests of Defendant's thousands of employees working in

18  other job positions (which Plaintiffs never held) and at other stores throughout

19  California.

20  **II.    COMPLEX CASE**

21      *Defendant*

22      Defendant considers this case to be complex based on the fact that there are

23  at least three other putative class action cases asserting similar claims as to similar

24  putative classes pending in this Court and in the Northern District Court. Such

25  related cases include, *Donna Sabzghabaian, et al. v. Walgreen Co., et al.*, currently

26  pending in this court, before the Hon. Philip S. Gutierrez, Case No. SACV12-00049

27  PSG (FFMx) (hereinafter the "Sabzghabaian Case"). This case is related to the

28

4

14866622v.1

1   Sabzghabaian Case within because both cases involve the same defendant,

2   Walgreen Co., and both cases involve putative class claims of alleged failure to pay

3   wages, failure to provide proper wage statements, failure to pay all wages due at

4   termination, and unfair business practices, for a putative class of all non-exempt

5   employees of Defendant in California during the four years preceding the filing of

6   the complaint.

7          This case is further related to the matter of *Rene Hodach, et al. v. Walgreen*

8   *Co., et al,* currently pending in the United States District Court, Central District of

9   California, Case No. 2:12-CV-07491-JAK-MRW, before the Honorable John A.

10  Kronstadt (hereinafter the "Hodach Case").  This case is related to the Hodach Case

11  because both cases involve the same defendant, Walgreen Co., and both cases

12  involve putative class claims of alleged failure to pay wages, failure to provide

13  proper wage statements, failure to pay all wages due at termination, and unfair

14  business practices, for a putative class of all non-exempt employees of Defendant in

15  California during the four years preceding the filing of the complaint.  Both cases

16  also include a companion claim for purported violation of the PAGA.

17         This case is further related to the matter of *Shane Jerominski and Alicia*

18  *Arena, et al v. Walgreen Co. et al*, currently pending in the United States District

19  Court, Northern District of California, Case No. CV-12-4635-MEJ, before the

20  Honorable Maria-Elena James (hereinafter the "Jerominski Case").  This case is

21  related to the Jerominski case because both cases involve the same defendant,

22  Walgreen Co., and both cases involve putative class claims of alleged failure to pay

23  wages, failure to provide proper wage statements, failure to pay all wages due at

24  termination, and unfair business practices, for a putative class of all non-exempt

25  employees of Defendant in California during the four years preceding the filing of

26

27  _____

28

JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26
CASE NO.  CV11-7664 PSG (FFMX)

14866622v.1

1  the complaint.  Both cases also include a companion claim for purported violation
2  of the PAGA.

3       Defendant proposes that all related cases be coordinated pretrial pursuant to
4  section 10.123 of the Manual for Complex Litigation and transferred, if not already
5  transferred to the Central District Court, before the Honorable Philip J.  Gutierrez.
6  Defendant also proposes that depositions of common witnesses be coordinated
7  pursuant to section 11.455 to avoid duplication of efforts.  Defendant also proposes
8  that implement the practices under sections 11.443 and 11.464 to protect Defendant
9  from any undue burden imposed as a result of having to respond to voluminous
10  document requests and special interrogatories.  Defendant will continue to meet and
11  confer with opposing counsel in all related matters to discuss whether other
12  portions of the Manual for Complex Litigation may be appropriate in this case and
13  the related cases.

14       *Plaintiffs*

15       Plaintiffs' counsel will continue to meet and confer with Defendant to
16  determine whether the tag-along cases should be formally coordinated. As
17  explained to the Court by Class Counsel, Scott Cole and Associates will employ its
18  best efforts to avoid duplicative discovery between any overlapping cases.

19  **III.   MOTION SCHEDULE**

20       *Defendant*

21       Defendant anticipates filing Motion(s) for Summary Judgment or in the
22  Alternative, Summary Adjudication as to Plaintiffs' individual claims.  Defendant
23  is contemplating filing its Motion(s) precertification, by April 2013, provided there
24  are no impediments to completing Plaintiffs' depositions by February 28, 2013.

25       Should Defendant not prevail on its precertification Motion(s) for Summary
26  Judgment, Defendant intends to file a Motion to Deny Class Certification and to
27  Strike the Class and Representative allegations on or before June 30, 2013.

28

JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26
CASE NO.  CV11-7664 PSG (FFMX)

14866622v.1

1      Defendant requests it be provided 60 days to respond to Plaintiffs' Motion

2  for Class Certification, should Plaintiffs file such a motion, to permit Defendant to

3  depose any individuals, including any expert witnesses, who submit declarations in

4  support of Plaintiffs' Motion.

5      Should this Court certify a class, Defendant anticipates that it may file a

6  Motion for Summary Judgment as to the class claims and a Motion for

7  Decertification of the class claims within 150 days after the Court's order certifying

8  the class.

9      *Plaintiffs*

10      This case was filed more than a year ago on May 13, 2011 and due to various

11  pleading and discovery issues put forth by Defendant, including Defendant's

12  motion to dismiss and Plaintiffs' motion to compel discovery, this case has gotten

13  off to a slow start. Nevertheless, since Plaintiffs' counsel litigated some of the same

14  claims in the previous *Kelly v. Walgreen* case, Plaintiffs fully expect to complete

15  certification discovery and file their class certification brief by the end of May

16  2013.  Plaintiffs believe that class certification briefing should track the Federal

17  Rules of Civil Procedure. If the volume of the evidentiary record put forth by

18  Plaintiffs at class certification warrants an extension of the normal briefing

19  schedule, Defendant can seek such relief at that time.

20

21  **IV.    SETTLEMENT DISCUSSIONS AND SETTLEMENT MECHANISM**

22      *Defendant*

23      The parties have not engaged in any meaningful settlement negotiations as of

24  the date of this Joint Report.  The parties, however are open to discussing a

25  potential resolution of this case.

26

27

28

7

14866622v.1

1   Plaintiffs propose that the parties submit to private mediation.  Defendant
2   will consider private mediation, provided that the mediation be a joint mediation
3   that includes counsel for all related matters.

4   *Plaintiffs*

5   Plaintiffs believe that private mediation is appropriate but, given that the
6   related cases have not been formally coordinated, does not believe that joint
7   mediation regarding issues presented by the other cases would be productive.

8   **V.   TRIAL**

9   *Defendant's Estimate*

10   Should this case not proceed as a class or representative action, Defendant
11   estimates that trial as to Plaintiffs' individual claims will take six days.

12   Should this case proceed as a class and/or representative action, Defendant
13   estimates that trial will take three to six months depending upon the size and scope
14   of the putative class.

15   *Plaintiffs' Estimate*

16   Should this case not proceed as a class or representative action, Plaintiffs
17   estimate that trial as to Plaintiffs' individual claims will take two weeks.

18   Should this case proceed as a class and/or representative action, Plaintiffs
19   estimate that trial will take three to four weeks.

20   **VI.   ADDITIONAL PARTIES**

21   Neither Defendant nor Plaintiffs intend to add additional parties to this
22   action.

23   **VII.  EXPERT WITNESSES**

24   *Defendant*

25   Defendant anticipates that it will retain one (1) expert for trial, should this
26   case proceed on a class basis.

27

28

8

14866622v.1

1   Should Plaintiffs retain an expert witness to provide testimony in support of

2   their Motion for Class Certification motion, should Plaintiffs file such a motion,

3   Defendant proposes that precertification expert disclosures under the Fed. Rule of

4   Civ. Proc. 26(a)(2) shall be made thirty (30) days in advance of Plaintiffs' filing of

5   their Motion for class certification.   Defendant further proposes that pretrial expert

6   disclosures under Fed. Rule of Civ. Proc. 26(a)(2) be made ninety (90) days prior to

7   trial.

8   *Plaintiffs*

9   Plaintiffs anticipate that they will retain at least two to three experts whether

10   the action proceeds on a class basis or not. Plaintiffs believe that expert disclosures

11   should comport with Federal Rules of Civil Procedure.

12

13   **VIII.  DISCOVERY PLAN**

14   **A.   Initial Disclosures**

15   The parties agree that initial disclosures under Fed. Rule Civ. Proc. 26(a)

16   shall be due on October 1, 2012, the date of the Scheduling Conference in this

17   matter.

18

19   **B.   Phasing of Discovery**

20   *Defendant*

21   Defendant asserts that prior to class certification, discovery should be limited

22   to Plaintiffs' individual claims and whether this case may be maintained as a class

23   or representative action.  Defendant further asserts that merits discovery concerning

24   individual putative class members (other than Plaintiffs) should not occur unless or

25   until the Court determines that this case should proceed as a class or representative

26   action.

27

28

9

14866622v.1

1    On July 24, 2012, Magistrate Judge Frederick F. Mumm issued an order

2  initially limiting Plaintiffs' discovery of information and documents concerning

3  individual putative class members to those MGTs who worked in Plaintiffs' stores

4  after November 4, 2009, due to the fact that Plaintiffs had released their claims

5  prior to November 4, 2009, and failed to meet their burden to make a *prima facie*

6  showing that the class action requirements had been satisfied as to other categories

7  of putative class member employees or that the class-wide discovery they seek is

8  likely to produce substantiation of the class allegations.  The Court did however did

9  order Walgreens to produce the contact information for all employees who worked

10  in Plaintiffs' stores after November 4, 2009, and Defendant has complied.

11    Defendant disputes Plaintiffs' contention that the Court's July 24, 2012

12  Order further required Defendant to produce data and information (other than

13  employee contact information) concerning employees working in other job

14  positions in Plaintiffs' stores after November 4, 2009, and as to the 41 employees

15  who opted out of the earlier class settlement in the case of *Kelly v. Walgreen*,

16  regardless of whether such opt-outs worked in the same stores, or job positions as

17  Plaintiffs.  On September 6, 2012, the parties filed a motion seeking clarification of

18  Magistrate Mumm's July 24, 2012 Order.  Magistrate Judge Mumm has taken the

19  Motion under submission and issued an order stating that the Court would rule on

20  the Motion without oral argument.

21    It is Defendant's contention that discovery should not be expanded beyond

22  Plaintiffs' stores and the MGT job position, or extend back prior to November 4,

23  2009, unless and until Plaintiffs are able to make a *prima facie* showing that the

24  class action requirements had been satisfied as to other categories of putative class

25  member employees or that the class-wide discovery they seek is likely to produce

26  substantiation of the class allegations.  To date Plaintiffs have made no such

27  showing.

28

JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26
CASE NO.  CV11-7664 PSG (FFMX)

14866622v.1

*Plaintiffs*

Plaintiffs agree that prior to class certification, discovery should be limited to Plaintiffs' individual claims and whether this case may be maintained as a class or representative action.  Plaintiffs also agree that merits discovery concerning individual putative class members (other than Plaintiffs) should not occur unless or until the Court determines that this case should proceed as a class or representative action.

Given that Judge Mumm limited class discovery to the stores where the two plaintiffs worked, Plaintiffs are contemplating a motion for reconsideration, particularly if Defendant intends to solicit or use information obtained from class members who worked at other stores.

**C.     Subjects of Discovery**

*Defendant*

Defendant intends to conduct discovery concerning Plaintiffs' individual claims and their claims that this case should be certified as a class action and/or proceed as a representative action.

Defendant intends to complete Plaintiffs' depositions by February 28, 2013. Defendant further intends to depose any declarants used in support of Plaintiffs' Motion for Class Certification, should Plaintiffs file such a Motion, including any experts.

In addition, should this case proceed as a class action, Defendant will likely depose additional class members concerning both class certification and merits issues.  Defendant is at this time unable to estimate the number of depositions that might be required should this case be certified as a class action.  Defendant, however, intends to complete all such discovery within 120 days after the Court's ruling on Plaintiffs' Motion for Class Certification, should Plaintiffs file such a Motion.

14866622v.1

*Plaintiffs*

Plaintiffs and Defendant may meet and confer regarding whether an audit (observational study, time or motion study of workers at randomly selected store locations) is appropriate. The parties may also meet and confer regarding the issuance of subpoenas seeking records of third parties (product suppliers, etc.).

### D.   Claims of Privilege & Protection

The Parties have agreed to a protective order to safeguard Defendant's confidential, proprietary information, and any sensitive/confidential employee information.

Defendant will provide a privilege log identifying pre-litigation documents responsive to Plaintiffs' document demands that Defendant is withholding based on a claim of attorney-client privilege and/or attorney work product protection. Defendant will describe generally, any privileged communications occurring and work product prepared during the course of other litigations involving similar claims, without specifically listing each communication and each document subject to work product protection.

### E.   Changes to the Discovery Rules

The parties do not anticipate the need to divert from the applicable discovery rules under the Fed. Rules of Civ. Proc. and the Central District Local Rules at this time, except that Defendant believes that discovery should be formally coordinated in the related actions identified in Defendant's Notice of Related Cases, to avoid duplication of depositions and the requirement that Defendant respond to duplicative written discovery requests in the related actions.

### F.   Preservation of Evidence and Electronically Stored Information ("ESI")

Both parties agree that Defendant shall preserve email for its stores and the parties agree to meet and confer concerning the undue burden and excessive cost

12

14866622v.1

1  which Defendant contends is associated with reviewing and producing emails

2  responsive to Plaintiffs' document demands.  Both parties agree to meet and confer

3  concerning Defendant's purported undue burden and/or excessive costs involved in

4  preserving video footage of its stores.   Defendant asserts that its counsel, Diana

5  Tabacopoulos, previously wrote to Plaintiffs' counsel, to meet and confer with

6  Plaintiffs concerning the potential preservation of video surveillance of its

7  California stores.   As of the date of this Joint Report, Plaintiffs have not responded

8  to Ms. Tabacopoulos' letters.  Plaintiffs have not requested that Defendants

9  preserve any other types of evidence or ESI other than as set forth in this Joint

10  Report.

11         Defendant agrees to produce documents in hard copy form and to provide

12  electronic copies upon the request of counsel, provided that such documents are

13  regularly maintained by Defendant in an electronic format.

14

15

16

17

18

19

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26
CASE NO.  CV11-7664 PSG (FFMX)

14866622v.1

1

**G.     Any Other Orders the Court Should Issue Under Rule 26(c) or 16(b)**

2

3

Defendant requests an order coordinating this action with the actions identified in its Notice of Related Cases for purposes of discovery.

4

5

6

Pursuant to Local Rule 5-4.3.4(2)(ii), I hereby attest that the content of this document is acceptable to Molly A. DeSario, counsel for Plaintiffs, and that I have obtained Ms. DeSario's authorization to affix their electronic signature to this document.

7

8

9

10

11

12

DATED:  September 24, 2012          SEYFARTH SHAW LLP

13

14

By   /s/ Diana Tabacopoulos
     Diana Tabacopoulos

15

Jill Porcaro

16

Candace Bertoldi
Attorneys for Defendant
WALGREEN CO.

17

18

DATED:  September 24, 2012          **SCOTT COLE & ASSOCIATES, APC**

19

20

By   /s/ Molly A. DeSario
     Molly A. DeSario, Esq.

21

Attorneys for the Representative
Plaintiffs and the Plaintiff Classes

22

23

24

25

26

27

28

14

14866622v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA                )
                                                    )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067.  On September 24, 2012, I served the within documents:

**JOINT PLANNING REPORT PURSUANT TO FED. RULE CIV. PROC. 26 AND LOCAL RULE 26**

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

**X**   electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Scott Edward Cole | Tel:  510-891-9800 |
| Matthew R. Bainer | Fax:  510-891-7030 |
| Molly A. DeSario | Email: scole@scalaw.com |
| Stephen Noel ILG | Email: mdesario@scalaw.com |
| SCOTT COLE & ASSOCIATES, APC | Email: silg@scalaw.com |
| 1970 Broadway, Ninth Floor | Email: mbainer@scalaw.com |
| Oakland, CA 94612 | |

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.  Executed on September 24, 2012, at Los Angeles, California.

_Pamela Crawford_
Pamela Crawford

14769799v.1