

COPY

1  Scott Edward Cole, Esq. (S.B. #160744)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Jessica L. Campbell, Esq. (S.B. #280626)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone:  (510) 891-9800
   Facsimile:  (510) 891-7030
5  Email:  scole@scalaw.com
   Email:  mdesario@scalaw.com
6  Email:  jcampbell@scalaw.com
   Web:  www.scalaw.com
7
   Lead Counsel and Attorneys
8  For Representative Plaintiffs
   And the Plaintiff Class(es)
9

FILED

2013 AUG -1  PM 4:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

10

11             **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14  IN RE WALGREEN CO. WAGE          )   **Case No. 11-cv-07664-PSG (FFMx)**
    AND HOUR LITIGATION              )
15                                   )   **CLASS ACTION**
                                     )
16                                   )   **COMPLAINT FOR DAMAGES,**
                                     )   **INJUNCTIVE RELIEF, AND**
17                                   )   **RESTITUTION**
                                     )
18                                   )   **[Jury Trial Demanded]**
                                     )
19  _Related Cases:_                 )
                                     )
20  WILSON v. WALGREEN CO.           )   Case No. 11-cv-07664-PSG (FFMx)
                                     )
21  HODACH v. WALGREEN CO.           )   Case No. 12-cv-07491-PSG (FFMx)
                                     )
22  BROWN v. WALGREEN CO.            )   Case No. 12-cv-08574-PSG (FFMx)
                                     )
23  JEROMINSKI v. WALGREEN CO.       )   Case No. 12-cv-10134-PSG (FFMx)
                                     )
24  GINDI v. WALGREEN CO.            )   Case No. 13-cv-01154-PSG (FFMx)
                                     )
25  HANNA v. WALGREEN CO.            )   Case No. 13-cv-02412-PSG (FFMx)
                                     )
26  SHANINIAN v. WALGREEN CO.        )   Case No. 13-cv-03576-PSG (FFMx)
                                     )
27  MCDOWELL v. WALGREEN CO.         )   Case No. 13-cv-01028-PSG (FFMx)

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

Representative Plaintiffs allege as follows:

## **PRELIMINARY STATEMENT**

1.  This is a class action seeking unpaid wages, including meal and rest period compensation, interest thereon, and other penalties, reimbursement of business expenses, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 406, 510, 512, 1174, 1194, 1197, 1198, 2802 and/or 2699, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Representative Plaintiffs George Wilson, Tanarica Martin, Rene Hodach, Winston Bolls, Brenda Brown, Shane Jerominski, Alicia Arenas, Emad Gindi, Kevork Shahinian, Michael Hannah, Chris McDowell, Gustavo Villavelazquez, and Devon Brown ("Plaintiffs") bring this action on behalf of themselves and all other persons similarly situated ("Class Members" and/or the "Plaintiffs Class") who are or have been employed by defendants Walgreen Co. and/or Does 1 through 100, inclusive (collectively "Defendant" and/or "Walgreen") as non-exempt retail store employees within the State of California at any time after May 13, 2007.

2.  Specifically, Plaintiffs represent (1) all non-exempt retail employees (2) all Assistant Store Managers, Shift Leads, and/or MGTs, and/or (3) all Pharmacy Technicians, Pharmacy Interns, Pharmacists, Pharmacy Managers, employed during the Class Period in the State of California.

3.  The "Class Period" is designated as the time from May 13, 2007 through the date of trial and is based upon the allegation that Defendant's violations of California's wage and hour laws, as described more fully below, have been ongoing during that time.

4.  During the Class Period, Defendant has had a consistent policy of requiring its non-exempt retail store employees, including Plaintiffs and Class

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Members, to, *inter alia*, (1) remain at work under the control of Walgreen to submit to mandatory security checks of their persons and/or belongings after completion of these workers' ordinary duties, without paying them compensation (including unpaid overtime and/or compensation for working through paid and/or unpaid meal and/or rest periods), (2) start work or remain at work, under the control of Walgreen, before and after completion of these workers' ordinary duties, without paying these employees' wages (including overtime wages) for all compensable time, (3) work off-the-clock performing duties such as driving to other stores and performing pharmacy opening and closing duties, (4) clock in and out within three minutes of the scheduled start and end of their shift, and (5) incur business expenses (including travel expenses driving to other stores, banks, meetings and trainings) and failing to reimburse Plaintiffs and/or Class Members for business expenses incurred.

5. Additionally, during the Class Period, Defendant has had a consistent policy of willfully failing to, *inter alia*, (1) provide meal periods and/or rest periods to Plaintiffs and/or Class Members, (2) pay compensation owing to Plaintiffs and/or Class Members for all hours worked by rounding their clock-in and clock-out times to quarter hour increments, (3) pay overtime and/or double time compensation owing to Plaintiffs and/or Class Members for hours worked on the seventh consecutive day, (4) provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period, and (5) pay compensation owing in a prompt and timely manner to Plaintiffs and/or Class Members whose employment with Walgreen was terminated.

## **INTRODUCTION**

6. Plaintiffs are informed and believe and, based thereon, allege that, within the Class Period, defendant Walgreen operated numerous retail

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

establishments across the State of California. In doing so, Walgreen has employed thousands of individuals as non-exempt retail employees in recent years alone to work at locations within the State of California, employment positions which enjoy an entitlement to full, uninterrupted and statutorily-mandated meal and rest periods, as well as other benefits of employment as set forth herein.

7.      Despite actual knowledge of these facts and legal mandates, Walgreen has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to sufficiently offer meal and rest periods to its California non-exempt retail employees, by not providing them all regular and/or overtime pay (as a result thereof) when due and/or when certain Class Members' employment with Walgreen terminated, by willfully failing to provide Plaintiffs and Class Members with accurate semi-monthly itemized wage statements, and by willfully failing to reimburse Plaintiffs and/or Class Members for business expenses incurred.

8.      Plaintiffs are informed and believe and, based thereon, allege that officers of Walgreen knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

9.      Despite Walgreen's knowledge of Plaintiffs and Class Members' entitlement to these benefits of employment, Walgreen failed to provide same, for all applicable work periods, in violation of California state statutes, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the Representative Plaintiffs' and Class Members' claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*, Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, inclusive,

226, 226.7, 406, 510, 512, 1174, 1194, 1198, and/or 2802; and California Code of Civil Procedure § 1021.5.

11.    This Court also has jurisdiction over the Representative Plaintiffs' and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

12.    Venue as to Defendant is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant Walgreen maintains locations within Los Angeles County, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and County of Los Angeles. Defendant operates facilities and has employed numerous Class Members in the County of Los Angeles, as well as within other counties across the State of California.

## PLAINTIFFS

13.    Plaintiffs are natural persons and were, during the relevant time period identified herein, employed by Defendant Walgreen as non-exempt employees at one or more of Defendant's California retail stores. Specifically, Plaintiffs George Wilson, Tanarica Martin, Brenda Brown, Michael Hannah, and Chris McDowell work and/or worked as non-exempt Assistant Store Managers and/or MGTs. Plaintiffs Shane Jerominski and Kevork Shahinian works and/or worked as Pharmacists. Plaintiffs Alicia Arenas and Devon Brown work and/or worked as Pharmacy Technicians. Plaintiff Gustavo Villavelazquez works and/or worked as a MGT/ASM and Photo Technician. Plaintiffs Rene Hodach, Winston Bolls, and Emad Gindi also work and/or worked as non-exempt employees.

14.    At all times herein relevant, Plaintiffs were and are now persons within the Class(es) of persons further described and defined herein.

15.    As used throughout this Complaint, the term "Class Members" and/or

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

the "Plaintiff Class" refers to the named Plaintiffs herein as well as each and every person eligible for membership in the class of persons further described and defined herein.

16.    Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANTS

17.    At all times herein relevant, Defendant Walgreen Co. was/is a corporation and/or other form of business entity, duly licensed, located and doing business in, but not limited to, the County of Los Angeles, in the State of California.

18.    Plaintiffs are informed and believe and, based thereon, allege that Defendant Walgreen directly or indirectly employs and, since May 13, 2007, has employed and/or exercised control over the wages, hours and working conditions of Plaintiffs and Class Members within various California counties, including, but not limited to, the County of Los Angeles.

19.    Those Defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, business affiliates, successors and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs and Class Members at various California locations, as identified in the preceding paragraph.

20.    Plaintiffs are unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sue these Defendants by such fictitious names. Plaintiffs will seek leave of court to amend

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

this Complaint when such names are ascertained. Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein-alleged and that Plaintiffs' and Class Members' damages, as herein-alleged, were proximately caused thereby.

21.    Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

22.    Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following Plaintiff Classes:

**Non-Exempt Employee Class:**

> *All persons who are and/or were employed as non-exempt retail employees by Walgreen Co., in one or more of Walgreen's California retail stores between May 13, 2007 and the present.*

**Assistant Store Manager, Shift Lead, and/or MGT Sub-Class:**

> *All persons who are and/or were employed as non-exempt Assistant Store Managers, Shift Leads and/or MGTs by Walgreen Co., in one or more of Walgreen's California retail stores between May 13, 2007 and the present.*

**Pharmacy Worker Sub-Class:**

> *All persons who are and/or were employed as non-exempt Walgreen pharmacy employees by Walgreen Co., in one or more of Walgreen's California retail stores between May 13, 2007 and the present.*

23.    Defendants and their officers and directors are excluded from the Plaintiff Classes.

24.    This action has been brought and may properly be maintained as a class action under FRCP Rule 23 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

a.   <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is, at least, in the thousands of individuals. Membership in the Classes will be determined by and upon analysis of employee and payroll records, among other records maintained by Walgreen.

b.   <u>Commonality</u>: Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)   Whether defendant Walgreen violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to its non-exempt retail employees;

2)   Whether defendant Walgreen violated California Labor Code §§ 201-204 by failing to pay all wages due and owed during the pendency of employment and/or at the time of the termination of employment with Defendant of Plaintiffs and/or Class Members;

3)   Whether defendant Walgreen violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all (including overtime) compensation to its non-exempt retail employees who worked in excess of forty hours per week and/or eight hours per day;

4)   Whether defendant Walgreen violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay overtime and double time compensation to its non-exempt retail employees who worked on seven consecutive days in a week;

5)   Whether defendant Walgreen violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

6)   Whether defendant Walgreen violated California Labor Code § 226 by failing to provide Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period;

7)   Whether defendant Walgreen violated California Labor Code §§ 406 and/or 2802 by failing to reimburse Class Members for necessary business expenses;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

8) Whether Walgreen violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices; and

9) Whether the Representative Plaintiffs and Class Members are entitled to penalties under the Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*

c. Typicality: Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: Plaintiffs in this class action are adequate representatives of the Plaintiff Classes in that Plaintiffs' claims are typical of those of the Plaintiff Classes and Plaintiffs have the same interest in the litigation of this case as the Class Members. Plaintiffs are committed to vigorous prosecution of this case and have retained competent counsel who is experienced in conducting litigation of this nature. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiffs anticipate no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

25. Defendant Walgreen has, for years, knowingly failed to provide the Plaintiff Classes with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding five hours.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

26. Moreover, Defendant has failed to properly compensate the Plaintiff Classes for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods).

27. Defendant also failed to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226. In doing so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

28. Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain Class Members have left Defendant's employ.

29. Additionally, Defendant's common policies and procedures caused the Plaintiff and Class Members to incur unreimbursed business expenses in the ordinary discharge of their duties.

30. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, as described above, including loss of earnings for uncompensated hours worked, missed meal periods, and missed rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members are entitled to recover penalties/wages (pursuant to California Labor Code §§ 201-204) for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's

Complaint for Damages, Injunctive Relief, and Restitution

1  unlawful conduct, as set forth herein, Plaintiffs and Class Members are also

2  entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten

3  gains, pursuant to statute.

4      31.    Plaintiffs complied with the procedures for bringing suit specified in

5  California Labor Code § 2699.3. By letter dated November 23, 2011, Plaintiffs

6  gave written notice, by certified mail, to the Labor and Workforce Development

7  Agency ("LWDA") and Defendant of the specific provisions of the California

8  Labor Code alleged to have been violated, including the facts and theories to

9  support those violations.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

10

11

12      32.    Plaintiffs incorporate in this cause of action each and every allegation

13  of the preceding paragraphs, with the same force and effect as though fully set

14  forth herein.

15      33.    At all relevant times, Defendant was aware of and was under a duty to

16  comply with California Labor Code §§ 226.7 and 512.

17      34.    California Labor Code §226.7 provides:

18          (a)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the
19  Industrial Welfare Commission.

20          (b)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of
21  the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular
22  rate of compensation for each work day that the meal or rest period is not provided.

23

24      35.    Moreover, California Labor Code § 512 provides:

25          An employer may not employ an employee for a work period of more than five hours per day without providing the employee
26  with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six
27  hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ
28  an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

36.     By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the IWC Wage Order No. 7.

37.     Section 11 of this Wage Order provides:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes ....

(B)     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

(C)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of          compensation for each workday that the meal period is not provided.

38.     Moreover, Section 12 of this Wage Order provides:

(A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

39.     By failing to consistently provide (1) meal breaks within the first five hours of a work shift, (2) uninterrupted thirty-minute meal periods, and/or (3) ten-minute rest periods to Class Members, Defendant violated California Labor Code and IWC Wage Order provisions.

///

40.     Even where Defendant's records specifically illustrate that no meal and/or rest periods were provided to Plaintiffs and Class Members, Walgreen refuses to properly compensate these employees with one hour of compensation for these respective violations as mandated by California law.

41.     Plaintiffs are informed and believe and, on that basis, allege that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

42.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY WAGES
**(Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)**

43.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.     During the Class Period, Plaintiffs and Class Members frequently worked in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

45.     During said time period, Defendant refused to compensate Plaintiffs and the Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the provisions of the California Labor Code.

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

46.     At all relevant times, Defendant was aware of, and was under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code §§ 200, *et seq*., 510, 1194 and 1198.

47.     By refusing to properly compensate Plaintiffs and the Class Members for wages earned (either at these Class Members' regular rate of pay and/or at their applicable overtime or double time rates) and/or at a level sufficient to satisfy California's minimum wage provisions, Defendant violated the California Labor Code, as well as Title 8 of the California Code of Regulations and the applicable IWC Wage Order.

48.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendant, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

49.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

50.     California Labor Code § 226(a) provides:

> Each employer shall semi-monthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

51.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

52.    Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall … Keep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

53.    Defendant has failed to provide timely, accurate itemized wage statements to Plaintiffs and Class Members in accordance with California Labor Code § 226. Plaintiffs are informed and believe and, on that basis, allege that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class Member.

54.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Classes are entitled to recover penalties, in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

55.    Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56.    California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

57.     Plaintiffs Winston Bolls, Shane Jerominski, Emad Gindi, Kevork Shahinian, and Devon Brown and numerous Class Members were employed by Defendant during the Class Period, employment which was thereafter voluntarily or involuntarily severed, yet were not paid all wages due immediately upon the involuntary termination or within seventy-two hours of the voluntary termination of their respective employment positions with Defendant. Said non-payment and/or untimely payment was the direct and proximate result of a willful refusal to do so by Defendant.

58.     More than thirty days has elapsed since Plaintiffs Winston Bolls, Shane Jerominski, Emad Gindi, Kevork Shahinian, and Devon Brown and these particular Class Members were terminated and/or resigned from Defendant's employ.

59.     As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, Plaintiffs Winston Bolls, Shane Jerominski, Emad Gindi, Kevork Shahinian, and Devon Brown and certain Class Members are entitled to recover "waiting time" penalties of thirty days' wages, pursuant to California Labor Code § 203, in an amount to be established at trial, together with attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES
### AND/OR PROHIBITED CASH BOND
### (California Labor Code §§ 406, 2800 and 2802)

60.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-15-
Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

61.     During the Class Period, Defendant required Plaintiffs and Class Members to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, costs related to travel for inter-storing, bank runs, meetings, and training.

62.     These expenditures were incurred in direct consequence of the discharge of the duties of Plaintiff, or of his obedience to the directions of the employer and have not yet been reimbursed by Defendant.

63.     At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

64.     California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

65.     California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

66.     By requiring Plaintiffs and Class Members to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiffs and Class Members were forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond, and which must be refunded by Defendant to Plaintiffs and Class Members.

67.     Plaintiffs and Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including without limitation, expenses resulting from travel to and from other stores, banks, meetings

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

and trainings, which resulted from their employment with Defendant. Specifically, Defendant had, and continues to have, a policy and practice of requiring employees, including Plaintiffs, to pay for said costs from their own funds. Defendant had, and continues to have, a policy of not reimbursing employees, including Plaintiffs, for said business-related expenses and costs.

68.    California Labor Code § 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from  the date of the expenditure, plus attorneys' fees to collect reimbursement.

69.    Therefore, Plaintiffs demand reimbursement for expenditures or losses incurred by themselves in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
### UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

70.    Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.    Plaintiffs further bring this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

72.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

73.    Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Walgreen, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

74.    Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiffs and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

## SEVENTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT CLAIM
#### (California Labor Code §§ 2698 *et seq.*)

75.    Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

76.    The Private Attorneys General Act of 2004, California Labor Code § 2699 (a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees…

77.    Plaintiffs are "aggrieved employee[s]" as defined by California Labor Code § 2699(c) because they were employed by Defendant and were among the many employees against whom violations of the law were committed.

78.    Plaintiffs have met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Labor Code §§ 201-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1198 and/or
2  2802.

3      79.    Plaintiffs bring this action on behalf of themselves and all Class
4  Members who have not received meal and rest periods as they are entitled under
5  California Labor Code §§ 226.7 and 512, who were not paid overtime wages under
6  California Labor Code §§ 510, 1194, and 1198, who did not receive all wages due,
7  including upon severance, under California Labor Code §§ 201-204, inclusive, and
8  who were not provided time records and did not receive accurate wage statements
9  under California Labor Code §§ 226 and 1174.

10      80.    As a direct and proximate result of Defendant's unlawful conduct, as
11  set forth herein, Class Members have sustained damages, including loss of
12  earnings, in an amount to be established at trial. As a further direct and proximate
13  result of Defendant's unlawful conduct, as set forth herein, Class Members are
14  entitled to recover various penalties as provided by California Labor Code § 2699,
15  in an amount to be established at trial, as well as costs and attorneys' fees, pursuant
16  to statute.

17

18  **<u>RELIEF SOUGHT</u>**

19      **WHEREFORE**, the Representative Plaintiffs, on behalf of themselves and
20  the proposed Plaintiff Classes, pray for judgment and the following specific relief
21  against Defendants, and each of them, jointly and separately, as follows:

22      1.    That the Court declare, adjudge, and decree that this action is a proper
23  class action and certify the proposed Classes and/or any other appropriate
24  subclasses pursuant to FRCP Rule 23;

25      2.    That the Court make an award to Plaintiffs and Class Members of one
26  hour of wages at each employee's regular rate of compensation for each meal
27  period that was not provided;

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

3.     That the Court make an award to Plaintiffs and Class Members of one hour of wages at each employee's regular rate of compensation for each workday that a rest period was not provided;

4.     That the Court declare, adjudge, and decree that Defendants violated the wage (including overtime wage) provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Plaintiffs and Class Members;

5.     That the Court declare, adjudge, and decree that Plaintiffs and Class Members were, at all times relevant herein, and are still, entitled to be paid overtime for work beyond eight hours in a day and forty hours in a week;

6.     That the Court declare, adjudge, and decree that Plaintiff and Class Members were, at all times relevant herein, entitled to reimbursement for necessary business expenditures;

7.     That the Court make an award to Plaintiffs and Class Members of civil penalties specified in Labor Code § 2699 for each violation of Labor Code §§ 201-203, inclusive, 226, 226.7, 510, 512, 1174, 1194, and 1198;

8.     That the Court make an award to Plaintiffs and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

9.     That the Court order Defendant to pay restitution to Plaintiffs and Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

10.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

11.    For all other Orders, findings and determinations identified and sought in this Complaint;

///

1    12.    For interest on the amount of any and all economic losses, at the

2  prevailing legal rate;

3    13.    For reasonable attorneys' fees, pursuant to California Labor Code

4  §§1194 and/or California Code of Civil Procedure § 1021.5; and

5    14.    For costs of suit and any and all other such relief as the Court deems

6  just and proper.

7

8                              **JURY DEMAND**

9    Plaintiffs and the Plaintiff Classes hereby demand trial by jury of all issues

10  triable as of right by jury.

11

12  Dated: August 1, 2013

13                                    SCOTT COLE & ASSOCIATES, APC

14                          By:  _____

15                                    Molly A. DeSario, Esq.
                                      Attorneys for the Representative Plaintiffs
16                                    and the Plaintiff Class

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Additional Attorneys of Record:*

Norman B. Blumenthal, Esq. (S.B. #068687)
Kyle R. Nordrehaug, Esq. (S.B. #205975)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile:  (858) 551-1232

Liaison Counsel and Attorneys for Plaintiffs
Rene Hodach and Winston Bolls

Anthony Orshansky, Esq. (S.B. #199364)
David Yeremian, Esq. (S.B. #226337)
Justin Kackadoorian, Esq. (S.B. #260356)
**ORSHANSKY & YEREMIAN LLP**
16133 Ventura Blvd., Suite 1245
Encino, CA 91436
Telephone: (818) 205-1212
Facsimile:  (818) 205-1616

Attorneys for Plaintiff Brenda Brown

Randall B. Aiman-Smith, Esq. (S.B. #124599)
Reed Marcy, Esq. (S.B. #191531)
Hallie Von Rock, Esq. (S.B. #233152)
Carey James (S.B. #269270)
**AIMAN-SMITH & MARCY**
7677 Oakport Street, Suite 1020
Oakland, CA 94621
Telephone: (510) 562-6800
Facsimile:  (510) 562-6830

Attorneys for Plaintiffs
Shane Jerominski and Alicia Arenas

Ronald H. Bae, Esq. (S.B. #186826)
Joseph Cho, Esq. (S.B. #198844)
Travis Hodgkins, Esq. (S.B. #262063)
Autumn E. Love, Esq. (S.B. #274209)
**AEQUITAS LAW GROUP**
500 S. Grand Avenue, Suite 1310
Los Angeles, California 90071
Telephone: (213) 223-7144
Facsimile: (213) 223-7098

Attorneys for Plaintiff Emad Gindi

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | Armond Marcarian, Esq. (S.B. #213883)
2 | Marc L. McCulloch, Esq. (S.B. #252526)
**MARCARIAN LAW FIRM**
3 | 31111 W. Agoura Road, Suite 260
Westlake Village, California 91361
4 | Telephone: (818) 995-8787
Facsimile: (818) 975-9999

5 | Motaz M. Gerges, Esq.
**LAW OFFICE OF MOTAZ M. GERGES**
6 | 21550 Oxnard Street, Suite 300
Woodland Hills, California 91367
7 | Telephone: (818) 224-6650
Facsimile: (818) 401-0711

8 |
9 | Attorneys for Michael Hanna

10 | Stanley D. Saltzman, Esq. (S.B. #090058)
Marcus Bradley, Esq. (S.B. #174156)
Christina Humphrey, Esq. (S.B. #226326)
11 | Kiley Grombacher, Esq. (S.B. #245960)
**MARLIN & SALTZMAN, LLP**
12 | 29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
13 | Telephone: (818) 991-8080
Facsimile:   (818) 991-8081
14 |
15 | Vahe Messerlian, Esq. (S.B. #149949)
**MESSERLIAN & ASSOCIATES**
16 | P.O. Box 33601
Granada Hills, California 91394
17 | Telephone: (818) 368-4150
Facsimile: (818) 368-8480

18 | Attorneys for Plaintiff Kevork Shahinian

19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-23-
Complaint for Damages, Injunctive Relief, and Restitution