# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   **Order GRANTING Plaintiffs' motions for final approval of class settlement and attorneys' fees.**

Before the Court are Plaintiffs' unopposed motions for (1) final approval of class settlement and (2) attorneys' fees, costs, incentive awards, and reimbursement of claims administration expenses. Dkts. ## 188, 185. Pursuant to the Court's June 24, 2014 Order, the parties have filed memoranda discussing Class Counsel's award of attorneys' fees and costs and justifying Plaintiffs' incentive awards. The Court held a fairness hearing on September 29, 2014. Having considered the arguments in all of the submissions, as well as those raised at the September 29, 2014 fairness hearing, the Court GRANTS Plaintiffs' motions.

I.   <u>Background</u>

On May 13, 2011, Plaintiffs George Wilson and Tanarica Martin brought suit against Defendant Walgreen Co. ("Defendant" or "Walgreen") in San Francisco Superior Court. *See Wilson v. Walgreen Co.*, No. CGC-11-510950, Dkt. # 1. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2), Defendant removed the action to the United States District Court for the Northern District of California, and then moved to transfer it to this Court. *See id;* Dkt. # 38.

Following the *Wilson* action, eight additional actions were brought on behalf of various classes of Defendants' California workers in California state and federal court. *DeSario Decl. in Support of Motion for Final Approval of Class Action Settlement* ("DeSario Settlement Decl.") ¶ 4. On July 2, 2013, the Court consolidated all of these actions and appointed Scott Cole & Associates, APC ("SCA") as Lead Counsel, and Blumenthal, Nordrehaug, & Bhowmilk ("BNB") as Liaison Counsel. Dkt. # 118.

On January 30, 2014, Plaintiffs George Wilson, Tanarica Martin, Rene Hodach, Winston Bolls, Alicia Arenas, Shane Jerominski, Brenda Brown, Geoffrey Peterson, Brandon Miller, Brenton Pacheco, Emad Gindi, Michael Hanna, Kevork Shahinian, Chris McDowell, Devon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185
JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

Brown, and Gustavo Villavelazquez filed a First Amended Consolidated Complaint ("FAC").
Dkt. # 135.  The FAC brings claims on behalf of two subclasses.  *FAC* ¶ 24.  The first class
consists of all persons employed as Management Trainees ("MGTs"), Assistant Managers, and
Pharmacists during various periods since May 13, 2007 in Defendant's California retail stores,
and all persons who have been or are employed by Defendant in an hourly or nonexempt
position since May 13, 2007.  *Id.*  The second subclass consists of all persons who have been or
are employed by Defendant in its California retail stores in a Store Manager position, since May
13, 2007, and all persons who have been or are employed by Defendant in an hourly nonexempt
position in its California retail stores since May 13, 2007.  *Id.*

Plaintiffs bring nine causes of action on behalf of the first subclass:  (1) failure to provide
meal and rest periods in violation of Cal. Labor Code §§ 226.7, 512; (2) failure to pay wages in
violation of Cal. Labor Code §§ 200-204; (3) failure to provide itemized wage statements in
violation of Cal. Labor Code §§ 226; (4) failure to keep accurate payroll records in violation of
Cal. Labor Code §§ 1174; (5) failure to pay wages on termination in violation of Cal. Labor
Code § 203; (6) failure to reimburse expenses in violation of Cal. Labor Code §§ 406, 2800,
2802; (7) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; (8) civil
penalties under Cal. Labor Code § 2698 ("PAGA"); and (9) failure to pay wages in violation of
the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  *FAC* ¶¶ 34-92.  With regards to the
second subclass, Plaintiffs assert the sixth cause of action for failure to reimburse expenses
under Cal. Labor Code §§ 406, 2800, 2802.  *Id.*

In August of 2013, parties reached an agreement to settle the claims in the consolidated
action by creating a $23 million settlement fund.  *DeSario Settlement Decl.* ¶ 10.  On March 14,
2014, Plaintiffs filed an unopposed motion for preliminary approval of the settlement, class
certification, and appointment of class counsel, class representatives, and a claims administrator.
Dkt. # 150.

On June 24, 2014, this Court certified the class for settlement purposes only.  Dkt. # 180.
The Court also appointed SCA and BNB as Class Counsel, Plaintiffs as Class Representatives,
and CPT Group, Inc. ("CPT") as Claims Administrator.  *See id.*

Additionally, the Court granted Plaintiffs' motion for preliminary approval of the class
action settlement agreement, but requested the preparation of additional memoranda regarding
Class Counsel's award of attorneys' fees and costs and Plaintiffs' incentive awards.  *See id.*

Under the terms of the settlement Defendant is to pay up to $23 million as a Gross
Settlement Amount.  *DeSario Settlement Decl. Ex. A, Settlement Agreement* ¶ 21.  However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

Class Members in subclass one are only entitled to recover from the Net Settlement Amount which consists of the Gross Settlement Amount less: (1) attorneys' fees not to exceed $6,440,000.00; (2) litigation costs not to exceed $75,000.00; (3) up to $80,000.00 in enhancement payments for the Class Representatives; (4) around $190,000.00 for claims administration expenses; (5) the sum of $30,000.00 as a payment to the Labor and Workforce Development Agency of which $22,500.00 constitutes a payment of civil penalties pursuant to Cal. Labor Code. § 2699; and (6) all legally required withholding and employer taxes on the settlement payments. *Id.* ¶¶ 24, 41. Additionally, the Settlement Agreement includes a $1.5 million fund to pay claims under California Labor Code § 2802 for reimbursed expenses to the second subclass of plaintiffs ("Labor Code § 2802 Fund"). *Id.* ¶ 22. Therefore, the Net Settlement Amount available to the first subclass would be approximately $15 million.

According to the Settlement Agreement, the Net Settlement Amount will be divided among the first subclass where 32% will be reserved to Pharmacists; 16% will be reserved to Pharmacy Staff; 23% will be reserved to MGTs; and 29% reserved to all other nonexempt employees. *Id.* ¶ 62. Within these categories, pro rata settlement payments will be made to qualified class members based on each members compensable work weeks. *See id.* If class members do not claim a minimum of 50% of the Net Settlement Amount, the difference between the claimed amount and 50% of the Net Settlement Amount will be distributed pro rata to class members based on the method described above. *Id.* ¶ 21. Any funds not claimed beyond the 50% floor will remain Defendant's property. *Id.* As to the second subclass, they will receive compensation for unreimbursed expenses through the Labor Code § 2802 Fund. *Id.* ¶¶ 6, 8. Any funds not claimed from the Labor Code § 2802 Fund will remain Defendant's property. *Id.* ¶ 22.

Under the Settlement Agreement, class members had thirty days from the date the Claims Administrator mailed the settlement documents to file claims to join the settlement, opt-out, or object. *Id.* ¶¶ 4, 50-52. Class member's employment data was based on Defendant's payroll and business records. *Id.* ¶ 58. Class members who wished to challenge Defendant's records had to submit a challenge to the Claims Administrator and Defendant had ten business days to investigate the challenge. *Id.* ¶ 60.

Upon Final Approval of the Settlement Agreement, the Settlement Class will "fully release Defendant . . . from any and all claims . . . related to or that reasonably could have arisen out of the same facts alleged in the [FAC], including, but not limited to all wage-hour and wage-hour related claims under federal and state law for unpaid wages, unpaid overtime, liquidated damages, meal and rest period violations, conversion of wages, seventh-consecutive day of work California Labor Code violations, record-keeping violations, 'waiting-time' penalties, indemnity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

and reimbursement of business expenses, and all derivative claims and PAGA penalties, up to and including the date of Final Approval by the Court or August 19, 2014." *Id.* ¶ 46 (relating to state and FSLA claims); *accord id.* ¶ 47 (relating to state and non-FSLA claims). Store Managers in the second subclass, however, will only release claims that were alleged or could have been alleged under Labor Code § 2802 for reimbursement of business expenses, and claims derivative thereto, including claims under Labor Code § 2698, *et seq. Id.* ¶ 46. Furthermore, only Class Members who return a consent form will release FLSA claims. *Id.* The Court takes note that, under an Addendum to the Settlement Agreement, Plaintiff Michael Hanna excludes his pending workers' compensation claims, currently pending in Case Nos. 20080208881-0001 (filed Feb. 6, 2008) and 30130633809-0001 (filed June 1, 2013), from his general release of liability against Walgreens. *See. Id. Addendum.*

Following the Court's June 24, 2014 Order, where the Court approved Plaintiffs' Notice Plan, the Claims Administrator mailed Settlement Documents to all Class Members. *See DeSario Settlement Decl.*, *Ex. B, Leininger Decl.* ¶ 8. According to CPT, as of September 18, 2014, it has received 13,085 claims, 126 requests for exclusion, and no objections to the Settlement with 149 outstanding deficient claims and opt-outs. *Ilg Decl. in Support of Final Approval of Class Settlement* ("Ilg Settlement Decl.") *Ex. A, Leininger Supp. Decl.* ¶¶ 3-6. Additionally, CPT has received 521 claims and requests for exclusion postmarked after the claims deadline. *Id.* ¶ 8. Assuming that the deficient and late claims are accepted as valid, CPT reports 12,994 Valid Claimants. *Id.* ¶ 9. Valid Claimants in the first subclass have claimed $8,899,927.83, which constitutes 60.56% of the estimated Net Settlement Amount. *Id.* ¶¶ 10-11. Valid Claimants in the second subclass have claimed approximately $450,652.22, which is 30.04% of the Labor Code § 2802 Fund. *Id.* ¶ 12.

Plaintiffs now seek final approval of the Class Settlement Agreement, as well as attorneys' fees, costs, incentive awards, and reimbursement of claims administration expenses. Dkts. ## 188, 185.   Defendant has not opposed Plaintiffs' requests. *See* Dkts. ## 189, 190.

II.    Discussion

    A.    Final Approval of the Class Action Settlement

        i.    *Legal Standard*

A court may approve a class action settlement "only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(a)(2). In determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | | Date | September 29, 2014 |
|---|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | | |

of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998); *see Staton v. Boeing Co.*, 327 F. 3d 938, 959 (9th Cir. 2003).  In addition to exploring these factors, the Court will also explore whether the settlement is a product of collusion among the negotiating parties.  *See In re Bluetooth Headset Prods. Liab. Litig*, 654 F. 3d 935, 947 (9th Cir. 2011).

The Court must approve or reject the settlement as a whole.  *See Hanlon*, 150 F. 3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").  The Court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The Court must recognize that the settlement "is the offspring of compromise [,] [and] the question . . . is not whether the final product could be prettier, smarter, or snazzier, but whether it is fair, adequate and free from collusion."  *Id.* at 1027.

  *ii.*  *Discussion*

    *a.  Strength of the Plaintiffs' Case*

Plaintiffs maintain that they have claims that "are strong in various respects." *See Mot. for Final Approval of Class Action Settlement* ("Settlement Motion") 9: 3-7. However, Plaintiffs also recognize several potential weaknesses in their case that pose various risks to Plaintiffs' case going forward.  *See id.* 9.  The Court discusses three potential issues highlighted in Plaintiffs' Settlement Motion, but notes that Plaintiffs have provided a litany of risks associated with this litigation in their June 13, 2014 Motion for Preliminary Approval of Class Action Settlement.  *See Settlement Mot.* 9*; June 13, 2014 Motion for Prelim. Approval of Class Action Settlement* ("Preliminary Approval Motion") 19-20.

First, Plaintiffs point out that there are risks regarding their reimbursement claims at trial in light of Defendant's argument that it did not have an obligation to reimburse Class Members for mileage when it had compliant written reimbursement policies with which Class Members did not comply.  *Settlement Mot.*  9; *see Stuart v. RadioShack Corp.*, 2010 WL 3155645, *4 (N.D. Cal. Aug. 9, 2010) (noting that "the issue of when an employer's duty to reimburse is a novel one, never addressed by any federal or state court).  Second, there is the risk that this Court will find that Labor Code Section 203 penalties require "willfulness" and that Plaintiffs cannot establish that element of the cause of action.  *Settlement Mot.* 11.  Furthermore, Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185
JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | | Date | September 29, 2014 |
|---|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | | |

worry about "the lengthy process of establishing specific damages" especially in light of the lack of documentary evidence behind some of their claims. *Id.*

Plaintiffs suspect that Defendant could present many additional defenses to the merits of Plaintiffs' claims that are not unreasonable and make a settlement the safer avenue to take. As Plaintiffs stated in their Preliminary Approval Motion, " [t]he prospect of the payment now of up to $23 million to class members, when weighed against the tremendous uncertainty of further litigation and the Class receiving nothing . . . made it *crystal clear*" that Class Members are "far better served by the proposed Settlement than further and protracted litigation." *Prelim. Approval Mot.* 23. The Court finds that this factor weighs in favor of approving the Class Action Settlement.

#### b. Risk, Expense, Complexity, and Duration of Further Litigation

Plaintiffs would face significant risks and expenses if this case were to proceed. Plaintiffs would have to establish that it would be appropriate for the Court to certify a class for litigation and would likely face a strong motion for summary judgment. *See Prelim. Approval Mot.* 22 (listing Defendant's possible defenses to Plaintiffs' claims). Even if Plaintiffs overcame the hurdles of class certification and a motion for summary judgment they could lose at trial and if they won, their ultimate relief may be delayed if Defendant appeals. As discussed above, even if Plaintiffs were able to establish liability, they might have difficulty adequately establishing monetary damages on a class-wide basis.

Litigating class certification, battling summary judgment arguments, and taking this case to trial would consume significant resources and attorney/witness time. This is especially true considering the many employee positions encompassing the Class as well as the multitude of claims brought by Plaintiffs. In light of the "strong judicial policy that favor settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F. 3d 1234, 1238 (9th Cir. 1998), the Court finds that this factor weighs in favor of approval of the settlement.

#### c. Risk of Maintaining Class Action Status Through Trial

Plaintiffs recognize that they would face significant risks in attempting to certify a litigation class for trial. Plaintiffs would need to show the Court that there are "common issues" among a class composed of employees from Walmart stores throughout California that vary in "size, number of employees, sales volume, geographical area, customer demographics, [and] services offered." *Prelim. Approval Mot.* 22. Additionally, Plaintiffs may be unable to establish Class Status on "behalf of all affected job positions, or on all claims." *Settlement Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | | Date | September 29, 2014 |
|----------|-----------------------|--|------|-------------------|
| Title | In re Walgreen Co. Wage & Hour Litigation | | | |

11. Moreover, Defendant's arguments that there are individualized issues among Class Members' claims, for example with relation to expense reimbursement claims and the variances in mileage expenses, would pose a continuing threat to a class status throughout the pendency of this litigation. *See Prelim. Approval Mot.* 22. Accordingly, the Court finds that this factor weighs in favor of approval of the settlement.

### d. Amount Offered in Settlement

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F. 2d 615, 624 (9th Cir. 1982) (citations omitted). In that vein, the Ninth Circuit has explained that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625 (citations omitted). Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as the expenses and delay associated with continued litigation.

The $23 million Settlement amount offers a fair and adequate recovery to the Class Members. According to the Claims Administrator, the highest settlement payment, not including payments made to the second subclass, is estimated to be $2,797.61 with the average being $692.87. *Ilg Settlement Decl. Ex. A, Leininger Decl.* ¶¶ 10, 11. As to the second subclass, CPT found that the highest claim is for $92.79 and the average is $63.81. *Id.* ¶¶ 11,12. Although a Settlement Amount of $23 million does constitute a "deep discount," as Plaintiffs admit, when weighed against the merits and demerits of the case, this figure appears reasonable. *Prelim. Approval Mot.* 23. As discussed in the Court's June 24, 2014 Order, the amount is "especially" reasonable, "given the difficulties other employee classes have had in prosecuting similar actions, *see, e.g.*, *Ortiz v. CVS Caremark Corp.*, No. 3:12-cv-05859-EDL, at *18-20 (N.D. Cal. Dec. 2, 2013), and the potential delay, risk, and uncertainty associated with litigating the case through trial and any subsequent appeal." *June 24, 2014 Order.* The Court finds that this factor, too, weighs in favor of approval of the settlement.

### e. Extent of Discovery and Stage of the Proceedings

This factor requires the Court to gauge whether Plaintiffs have sufficient information to make an informed decision about the merits of their case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

*Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks and citation omitted).

Class counsel state that they have engaged in "significant discovery, lead[] depositions, represent[ed] the Class before this Court" and "propounded extensive written discovery including scores of document requests and special interrogatories." *DeSario Settlement Decl.* ¶ 21, 23. Furthermore, Counsel also, among other discovery, obtained "dozens of declarations from Class Members," conducted "in-person inspections of Walgreen stores" and took FRCP Rule 30(b)(6) witnesses depositions. *See id.* ¶¶ 23-25. This wealth of information, Plaintiffs contend, has allowed them to "confidently evaluate the risks and assess what would constitute a fair, adequate and reasonable settlement." *Settlement Mot.* 14-15. The parties also attended one full day of mediation in July 2013 to explore a possible settlement that led to Plaintiffs' counsel carefully reviewing "a sizable amount of additional information" that Walgreen produced in preparation for a second day of mediation that occurred in August 2013. *DeSario Settlement Mot.* ¶¶ 7-8. Based on Class Counsel's descriptions of the discovery conducted thus far, the Court is satisfied that Plaintiffs have sufficient information to make an informed decision about the Class Settlement. The Court finds that this factor weighs in favor of approval of the settlement.

*f.   Experience and Views of Counsel*

The recommendations of Plaintiffs' counsel are given a presumption of reasonableness. *See, e.g.*, *In re Omnivision Techs.*, *Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re. Pac. Enter Sec. Litig.*, 47 F. 3d 373, 378 (9th Cir. 1995).

Here, the Court is persuaded that Class Counsel has considerable experience in class action litigation. SCA is "devoted almost exclusively to the prosecution of wage and hour class action" which amounts to over one hundred wage and hour class actions. *See DeSario Decl. in Support of Motion for Atty. Fees* ("DeSario Fees Decl.") ¶¶ 11-15; *Ex. BB*. SCA has served as co-counsel in wage and hour class actions that have led to generous settlements as well as judgments in favor of employees. *See DeSario Fees Mot.* ¶14. Plaintiffs' additional counsel have also engaged in significant class action litigation. *See id.* ¶¶ 16-26. Armed with the information acquired through discovery, as well as its "expertise in this area of the law, Class Counsel (and all remaining counsel) strongly supports the Settlement as fair, adequate, reasonable, and in the best interest of the class." *DeSario Settlement Decl.* ¶ 20. Accordingly, the Court finds that this factor weighs in favor of approval of the settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

### g.   Presence of a Governmental Participation

This factor is neutral, as no government entities are participating in this case.  However, the Court observes that a notice of the settlement was provided to federal and state government officials.  *See DeSario Settlement Decl. Ex. B, Leininger Decl.* ¶ 3.  To date, none have objected. *Settlement Mot.* 22.

### h.   Reaction of Class Members

There are approximately 40,000 Class Members in this case.  *Prelim. Approval Mot.* 8:27-9:2.  One hundred and twenty-six individuals opted-out of the class and there were no objections to the Settlement.  *Ilg Settlement Decl. Ex. A, Leininger Decl.* ¶¶ 3-10.  Close to 13,000 individuals, however, have filed valid claims.  *Id.* ¶ 10.  This highly positive response to the Settlement strongly suggests that the Class finds the settlement to be fair, reasonable, and adequate. *See, e.g.*, *Hanlon*, 150 F. 3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Rodriguez v. West Publishing Corp.*, 563 F. 3d 948, 967 (9th Cir. 2009) ("The court had discretion to find a favorable reaction to the settlement among class members given that, of 376,301 putative class members to whom notice of the settlement had been sent, 52,000 submitted claims forms and only fifty-four submitted objections."). Accordingly, the Court finds that this factor weighs in favor of approval of the settlement.

### i.   Collusion Among the Negotiating Parties

The Court also finds that the Settlement Agreement is free from collusion, which weighs in favor of settlement approval.  The Ninth Circuit puts "a good deal of stock in the product of arms-length, non-collusive, negotiating resolution . . ." *Rodriguez v. W. Publ'g Corp.*, 563 F. 3d 948, 965 (9th Cir. 2009).  Factors indicative of collusion include "(1) when counsel receives a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a clear sailing arrangement providing for the payment of attorneys' fees separate and apart from class funds; . . . and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth*, 654 F. 3d at 947.

Here, Class Members who filed valid claims will receive a monetary distribution. Furthermore, although Plaintiffs' Counsel do seek a fee award that amount to 28% of the Gross Settlement amount, which is more than the 25% benchmark in both the Ninth Circuit and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

California, the Court finds that special circumstances warrant a higher award in this case.  *See supra* Section II(B)(ii)(b).

As to the second indicator of collusion, a clear sailing agreement exists where the party paying the fee agrees not to contest the amount to be awarded as long as it falls beneath a negotiated ceiling. *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1077 n.29 (C.D. Cal. 2010).  The presence of a clear sailing provision heightens the district court's duty to closely scrutinize the relationship between attorneys' fees and the benefit to the class, being careful not to award unreasonably high fees.  *See In re Bluetooth*, 654 F. 3d at 948 (citation omitted).  Clear sailings provisions are disfavored, but not prohibited, and are routinely accepted by both federal and California courts.  *See id.* at 949; *Hartless v. Clorox Corp.*, 273 F.R.D. 630, 645 n.6 (S.D.Cal. 2011).  Here, the Settlement Agreement provides that Counsel shall receive no more than $6,440,000.00 in fees.  *DeSario Settlement Decl. Ex. A*, *Settlement Agreement* ¶ 41(a).  The Settlement Agreement contains a provision stating that, "[i]f the Court awards Class Counsel less than twenty-eight percent (28%) of the Settlement Sum as fees or less than the $75,000.00 in costs that Walgreens agrees not to oppose, the residual shall be added to the Net Settlement Amount and distributed on a pro rata basis to Qualified Claimants."  *Id.* ¶ 42.  The Settlement Agreement language indicates that Defendant agreed not to oppose the cost amount, but did not make such promises about the fee amount.  Regardless, the Court notes that Defendant did not, in fact, oppose Counsel's motion for attorneys' fees and as such, finds that there is an indication of collusion.

Third, although the inclusion of a reversionary clause does not necessarily render a settlement agreement unfair, it could signal that there was collusion in the creation of the Settlement Agreement.  *See Williams v. MGM-Pathe Comm'n*, 129 F. 3d 1026, 1027 (9th Cir. 1997). This is especially the case when there is a reversionary clause of the Net Settlement Amount that is not claimed by the Class Members, which does not apply to attorneys' fees taken from the Gross Settlement Amount.

Although the Court finds that there are some indicators of possible collusion, Counsel's description of the events that led to the Settlement Agreement eases the Court's concerns.  The parties attended a full day of mediation on July 17, 2013 with David Rotman and left that mediation unable to reach a deal.  *DeSario Settlement Decl.* ¶ 5.  Plaintiffs reviewed additional information provided by Defendant for around a month and after another full day of mediation, parties reached an agreement in August 2013.  *Id.* ¶ 6.  Even after reaching an agreement as to the Settlement Amount, however, parties negotiated the terms of the agreement for around seven months.  *Id.* ¶¶ 6-7.  The Court finds that this evidence demonstrate that the Settlement Agreement is free of collusion.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

     *iii.    Conclusion*

     Seven of the relevant factors weigh in favor of approval of the settlement. *See Hanlon*, 150 F. 3d at 1026. One factor, the presence of a government participant, is neutral. The Court is also convinced that the Settlement Agreement did not result from collusion between the parties. After considering all of the submissions before the Court, the Court finds that the settlement is fair, reasonable and adequate. Final approval of the settlement is GRANTED.

     A.    <u>Motion for Attorneys' Fees and Costs</u>

     *i.    Legal Standard*

     Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F. 3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 MMM (DTBx), 2010 WL 9499073, at *3-5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

     Defendants removed this case under the Class Action Fairness Act, thus creating diversity jurisdiction. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) ("CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."). As such, the Court applies California state law to determine an award of attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1047 (9th Cir. 2002) (applying Washington law to determine attorneys' fees where Washington law governed claim); *Gonzalez v. Southern Wine & Spirits of America, Inc.*, 555 Fed. Appx. 704 (9th Cir. 2014) ("The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award.") (citation omitted); *Walsh v. Kindred Healthcare*, 2013 WL 6623224, at * 1 (N.D. Cal. Dec. 16, 2013) (applying California law to class action removed to Federal Court under the Class Action Fairness Act).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|----------|------------------------|------|---------------------|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

In California, "[t]he primary method for establishing the amount of reasonable attorney fees is the lodestar method." *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1053 (2003) (internal citations omitted).  Where litigation leads to the creation of a common fund, courts can 'cross-check' the lodestar by comparing it to a percentage of the common fund to ensure that the fee award is reasonable. *See In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 557 (Cal. Ct. App. Sept. 30, 2009); *see accord In re Bluetooth Headset Prods. Liability Litig.*, 654 F. 3d 935, 942, 944-45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either the lodestar method or the percentage-of-recovery method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method.).  The Court will analyze Counsels' fee request under both theories.

ii.     Discussion

Class Counsel has requested $6, 440,000.00 in attorneys' fees that will be distributed among the different law firms that have represented Plaintiffs in this matter. *See DeSario Settlement Decl. Ex. A, Settlement Agreement* ¶ 42.  This quantity is 28% of the $23 million Gross Settlement Amount.  Plaintiffs' Counsel states that Plaintiffs' twelve law firms have expended 9,441 hours in this litigation from its inception until the beginning of August 2014 that totals $3,903,553.00 in attorney fees. *Supp. DeSario Decl. in Support of Mot. for Atty. Fees* ("Supp. DeSario Fees Decl.") ¶5.

a.     Lodestar

To determine attorneys' fees under the lodestar method a court must first calculate the lodestar by "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate" and "[o]nce the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors . . ." *Lealao v. Beneficial California*, 82 Cal. App. 4th. 19, 26 (Cal. Ct. App.  July 10, 2000); *accord In re Washington Public Power Supply System Securities Litig.*, 19 F. 3d 1291, 1294 n.2 (9th Cir. 1994) ("Under the lodestar/multiplier method, the district court first calculates the "lodestar" by multiplying the reasonable hours expended by a reasonable hourly rate.  The Court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonable fee.") (citations omitted).

1.     Reasonable Rate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|----------|------------------------|------|---------------------|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

"The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Grp. V. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (citations omitted); *see Building a Better Redondo, Inc. v. City of Redondo Beach*, 203 Cal. App. 4th 852, 870 (2012); *accord Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the 'prevailing market rates in the relevant community.'") (citation omitted); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F. 3d 895, 906 (9th Cir. 1995). The burden is on the applicant to show that its requested rates are reasonable. *See ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001); *accord Gonzalez*, 729 F. 3d at 1206 ("Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards."). In an applicant fails to meet its burden, the Court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g., Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. V. SMI-Hyundai Corp.*, CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D.Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

The billing rates included in Plaintiffs' submissions in support of their motion for attorneys' fees varied by firm and even within the various firms, the rates varied by attorneys. Overall, the rates for attorneys spanned from around $200 to a high of $820 per hour. *See DeSario Fees Decl. Exs.* B; D ¶ 5; G ¶ 15; H ¶¶ 1-15; I ¶ 35; J ¶ 5; K Ex.1; L ¶ 10; N ¶ 10. The Court notes that according to the records before the Court, the billing rate of $820 accounts for only 37.8 hours of the more than nine thousand hours that Counsel states were expended in this litigation. *DeSario Fees Decl. Ex. H*, *Goldstein Decl.* ¶ 10. Mr. Barry Goldstein, who's billing rate is $820, holds an "Of Counsel" position at Goldstein, Borgen, Dardarian & Ho (GBDH) declared that he has 43 years of experience as an employment law attorney and has been involved with many wage and hour cases. *Id.* ¶¶ 1, 10. As such, even though the rate of $820, as discussed below, is on the high end, because it accounts for a small portion of the total hours and because of Mr. Goldstein's experience, the Court finds his rate to be reasonable.

The Court finds that billing rates that span from approximately $200 to $820 are reasonable because they prevail in both the Central District of California, and California at large, for the type of work involved in a class action. *See, e.g., POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 WL 4351842, at *4 (9th Cir. 2009) ("Based on the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the hourly rates of $700, $750, and $685, $525,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|----------|----------------------|------|---------------------|

| Title | In re Walgreen Co. Wage & Hour Litigation |
|-------|-------------------------------------------|

$475, and $450 for partners and $425, $400, $360, $335, $325, and $275 for associates are reasonable."); *Clifford v. American Drug Stores*, 2005 WL 2002376 (Ct. App. Cal. Aug 22, 2005) (confirming attorneys' fees award with attorney hourly rate of $800 per hour). Additionally, Counsel has provided the court with declarations from attorneys that have experience with litigation involving wage and hour class actions who attest to the reasonableness of the rates included in the submissions to the court. *See DeSario Fees Decl. Exs.* DD, *Wolflick Decl.* ¶ 13 ("In my experience, Defense firms typically charge $500/hr. to $750/hr."); EE, *Righetti Decl.* ¶ ("The fees charged by Scott Cole & Associates of between $180 and $700 per hour are reasonable in the Los Angeles market and have been approved by multiple state and federal court judges in that market."). The Court also finds, based on its own experience, that the hourly rates requested are reasonable.

2. *Reasonable Hours Expended*

With regard to the hours expended, "an attorney fee award should ordinarily include compensation for all the hours reasonably spend, including those relating solely to the fee." *See Ketchum v. Moses*, 24 Cal. 4th. 1122, 1133 (2001). However, inefficient or unnecessarily duplicative efforts do not merit compensation. *Id.* at 1132 (citation omitted); *accord Costa v. Comm'r of Soc. Sec. Admin.*, 690 F. 3d 1132, 1135 (9th Cir. 2012) (noting that "hours that are excessive, redundant, or otherwise unnecessary" should be excluded).

The Court finds that the 9,441 hours for which Counsel seek fees are reasonable considering the procedural stature of the case and the vast amount of work that went into litigating this matter thus far. First, this case originated in 2011 and, has thus, been litigated for more than three years. *DeSario Settlement Decl.* ¶ 3. After *Wilson* was filed, eight more actions were filed and Counsel moved to consolidate the lawsuits. *Id.* ¶ 4. Plaintiffs "battled motions to dismiss" several times and had to amend their pleadings to carry the litigation forward. *Id.* ¶ 5. Class Counsel attests that "[t]his litigation was time-consuming and required exceptional skill" before including a list of items in which counsel engaged throughout the litigation that includes filing motions to compel discovery, dealing with venue changes, preparing a motion for class certification, and beginning preparations for trial. *Id.* ¶ 32. Additionally, Counsel spent many hours preparing for mediation—which included reviewing documents and interviewing Defendant's employees— and then working through the settlement terms before the execution of the Settlement Agreement. *Id.* ¶ 34. The Court also notes that at least one law firm, Aiman-Smith & Marcy, Professional Corporation ("ASM"), reduced the numbers of hours expended in this litigation to account for redundant or duplicative work. *See DeSario Fees Decl. Ex. E* ¶30 ("I significantly reduced time spent on correspondence and conferences, I eliminated all time relating to the consolidation motion, and I eliminated all time spent after the case settled in August 2013. This exercise in billing judgment resulted in a deduction of more than 300 hours actually spent, or more than 25% of the total time actually spent by ASM on the case."). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

Court is convinced that 9,441 hours is a reasonable number of hours in light of the complexity
and duration of this litigation.

### 3. *Multiplier*

When considering a lodestar adjustment, the relevant considerations include: "(1) the
novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3)
the extent to which the nature of the litigation precluded other employment by the attorneys,
[and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. Courts also
look at the risks presented by the litigation, the experience and ability of the attorneys who
performed the services, the skill required in the litigation, and the results obtained for the class.
*See In re Vitamin Cases*, 2004 WL 5137597, at *9 ( Cal. Sup. Ct. April 12, 2004).

The lodestar amount is $3,903,553.00. *Supp. DeSario Fees Decl.* ¶ 5. Plaintiffs are
requesting a fee award of $6,440,000.00, which results in a multiplier of a little less than 1.65.
After reviewing the submissions in support of Plaintiffs' motion for attorneys' fees, the Courts
finds that a multiplier of around 1.65 is appropriate. As discussed above, *see Supra* Section
(II)(A)(ii)(d), the Court finds that Counsel has obtained a fair result for the Class Members
considering the weaknesses in their case and the risks of continued litigation. Furthermore, not
only will class members with timely, valid claims receive monetary relief, but they will also
enjoy changes that Defendant has implemented. For example, Defendant modified its "meal
period policies and/or practices for various positions, such that swaths of Class Members are
provided off-duty lunch away from the premises," and "[p]harmacists and pharmacy staff are
now able to close their pharmacies so that they're able to take off-duty, uninterrupted meal
periods." *Fees Mot.* 10:5-12.

There were many risks presented by this litigation that include the risk of Defendant
prevailing on many of its potential defenses or the Court denying class certification. *See id.* 11-
13. These, and other, risks, as well as the skill with which Counsel litigated on behalf of the
Class weigh in favor of a lodestar multiplier.

Additionally, because this litigation "involved tens of thousands of Class Members and
the coordination of a large team of plaintiffs' attorneys" who "developed an extensive factual
record" and negotiated on behalf of a Class that included employees with "widely diverse job
titles" the Court is convinced that Plaintiffs' Counsel portrayed great skill and produced good
quality work and are deserving of a multiplier to compensate them for their effort. *Id.* 13-14.
The Court also notes that Counsel took on this matter on a contingency basis and, thus, have
litigated this matter for three years without any compensation. *Id.* 14-15; *see In re Quantum*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

*Health Resources, Inc. Sec. Litig.*, 962 F. Supp. 1254, 1257 ("Because payment is contingent upon receiving a favorable result for the class, an attorney should be compensated both for services rendered and for the risks of loss or nonpayment assumed by accepting and prosecuting the case.") (citations omitted). At times, attests Counsel for Plaintiffs, "litigating this matter consumed most of SCA's resources, requiring the full-time employment of three attorneys, two paralegals and other SCA support staff." *DeSario Fees Decl.* ¶ 34. Allocating three attorneys to this litigation is significant when the firms practice is lead by only four attorneys. *See DeSario Fees Decl.* Ex. BB. Moreover, as Lead Counsel points out, the number of hours used to calculate the lodestar, "do not account, and indeed cannot account, for what will inevitably be a substantial amount of work in overseeing the remaining claims administration and payment of claims, work which, in other matters, can span a period of many months." *Supp. DeSario Fees Decl.* ¶ 5. Taking into account all of the factors discussed, the Court finds that the multiplier is reasonable in this instance. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 244, 255 (2001) ("Multipliers can range from 2 to 4 or even higher."); *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 512 (2009) (affirming attorney fee award with 2.52 multiplier). The Court now assesses the requested fee award under the percentage of the common fund theory.

        *b.*    *Percentage of the Common Fund*

Under the percentage-of-recovery method, courts typically calculate 25% of the fund as a benchmark for a reasonable fee award. *See Lealao v. Beneficial California, Inc.*, 82 Cal. App 4th. 19, 341 n. 1 (commenting that studies show that 25% is within the range followed by most courts); *Poon v. Poon*, 2007 WL 4427844, at *10 (Cal. Ct. App. Dec. 19, 2007) (noting that 25% is the amount that courts often use as a benchmark to determine the reasonableness of a fee award); *see accord In re Bluetooth*, 654 F. 3d at 942 ("courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award"). The percentage can range, however, and Courts have awarded more than 25% of the fund as attorneys' fees when they have deemed a higher award to be reasonable.

Here, Plaintiffs seek an attorneys' fee award that constitutes 28% of the Gross Settlement Agreement. [1] In the Court's June 24, 2014 Order, the Court found that it was unable to gauge the reasonableness of an award constituting 28% of the Gross Settlement Amount without additional

---

[1] The Court notes that in calculating attorneys' fees using the common fund method, it is appropriate to take a percentage of the Gross Settlement Amount, not of the amount claimed by the Class Members. *See Lealao v. Beneficial California,* 82 Cal. App. 4th 19, 28-36 (Cal. Ct. App. July 10, 2000); *see accord Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980) (finding that under the common-fund doctrine class counsel are entitled to a reasonable fee based on the funds "awarded to the prevailing class").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

information about 1) additional benefits generated for the class beyond the monetary relief, 2) the skill required to litigate this case, Counsel's financial burden, and the rates awarded in comparable cases. *July 24, 2014 Order.* After reviewing Plaintiffs' submissions, the Court is satisfied that a departure from the 25% benchmark is warranted.

As discussed above, Class Members will now enjoy benefits that go beyond monetary relief that will benefit them even if they did not submit Valid Claims. Counsel has given further detail regarding the skill required to litigate this matter and the quality of its work. As Counsel has litigated this case on a contingent basis for three years, the Court is convinced that this litigation has been a financial burden. The Court also takes note that Plaintiff has cited to multiple cases where courts have awarded fees constituting more than 25% of the common fund. *See Fees Mot.* 16-19. Considering all these facts, the Court finds that an award of 28% of the common fund is reasonable. *See In re Vitamin Cases*, 2004 WL 5137597, at * 15 (Cal. Sup. Ct. April 12, 2004) (listing cases where courts have awarded fee awards that are higher than 25% of the common fund); *see accord Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, at * 8 (finding an award of 33.3% percent of the common fund to be reasonable because class counsel took case on a contingent basis and litigated for two years, awards usually range from 20% to 50%, and no class member objected to the award); *Gardner v. GC Services, LP*, 2012 WL 1119534, at *7 (finding that a departure from the 25% benchmark was reasonable when 1) the results achieved for the class were very favorable, 2) the risks of litigation were substantial, and 3) the case was complex).

The Court finds that the requested fee award is reasonable under both the lodestar theory and the common fund theory and, thus, GRANTS Plaintiffs' motion for attorneys' fees.

     *c.*    *Litigation Costs*

In addition to attorneys' fees, Plaintiffs also request reimbursement of expenses incurred throughout litigation. Although Class Counsel is requesting an award of $75,000.00, they state that they incurred "$115,023.86 and will incur additional expenses through the completion of the distribution process." *Fees Mot.* 22:3-17. The Court has reviewed Class Counsels' costs and is satisfied that they are reasonable. Resultantly, the court GRANTS Plaintiffs' motion for costs in the amount of $75,000.00.

    D.    <u>Motion for Service Payments to Representative Plaintiffs</u>

     *i.*    *Legal Standard*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#188/185
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F. 3d 948, 958 (9th Cir. 2009) (citations omitted); *see In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014). When considering requests for incentive awards, courts consider five principal factors:

(1) the risk to the class representative in commencing suit, both financial and otherwise ; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Courts may award different fees to representatives based on their different contributions to the case. *See, e.g.*, *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) (awarding $4,000 to one class representative and $2,000 to another, based on their varying degrees of involvement in the case).

      ii.    *Discussion*

Here, Class Counsel seeks a pool of $80,000.00 to be distributed among the sixteen Representative Plaintiffs in varying amounts. *See Fees Mot.* 22:20-22. The proposed enhancement awards are as follows:

| Class Representative | Proposed Enhancement Award | Ratio to Average Class 1 Payment |
|---|---|---|
| George Wilson | $9,500 | 13.57 |
| Tanarica Martin | $9,500 | 13.57 |
| Rene Hodach | $7,000 | 10.00 |
| Winston Bolls | $7,000 | 10.00 |
| Alicia Arenas | $7,000 | 10.00 |
| Shane Jerominski | $8,000 | 11.43 |
| Brenda Brown | $6,000 | 8.57 |
| Geoffrey Peterson | $6,000 | 8.57 |
| Brandon Miller | $5,000 | 7.14 |
| Brenton Pacheco | $6,000 | 8.57 |
| Emad Gindi | $2,000 | 2.88 |
| Michael Hanna | $2,000 | 2.88 |
| Kevork Shahinian | $2,000 | 2.88 |
| Chris McDowell | $1,000 | 1.43 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | | Date | September 29, 2014 |
|---|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | | |

| | | |
|---|---|---|
| Gustavo Villavelazquez | $1,000 | 1.43 |
| Devon Brown | $1,000 | 1.43 |

*Settlement Mot.* 20-21.  There are certain facts, applicable to all Representative Plaintiffs that persuade the Court that these Plaintiffs are deserving of enhancement awards.  First, fifteen of the sixteen Representative Plaintiffs executed a release that is broader than the release by the Class Members.  *DeSario Settlement Decl. Ex. A, Settlement Agreement*, ¶ 49.  Second, $80,000 constitutes merely .35% of the Gross Settlement amount and therefore, does not drastically reduce the Net Settlement Amount available to Class Members.  *See West v. Circle K Stores, Inc.*, 2006 WL 1652598, at *12 (E.D. Cal. June 13, 2006) (finding that enhancement payment was not unfair when it would not "significantly reduce the amount of settlement funds available to the rest of the class").  Third, after reviewing all the submissions from Plaintiffs' the Court is convinced that they have all exerted a significant effort to move the lawsuit forward by searching for documents, participating in interviews with their respective counsel, reviewing the Settlement Agreement, responding to discovery requests, and being available to answer questions.  *See DeSario Fees Decl. Ex. D, Exs. 3, 4; O-AA*.  Plaintiffs attest that there was a risk involved in their participating in this litigation because potentially paying Defendant's litigation costs would be financially devastating to them.  *See id.*  Furthermore, fifteen of the sixteen Plaintiffs have attested that they expect that any future employer will know about their participation in this lawsuit since a simple search on www.google.com of their name and "Walgreens" leads to references to this litigation.  *See id.*  Additionally, Plaintiffs have not been promised any additional benefits for prosecuting this lawsuit.  *See id.;In re Toys R. Us*, 295 F.R.D. at 471 (""An incentive award may be appropriate when a class representative will not gain any benefit beyond that he would receive as an ordinary class member.").  Four of the five *Van Vraken* factors, then, weigh in favor of enhancement awards for these Plaintiffs.  *See Van Vraken*, 901 F. Supp. at 299.  The remaining factor, the duration of the litigation, justifies the varying amounts requested for Plaintiffs.

Counsel is requesting $9,500 for Plaintiffs George Wilson ("Wilson") and Tanarica Martin ("Martin").  *See Settlement Mot.* 20-21.  Although this is more than thirteen times the average amount estimated for Class Members, the Court believes that the amount is reasonable.  Wilson and Martin have been litigating this action for over three years and have remained actively engaged throughout the life of the lawsuit.  *See DeSario Fees Decl. Ex. O ¶ 2, Ex. P ¶ 2; In re Toys R. Us*, 295 F.R.D. at 471 ("An incentive award is appropriate where the 'class representative remained fully involved and expended considerable time and energy during the course of the litigation.'") (citations omitted); *Van Vranken*, 901 F. Supp. at 299 (finding that a class representatives' efforts throughout "many years of litigation" weighed in favor of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

award).  Both Plaintiffs also sat through two days of depositions in this matter. *See DeSario Fees Decl. Ex. O* ¶ *4; Ex. P* ¶ *4.*

An award of $8,000.00 for Shane Jerominski is also reasonable since he has been involved in this litigation since May 2012 and sat through a three-day deposition as a Class Representative.  *Id. Ex. S* ¶¶ 2, 12.   Rene Hodach, Winston Bolls, and Alicia Arenas have each been involved in this litigation since early 2012 and have spent over fifty hours performing various tasks for the Class Action. *See id. Ex. D, Ex. 3* ¶¶ 2, 4; *Ex. D, Ex. 4* ¶¶ 2,4; Ex. T ¶¶ 3, 17. As such, the Court finds that an award of $7,000.00 to each is reasonable.  Brenda Brown, Geoffrey Peterson, and Brenton Pacheco have been litigating this case since mid to late 2012 and Counsel has requested $6,000.00 for each. *Id. Ex. U* ¶ 2-3; *Ex. V* ¶ 2; *Ex. X* ¶ 2.  The Court finds this amount reasonable.  Miller too, has been involved in this lawsuit since late 2012 and has expended 40 to 50 hours helping with the litigation that includes a full day of deposition.  *Id. Ex. W* ¶¶ 2, 6. The Court finds that award of $5,000.00 is warranted considering his efforts.  As to the remaining Plaintiffs, Counsel requests $1,000.00 to $2,000.000 for each plaintiff. After reviewing their declarations, as well as considering the amount of time they have spent litigating this case, the Court finds the amounts to be reasonable.  *See  id. Ex. Y* ¶ 4; *Ex. Z* ¶ 2; *Ex. AA* ¶ 2; *Ex. R* ¶ 2; *Ex. Q* ¶ 2.  The Court takes note that Chris McDowell has not submitted a declaration in support of Plaintiffs' motion and that Counsel still requests $1,000.00 as an enhancement award for him.  While the Court is therefore, unable to determine the extent of his participation, because 1) his name is also associated with this lawsuit by the sheer fact that he is a named Plaintiff and 2) he has been involved in this litigation since he filed a complaint in June 2013, which was subsequently consolidated, the Court finds that $1,000.00 is not an unreasonable award to compensate him for his involvement in the litigation. *See McDowell et. al. v. Walgreen Co., et al.*, 5:13-CV-01028-PSG-FFM.

After considering Plaintiffs' submissions in support of enhancement awards for the Class Representatives, the court GRANTS Plaintiffs' motion for the enhancement awards requested.

D.      Motion for Reimbursement of Claims Administration Expenses

Plaintiffs also requests reimbursement for the Administrator and that  the amount be paid out from the $23 million Gross Settlement Amount.  The Claims Administrator estimates costs to be approximately $190,000.00 for the administration of this matter through its conclusion; that is approximately .8% of the Gross Settlement Amount. *Leininger Decl.* ¶ 13. Class Counsel attests that they "obtained bids from at least 11 well-known claims administration companies" before choosing CPT in an effort to "maximize Class member average recovery."  *DeSario Fees Decl.* ¶ 66.  CPT in turn, has testified that it is giving Class Counsel a discount for its services.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#188/185**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

*DeSario Decl. Ex.* CC.   Both of these facts weigh in favor of granting the reimbursement requested.  The Court is satisfied that the estimated claims administration expenses are not unduly expensive and, therefore, GRANTS Plaintiffs' motion for reimbursement of CPT's costs as outlined in the Settlement Agreement.

III.   <u>Conclusion</u>

For the reasons stated above, Plaintiffs' motions for final approval of class settlement; attorneys' fees and costs; enhancement payments to the representative Plaintiffs; and reimbursement of claims administration expenses are GRANTED.  Accordingly, it is HEREBY ORDERED AS FOLLOWS:

1.   The Court approves settlement of the action, as set forth in the Settlement Agreement as fair, just, reasonable and adequate.  The Parties are directed to perform their Settlement in accordance with the terms set forth in the Settlement Agreement;

2.   Consistent with the Settlement Agreement, this action is dismissed on the merits and with prejudice, each side to bear its own attorneys' fees and costs, except as provided by the Settlement.  Notwithstanding the foregoing, the Court retains jurisdiction over this matter for the purpose of deciding any motion for the division of attorneys' fees and/or costs between Plaintiffs' counsel;

3.    All Class Members who have not opted out will be bound by the Settlement, except that only Class Members who submitted Consent to Join Settlement and Claims Forms will be bound by the Settlement's release of Fair Labor Standard Act claims;

4.   Class Counsel are awarded $6,440,00.00 in attorneys' fees and $75,000.00 in costs to be paid out of the Gross Settlement Amount.  The Claims Administrator shall also be paid $190,000.00 from the Gross Settlement Amount.  The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court;

5.   The Court finds and determines that payment to the California Labor and Workforce Development Agency of $22,500.00 as its share of the settlement of PAGA penalties is fair, reasonable, and appropriate.  The Court hereby gives final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#188/185
JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7664 PSG (FFMx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | In re Walgreen Co. Wage & Hour Litigation | | |

approval to and orders that the payment of this amount be paid out of the Gross
Settlement Amount in accordance with the Settlement;

6.     Class representatives are awarded $80,000.00 for their services in bringing and
prosecuting this matter to be distributed as discussed above.  This amount shall be
paid out of the Gross Settlement Amount. The Court finds that this amount is
warranted and reasonable for the reasons set forth in the moving papers before the
Court;

7.     The Claims Administrator is authorized to disburse funds from the Settlement
Account pursuant to the terms of the Settlement Agreement and this Order;

8.     Without affecting the finality of this Final Approval Order in any way, the Court
retains jurisdiction of all matters relating to enforcement, construction, and
interpretations of this Order and the Settlement, including, but not limited to, the
provisions therein enjoining any further litigation of released claims, and over
Plaintiffs and Settlement Class Members in connection therewith.

**IT IS SO ORDERED.**